SEDGWICK, DETERT, MORAN & ARNOLD LLP
KEVIN J. DUNNE  Bar No. 40030
BRUCE D. CELEBREZZE  Bar No. 102181
LAURA L. GOODMAN  Bar No. 142689
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Defendant
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNESHA M. GARNER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendant. | CASE NO. CV 08 1365 MEJ<br><br>**DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM [FED.R.CIV.P. 12(B)(6)]; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>JUDGE:   Maria-Elena James<br>CTRM:    B<br>DATE:    May 22, 2008<br>TIME:    10:00 a.m. |

# TABLE OF CONTENTS

**PAGE**

I. INTRODUCTION ........................................................................................................... 1

II. FACTUAL ALLEGATIONS .......................................................................................... 3

    A. Allegations In Plaintiff's Complaint .................................................................... 3

    B. The Regulation Litigation and Stipulation Concerning Effectiveness of Section 2695.8(B)(2) ............................................................................................ 4

    C. The Appraisal Provision Contained In The State Farm Policy ............................ 6

III. ARGUMENT ................................................................................................................... 7

    A. Dismissal Is Proper Where Plaintiff Does Not State A Claim Upon Which Relief Can Be Granted .............................................................................. 7

    B. Each of Plaintiff's Claims Fail As A Matter of Law Because The Regulation Upon Which Plaintiff Premises All Of Her Claims Was Not Effective At The Time State Farm Valued Plaintiff's Total Loss ................... 8

    C. The Policy Provides A Remedy For Plaintiff's Claims Which Plaintiff Has Not Availed Herself Of And Which Precludes Her Claims As A Matter of Law ......................................................................................................... 10

        1. Plaintiff's Claims Fail As A Matter of Law Because Plaintiff Has Not Complied With The Appraisal Provisions of The Policy ............................................................................................................ 11

        2. Plaintiff Has No Damage Or Right To Restitution As A Matter of Law ................................................................................................................ 13

IV. CONCLUSION ............................................................................................................... 15

# TABLE OF AUTHORITIES

**PAGE**

### FEDERAL CASES

*Balistreri v. Pacifica Police Dep't,*
901 F.2d 696 (9th Cir. 1988) .................................................................................. 8

*City of Arcadia v. United States EPA,*
411 F.3d 1103 (9th Cir. 2005) ................................................................................ 8

*Goldberg v. State Farm Fire & Cas. Co.,* No. CV 01-11193 LGB,
2002 WL 768893 (C.D.Cal. Apr. 5, 2002) ...................................................... 12, 13

*Guebara v. Allstate Ins. Co.,*
237 F.3d 987 (9th Cir. 2001) ................................................................................ 10

*MGIC Indem. Corp. v. Weisman,*
803 F.2d 500 (9th Cir. 1986) .................................................................................. 8

*In re Stac Elecs. Sec. Litig.,*
89 F.3d 1399 (9th Cir. 1996) .................................................................................. 7

*Walker v. USAA Cas. Ins. Co.,*
474 F. Supp.2d 1168 (E.D. Cal. 2007) .................................................................. 13

### STATE CASES

*Buckland v. Threshold Enterprises, Ltd.,*
155 Cal.App.4th 798, 66 Cal.Rptr. 3d 543 (2007) ................................................ 13

*CDF Firefighters v. Maldonado,*
158 Cal.App.4th 1226, 70 Cal.Rptr. 3d 667 (2008) .......................................... 9, 13

*Community Assisting Recovery, Inc. v. Aegis Security Ins. Co.,*
92 Cal.App.4th 886, 112 Cal.Rptr. 2d 304 (2001) ........................................... 11, 12

*First Nationwide Savings v. Perry,*
11 Cal.App. 4th 1657, 15 Cal.Rptr. 2d 173 (1992) ............................................... 14

*Lectrodryer v. SeoulBank,*
77 Cal.App.4th 723, 91 Cal. Rptr. 2d 881 (2000) ................................................. 10

*Love v. Fire Ins. Exch.,*
221 Cal.App.3d 1136, 271 Cal.Rptr. 246 (1990) .................................................. 10

*Waller v. Truck Ins. Exch.,*
11 Cal.4th 1, 44 Cal.Rptr. 2d 370 (1995) ............................................................. 10

### FEDERAL STATUTES

Fed.R.Civ.P. 12(b)(6) .................................................................................... 1, 2, 8, 14

## Table of Authorities
### (Continued)

**PAGE**

Federal Arbitration Act, 9 U.S.C. § 1 *et seq* ................................................................3

### STATE STATUTES

Cal. Code Regs., tit. 10, § 2695.8(c) ..............................................................................7

Cal. Code Regs., tit. 10, § 2695.8(c) (2003) ...................................................................7

Cal. Code Regs., tit. 10, § 2695.8(c) (2006) ...................................................................7

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on May 22, 2008, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom B of the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, defendant State Farm Mutual Automobile Insurance Company ("State Farm") will, and hereby does, move to dismiss the complaint of plaintiff Arnesha Garner pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

State Farm's motion will be, and is, based upon this notice of motion and motion, the accompanying memorandum of points and authorities in support, the allegations of the complaint, State Farm's request for judicial notice, the Declaration of Thomas A. Bianco, and all such further oral and documentary evidence and argument as may be presented to the court at or before the hearing on this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Arnesha Garner was a State Farm policyholder when she was involved in an automobile accident on April 27, 2007, resulting in the total loss of her 2005 Ford Escape. State Farm paid plaintiff for her automobile total loss claim. In addition, State Farm advised her in writing of the appraisal process available under the policy if she disagreed with State Farm's valuation.

On March 10, 2008, plaintiff sued State Farm. Pursuant to Fed.R.Civ.P. 12(b)(6), State Farm moves to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. Plaintiff avers in her complaint that State Farm violated one section of the California Fair Claims Settlement Practices Regulations, Additional Standards Applicable to Automobile Insurance ("the Regulations"), specifically California Code of Regulations Section 2695.8(b)(2), in adjusting her automobile total loss claim. That regulation – were it in force as to State Farm – would require the insurer to "determine the cost of a comparable automobile using either the asking price or actual sales price" of comparable vehicles in settling vehicle total loss claims.

1  However, pursuant to litigation concerning the Regulations, and a stipulation made in that
2  litigation, the Insurance Commissioner agreed that section 2695.8(b)(2) "shall not become
3  effective until sixty (60) days after sales price data becomes available from the Department of
4  Motor Vehicles." At the time State Farm adjusted plaintiff's total loss claim, the actual sales
5  data was still not available from the Department of Motor Vehicles. As such, section
6  2695.8(b)(2) did not apply to State Farm at the time plaintiff's vehicle total loss insurance claim
7  was adjusted and paid. Since plaintiff's complaint depends completely on her assertion that State
8  Farm violated section 2695.8(b)(2), a provision not in force as to State Farm at the time in
9  question, plaintiff has failed to allege a cognizable legal theory to support any of her claims for
10 relief. This court should dismiss the entire complaint.

11      In addition, and independently, State Farm moves to dismiss plaintiff's claims on the
12 ground that plaintiff has not and cannot plead her own performance of the insurance contract, a
13 necessary element of her breach of contract claim, which in turn forms the predicate act for all of
14 her other claims. The State Farm policy contains an appraisal clause providing that; "[i]f the
15 owner and [State Farm] cannot agree on the actual cash value, either party may demand an
16 appraisal as described below." It further provides that "[t]here is no right of action against [State
17 Farm] . . . until all the terms of this policy have been met," which includes compliance with the
18 appraisal clause. Plaintiff has failed to exhaust the appraisal process provision in her insurance
19 policy prior to filing this action, as required pursuant to the California Arbitration Act, California
20 Code of Civil Procedure § 1280 *et seq.*, and the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*

21      Finally, plaintiff has failed to properly plead the necessary element of damages. Plaintiff
22 cannot show that she suffered any damage without an appraisal establishing that she was not paid
23 the actual cash value of her automobile. The appraisal process will either establish that plaintiff
24 received the correct amount for the actual cash value of her vehicle, or it will remedy any
25 possible damage claim as, if any additional sum is due to plaintiff, it will be awarded to her in the
26 appraisal.

27      For all of these reasons as discussed in more detail herein, and as a matter of law, plaintiff
28

-2-    CASE NO. CV 08 1365 MEJ
STATE FARM'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR
FAILURE TO STATE A CLAIM [FED.R.CIV.P. 12(B)(6)]; MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT

cannot state a claim against State Farm upon which relief can be granted. The court should dismiss her claims.

## II. FACTUAL ALLEGATIONS

### A. Allegations In Plaintiff's Complaint

On March 10, 2008, plaintiff Arnesha M. Garner, purporting to act on behalf of herself and all others similarly situated, filed this action against State Farm. (Docket No. 1.) Plaintiff tries to allege four claims against State Farm: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) violation of Business and Professions Code § 17200, and (4) unjust enrichment. (*Id.*)

Plaintiff claims that she was issued a State Farm automobile insurance policy which provides collision and/or comprehensive coverage for losses resulting from theft or damage to her vehicle, and which provides that State Farm will pay "actual cash value" of vehicles determined to be a total loss ("Loss Vehicle"). (*Id.* at ¶¶ 7-8.) She alleges that State Farm's insurance policy states: "Actual cash value is determined by the market value, age and condition at the time the loss occurred." (*Id.* at ¶ 8.)

Plaintiff then avers that Mitchell International, Inc. ("Mitchell") performs total loss valuations for State Farm and that State Farm uses the Mitchell valuations to settle total loss claims with its insureds. (*Id.* at ¶ 10.) She further alleges that, in determining how much to pay for a total loss, State Farm considers the value of vehicles "comparable" to the Loss Vehicle ("Comparable Vehicles") and makes adjustments to the value of a Comparable Vehicles to account for differences between the Loss Vehicle and the Comparable Vehicles. (*Id.* at ¶ 11.)

Plaintiff asserts that State Farm is required to comply with the provisions of California Insurance Code § 790.03(h) and the regulations promulgated by the California Insurance Commissioner to implement § 790.03(h), including Title 10, California Code of Regulations, section 2695.8(b) (the "Regulation"). (*Id.* at ¶ 12.) Plaintiff avers that the Regulation specifies certain requirements for the adjustment of vehicle total loss claims, including defining what vehicles are "comparable" to the Loss Vehicle, specifying the prices which the insurer may use in

determining the value of Comparable Vehicles, and specifying the adjustments which an insurer may make to the value of Comparable Vehicles when determining the value of the Loss Vehicle. (*Id.* at ¶ 12.) Specifically, plaintiff asserts that the Regulation provides that "[i]n determining the cost of a comparable automobile, the insurer may use either the asking price or actual sale price of that automobile." (*Id.* at ¶ 14.) Plaintiff further alleges that "the Total Loss Regulation forms a part of the insurance contract between State Farm and its insured in that, *inter alia*, it defines in part the 'actual cash value' of a vehicle." (*Id.* at ¶¶ 13-14.) Plaintiff further alleges that State Farm violated its contracts and the Regulation by not using the asking price or actual sale price of Comparable Vehicles in performing its valuation of plaintiff's total loss. (*Id.* at ¶¶ 15-17.)

The complaint asserts that plaintiff was involved in an automobile accident on April 27, 2007, which resulted in a total loss of her vehicle. (*Id.* at ¶ 18.) She claims that State Farm adjusted her claim and paid her the value of her vehicle based on a valuation analysis prepared by Mitchell, which used a "projected sales price" of Comparable Vehicles. (*Id.* at ¶¶ 15-20.) According to plaintiff's complaint, the Mitchell valuation used by State Farm violated the Regulation because it did not calculate the value of a Comparable Vehicle using the asking price or the actual sales price. (*Id.* at ¶¶ 20-25.) All four of plaintiff's claims for relief, individually and on behalf of the Class, are based on the allegation that State Farm did not comply with the Regulation because the Mitchell valuations did not use the asking price or the actual sale price, which she claims was required by the Regulation. (See *id.* at ¶¶ 36, 42-45, 51-52, 57.)

B. The Regulation Litigation and Stipulation Concerning Effectiveness of Section 2695.8(B)(2)

Title 10 of the California Code of Regulations section 2695.8 became operative on January 14, 1993. (Request for Judicial Notice ("RJN"), ¶ 1, Ex. 1.) On April 24, 2003, the Department of Insurance filed proposed amendments to Sections 2695.1 through 2695.14. (*Id.*)

On July 1, 2003, the Personal Insurance Federation of California, Association of California Insurance Companies, and the Surety Association of America filed a complaint for injunctive relief against then Insurance Commissioner John Garamendi in the Los Angeles

-4-   CASE NO. CV 08 1365 MEJ
STATE FARM'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM [FED.R.CIV.P. 12(B)(6)]; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Superior Court, Case No. BC 298284. (RJN, ¶ 2, Ex. 2 at 1:2-8.)[1] On July 22, 2003, the Superior Court issued a Ruling and Order enjoining implementation of the proposed April 24, 2003 amendments. (*Id.*)

After extensive discussions, the parties notified the Los Angeles Superior Court that a partial settlement had been reached regarding the proposed amendments to certain regulations. (RJN, ¶ 3, Ex. 3 at 1:21-2:1.) On June 7, 2004, the Superior Court entered an Order pursuant to a stipulation contained in a Joint Status Conference Statement submitted by the parties ("June 7, 2004 Order"). (*Id.*) One objection specifically noted in the June 7, 2004 Order involved the language in section 2695.8(b)(2) concerning the use of actual sales price or ask price of comparable vehicles in valuing a total loss vehicle. (*Id.*) The insurer groups expressed concern that actual sales price data was not available to the insurers or their vendors from the only source in California with sufficient volume to generate meaningful comparables – the California Department of Motor Vehicles ("DMV"). Instead of agreeing to use the "asking price" of comparables, the parties – including the Insurance Commissioner – stipulated that:

> With respect to the Revised Regulations, the Commissioner agrees that the language to be adopted in section 2695.8(b)(2), **requiring insurers to determine the cost of a comparable automobile using either the ask price or actual sales price of that vehicle, shall not become effective until (60) days after sales price data becomes available from the Department of Motor Vehicles. Prior to the time such sales price data becomes available, all other provisions of section 2695.8(b)(2) of the Replacement Regulations shall be applicable to the determination of the cost of a comparable automobile.** It is further agreed that within sixty (60) days of automobile sales price data becoming available from the Department of Motor Vehicles, plaintiffs' member companies shall determine the cost of a comparable vehicle by using either the actual sales price or the ask price of a comparable automobile.

(RJN, ¶ 3, Ex. 3 at 2:1-11, emphasis added.)

Following the litigation, the revised regulations became operative as of August 30, 2006. (RJN, ¶ 1, Ex. 1.) However, as to the language in section 2695.8(b)(2) concerning the use of actual sales price or ask price of comparable vehicles in valuing a total loss vehicle, the DMV had not made information concerning actual sales cost of comparable vehicles available to either

---

[1] State Farm was and continues to be a member of the Personal Insurance Federation of California ("PIFC"), which was formed in 1989.

State Farm or Mitchell. (RJN, ¶ 3, Ex. 3.) In a November 7, 2007 letter to Mitchell, the DMV, recognizing the need for Mitchell to obtain the actual sales data "to assist its insurance carrier clients in the determination of the value of vehicles in total loss claims," advised:

> While the **Department staff has been working with Mitchell for the past year** on the request and assigned Mitchell with a requester code account number, **the Department has not yet made any vehicle data available to Mitchell**. Due to budget and resource constraints as well as the programming priority requirements identified in applicable regulation (California Code of Regulations Title 13 Section 350.30), it is typical that a data request from commercial entities may take from six months to a year or more to complete."

(RJN, ¶ 4, Ex. 4, emphasis added.) The DMV stated that "[w]e are working in good faith with your company to fulfill the data request and, if resources are available, hope to complete such request earlier than originally anticipated. However, we are not in a position yet to determine exactly when such data will be available to your company." (*Id.*)

C.  The Appraisal Provision Contained In The State Farm Policy

Plaintiff alleges that she is insured under State Farm Policy No. 0889-875-05A. (Docket No. 1, ¶ 18.) The policy contains an appraisal remedy, under Section IV, Physical Damages Coverages:

Settlement of Loss – Comprehensive and Collision Coverages

> **We have the right to** settle a loss with you or the owner of the property in one of the following ways:
>
> 1.  pay the agreed upon actual cash value of the property at the time of the *loss* in exchange for the damaged property. **If the owner and [State Farm] cannot agree on the actual cash value, either party may demand an appraisal as described below.** If the owner keeps the damaged property, we will deduct its value after the *loss* from our payment. . . .
>
>                 \* \* \*
>
> Appraisal under item 1 above shall be conducted according to the following procedure. Each party shall select an appraiser. These two shall select a third appraiser. The written decision of any two appraisers shall be binding. The cost of the appraiser shall be paid by the person who hired him or her. The cost of the third appraiser and other appraisal expenses shall be shared equally by both parties. . . .

(Declaration of Thomas A. Bianco ("Bianco Decl."), Ex. A, pgs. 17-18, emphasis added.)[2]

The terms of the policy also provide that plaintiff will not file a court action against State Farm until she first complies with the policy's provisions. The "Conditions" section of the policy states that: "There is no right of action against [State Farm] . . . until all the terms of this policy have been met[.]" (Bianco Decl., Ex. A. at 23.)

In addition, California Department of Insurance Regulation section 2695.8(c) expressly provides for invocation of an appraisal provision in an insurance policy to resolve disputes concerning the valuation of total loss automobile claims. (Cal. Code Regs., tit. 10, § 2695.8(c) (2006).)[3] The regulation permits automobile insurers to utilize one of the following procedures in the event an insured challenges the actual cash value he or she has received in settlement. It provides that the insurer shall (1) locate a comparable automobile for the gross settlement amount determined by the company at the time of settlement; or (2) pay the insured the difference between the amount of the gross settlement and the cost of the comparable automobile which the insured has located; or (3) "*invoke the appraisal provision of the insurance policy.*" Cal. Code Regs., tit. 10, § 2695.8(c) (emphasis added).

Plaintiff does not, and cannot, allege that she has complied with the policy's appraisal provision.

### III.   ARGUMENT

A. <u>Dismissal Is Proper Where Plaintiff Does Not State A Claim Upon Which Relief Can Be Granted</u>

Plaintiff has failed to state a claim upon which relief can be granted. Therefore, this case

---

[2] State Farm's submission of the actual policy on a Rule 12(b)(6) motion is proper. It is well established that "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405, n.4 (9th Cir. 1996) (internal quotations omitted). As the court explained in *Stac*, "such consideration is appropriate in the context of a motion to dismiss, and does not convert the motion into one for summary judgment." *Id.*

[3] Unlike section 2695.8(b), section 2695.8(c) was not the subject of a dispute in the *PIFC v. Garamendi* lawsuit in the Los Angeles Superior Court. (RJN, ¶ 3, Ex. 3.) In fact, even the prior insurance regulations recognized that appraisal is the appropriate remedy for resolving disputes concerning the valuation of total loss claims. Cal. Code Regs., tit. 10, § 2695.8(c) (2003).

is properly dismissed pursuant to Fed.R.Civ.P. 12(b)(6). A Rule 12(b)(6) motion tests the legal sufficiency of the claims stated in the complaint. A dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *City of Arcadia v. United States EPA*, 411 F.3d 1103, 1106 (9th Cir. 2005); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint may be dismissed under Rule 12(b)(6) if the defect appears on the face of the pleading or from a matter of which the court may take judicial notice. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

B.  <u>Each of Plaintiff's Claims Fail As A Matter of Law Because The Regulation Upon Which Plaintiff Premises All Of Her Claims Was Not Effective At The Time State Farm Valued Plaintiff's Total Loss</u>

Each and every claim advanced by plaintiff in her complaint against State Farm is based on the premise that State Farm violated the Regulation when it determined the actual cash value of plaintiff's (and others "similarly situated") automobile total loss. As the record reflects, however, the Regulation was the subject of prior litigation which resulted in a stipulation and settlement – agreed to by the Insurance Commissioner – for conditional implementation by the Department of Insurance. Specifically, "section 2695.8(b)(2), requiring insurers to determine the cost of a comparable automobile using either the ask price or actual sales price of that vehicle, shall not become effective until sixty (60) days after sales price data becomes available from the Department of Motor Vehicles." (RJN, ¶ 3, Exh. 3; *see* p. 2, *supra*.) The stipulation provided that "[p]rior to the time such sales price data becomes available, all other provisions of section 2695.8(b)(2) of the Replacement Regulations shall be applicable to the determination of the cost of a comparable automobile." *Id.*

Each of plaintiff's claims fail to state a claim for relief as a matter of law because each is premised on the legally faulty assumption that State Farm was required by the Regulation to use either asking price or actual sales price of comparable vehicles in adjusting plaintiff's claim. *See,* Complaint, Docket No. 1, ¶ 26 (Breach of Contract – "Regulation forms a part of the contract between State Farm on the one hand, and Plaintiff and every other Class member on the other");

-8-    CASE NO. CV 08 1365 MEJ
STATE FARM'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM [FED.R.CIV.P. 12(B)(6)]; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

¶ 42 (Breach of Implied Covenant of Good Faith and Fair Dealing – "State Farm was obligated to settle total loss claims . . . as specified by the State Farm policy and the [Regulation]"); ¶ 51 (Violation of Business and Professions Code § 17200 - "State Farm further violated the Unfair Competition Law when it violated Insurance Code § 790.03(h) and the [Regulation]"); ¶ 58 (Unjust Enrichment - "The unjust enrichment of State Farm by payment of less than the full value of total loss claims through the use of improper adjustments. . . ."). As the record reflects, plaintiff's assumption is wholly without merit since the Regulation was not in force as to State Farm at the time plaintiff was involved in her accident.

To prove her breach of contract claim, plaintiff must prove: (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damages to plaintiff as a result of the breach. *CDF Firefighters v. Maldonado*, 158 Cal.App.4th 1226, 1239, 70 Cal.Rptr.3d 667 (2008). Plaintiff alleges that she was an insured under a State Farm policy at the time she was involved in an automobile accident on April 27, 2007, which resulted in a total loss of her vehicle. (Docket No. 1, ¶ 18.) She asserts that State Farm adjusted her claim based on a valuation analysis provided by Mitchell that did not use the asking price or actual sales of comparable vehicles as required by the Regulation. (*Id.* at ¶¶ 19, 20, 25.) She premises her breach of contract claim on the ground that the Regulation formed a part of her State Farm insurance policy. (*Id.* at ¶ 13.) Because the alleged Regulation was not in effect at the time State Farm evaluated plaintiff's total loss claim, it could not have been incorporated into the policy and was not a contract term subsequently breached by State Farm.

As with plaintiff's breach of contract claim, plaintiff's second claim for relief for breach of the implied covenant of good faith and fair dealing ("bad faith") fails because it is premised on the same faulty legal assumption – that the Regulation was a valid policy provision. In order to establish insurer bad faith under California law, a plaintiff must show (1) benefits due under the policy were withheld, and (2) the reason for withholding benefits was unreasonable or without proper cause. *Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 992 (9th Cir. 2001) (citing *Love v. Fire Ins. Exch.*, 221 Cal.App.3d 1136, 1151, 271 Cal.Rptr. 246 (1990).) Thus, absent a breach of

contract, there can be no bad faith. See *Waller v. Truck Ins. Exch.*, 11 Cal.4th 1, 35-36, 44 Cal.Rptr.2d 370 (1995). Without a sustainable breach of contract claim, plaintiff cannot maintain a bad faith claim as a matter of law.

Plaintiff's third claim for relief is brought under California Business and Professions Code §17200. Section 17200 provides: "As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business & Professions Code [which involves advertising]." Here, plaintiff alleges that State Farm violated section 17200 when it allegedly violated the Regulation by not using the asking or actual sales price of comparable vehicles in adjusting her total loss claim. (Docket No. 1, ¶ 51.) However, the fact that State Farm was not yet required to comply with the Regulation means that plaintiff cannot claim State Farm's alleged violation of the Regulation was unlawful. Thus, her predicate claim under section 17200 fails as a matter of law.

Finally, as with her other claims for relief, plaintiff's claim for unjust enrichment cannot be sustained as a matter of law. In order to show unjust enrichment, plaintiff must demonstrate that State Farm received a benefit and unjustly retained that benefit at her expense. *Lectrodryer v. SeoulBank*, 77 Cal.App.4th 723, 726, 91 Cal.Rptr.2d 881, 883 (2000). Plaintiff's allegations that State Farm was unjustly enriched because it did not use the asking price or actual sales price of comparable vehicles as stated in the Regulation in adjusting her total loss automobile claim, is not legally supported – as State Farm was not required to use asking price or actual sales price at the time it valued plaintiff's claim.

Because State Farm was not required to use asking price or actual sales price of comparable vehicles at the time it valued plaintiff's total loss claim, plaintiff's claims fail as a matter of law. This court should dismiss her complaint.

C.  <u>The Policy Provides A Remedy For Plaintiff's Claims Which Plaintiff Has Not Availed Herself Of And Which Precludes Her Claims As A Matter of Law</u>

Plaintiff's complaint additionally fails on the ground that she has a contractual remedy

that she has not exhausted which precludes her claims as a matter of law. As set out above, the policy contains an appraisal remedy provision under Section IV, Physical Damages Coverages, explaining how plaintiff and State Farm are to resolve any differences between them in the event of a dispute regarding total loss valuation. As discussed above, each of plaintiff's claims is premised on an alleged breach of contract that State Farm did not pay her actual cash value of her total loss automobile because it allegedly did not use the asking price or actual sales price of comparable vehicles in its valuation. See pp. 8-10, supra.

    1.    <u>Plaintiff's Claims Fail As A Matter of Law Because Plaintiff Has Not Complied With The Appraisal Provisions of The Policy</u>

The elements which plaintiff must establish to maintain her claims for breach of contract, bad faith, violation of Business & Professions Code § 17200, and unjust enrichment are set out above. See pp. 8-11, supra. Plaintiff cannot meet the necessary elements for any of these claims, all of which are based on plaintiff's allegation that State Farm improperly valued her total loss automobile, because she does not, and cannot, allege that she has performed under the policy by invoking the policy's appraisal remedy.[4] Plaintiff fails to allege compliance with the appraisal clause contained in the policy that controls disputes regarding actual cash value. (Bianco Decl., Ex. A at 17-18.) Furthermore, in filing this lawsuit before going through appraisal, plaintiff has failed to comply with the policy condition that "[t]here is no right of action against [State Farm] . . . until all the terms of this policy have been met[.]" (Bianco Decl., Ex. A at 23.)

The issue presented here has been squarely decided by two courts, one of which dismissed a plaintiff's claims for breach of contract and bad faith, and the other which dismissed a plaintiff's section 17200 claim, because of the plaintiff's failure to follow the appraisal provision in an insurance policy. In *Community Assisting Recovery, Inc. v. Aegis Security Ins. Co.*, 92 Cal.App.4th 886, 112 Cal.Rptr.2d 304 (2001) ("*CAR*"), the court dismissed a section 17200 action brought by a non-profit corporation against 194 insurers alleging undervaluation of property loss claims, in part because such disputes were subject to binding appraisal pursuant to

---

[4]    State Farm refers to the court to its Motion to Compel Appraisal, filed and served concurrently herewith.

provisions of the policies. In *CAR*, plaintiff claimed that the property insurers were improperly settling property damage claims on the basis of replacement cost less depreciation, rather than on the basis of fair market value. *Id.* at 890. The court found that the allegations in the complaint failed to state a claim for relief in part because "it fail[ed] to take into consideration the safeguard of the appraisal process" provided by statute and contained in the policy. *Id.* at 892. In affirming the sustaining of a general demurrer for the insurers, the Court of Appeal explained that "[t]he appraisal term creates an arbitration agreement subject to the statutory contractual arbitration law." *Id.* at 893.

The *CAR* court held that appraisal, not a lawsuit, was the appropriate mechanism through which to resolve a dispute about "actual cash value." 92 Cal.App.4th at 895. Relying on California Insurance Code § 2071, the court reasoned that "notwithstanding how the insurer approaches valuation of the damaged property during adjustment of the claim, the Legislature has provided the remedy to which the parties must resort for determination of the amount of the loss." *Id.* at 893. The Court of Appeal affirmed the sustaining of defendant's demurrers without leave to amend. *Id.* at 895.

In *Goldberg v. State Farm Fire & Cas. Co.*, No. CV 01-11193 LGB, 2002 WL 768893 (C.D.Cal. Apr. 5, 2002),[5] the court, relying on the reasoning in *CAR*, dismissed claims for breach of contract, bad faith, and unfair practices under California Insurance Code § 790.03, because it found "[p]laintiff filed a lawsuit without first exhausting the appraisal remedy provided in his Policy." *Id.* at *3. In *Goldberg*, plaintiff alleged that State Farm had refused to pay him the "actual cash value" of a loss under his earthquake policy. *Id.* at *1. State Farm argued that *CAR* controlled and plaintiff was required to submit to appraisal, as provided in the policy and by statute, to determine the amount of loss. *Id.* at *2. The court agreed, finding that the appraisal provision required plaintiff to exhaust that remedy before filing a lawsuit. 2002 WL 768893 at *3.

---

[5]   For the Court's convenience, State Farm has filed and served an Appendix of Unpublished Authorities concurrently herewith.



-12-    CASE NO. CV 08 1365 MEJ
STATE FARM'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM [FED.R.CIV.P. 12(B)(6)]; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

The *Goldberg* court reasoned that, like the plaintiffs in *CAR*, "plaintiff's failure to demand an appraisal [also] precluded its claims of bad faith and fair dealing." *Goldberg*, 2002 WL 768893, at *3. The court determined that plaintiff's allegations "had two components: a challenge to the amount determined by State Farm and a challenge to State Farm's interpretation of the contract." *Id*. The court held that "[b]oth are intertwined because Plaintiff ultimately premises his breach of contract and bad faith claims on State Farm's failure to pay Plaintiff the full amount due under the Policy." *Id*. The court concluded by finding a "requirement to give the appraiser the first opportunity to address the valuation issue, and only if the appraiser errs should the issue be brought before a court." *Id*. Since the plaintiff in *Goldberg* "failed to follow procedure," the court found that "[p]laintiff has failed to state a claim to which he may be entitled to relief" and dismissed all of the plaintiff's claims without prejudice. *Id*.

Here, as in *CAR* and *Goldberg*, plaintiff's claims are subject to the appraisal provision in the State Farm policy. Plaintiff's claims present a challenge to the amount of State Farm's valuation and whether it has properly determined "actual cash value" as required by its policy. Plaintiff must be required to exhaust her contractual appraisal remedy in the first instance and dismissal of plaintiff's claims for breach of contract, bad faith, violation of section 17200 and unjust enrichment is appropriate. Plaintiff too has "failed to follow procedure" and has therefore failed to state a claim upon which relief can be granted.

2. <u>Plaintiff Has No Damage Or Right To Restitution As A Matter of Law</u>

Plaintiff's breach of contract and bad faith claims require her to have suffered damage. *CDF Firefighters v. Maldonado*, 158 Cal.App.4th 1226, 1239, 70 Cal.Rptr.3d 667 (2008). Similarly, plaintiff must show that she is entitled to recover restitution to state a claim under Business & Professions Code § 17200. *Buckland v. Threshold Enterprises, Ltd.*, 155 Cal.App.4th 798, 817, 66 Cal.Rptr.3d 543 (2007) ("[b]ecause remedies for individuals under the UCL are restricted to injunctive relief and restitution, the import of the requirement is to limit standing to individuals who suffer losses of money or property that are eligible for restitution.") *See Walker v. USAA Cas. Ins. Co.*, 474 F.Supp.2d 1168, 1172 (E.D. Cal. 2007). Finally,

-13-    CASE NO. CV 08 1365 MEJ
STATE FARM'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM [FED.R.CIV.P. 12(B)(6)]; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

1  plaintiff cannot assert a claim for unjust enrichment absent a showing that State Farm has
2  retained something it has no right to. *First Nationwide Savings v. Perry*, 11 Cal.App.4th 1657,
3  1663, 15 Cal.Rptr.2d 173 (1992). Thus, each of plaintiff's claims requires that plaintiff either
4  have suffered damage or show that she is entitled to restitution. Here, because plaintiff has not
5  followed the appraisal procedure contained in the State Farm policy, she cannot show as a matter
6  of law that she has suffered any damage or is entitled to restitution.

7  Plaintiff admits that State Farm paid her the value of her total loss automobile based on
8  its valuation. (Docket No. 1, ¶ 19.) Absent an appraisal, there is simply no way for plaintiff to
9  assert that she has been denied the actual cash value of her total loss vehicle. If the appraisers
10 find that State Farm properly determined the actual cash value of plaintiff's vehicle, then plaintiff
11 has not been damaged and State Farm has not been "unjustly enriched." Moreover, if the
12 appraisers find that State Farm did not accurately determine the actual cash value of plaintiff's
13 vehicle, the plaintiff will be awarded the difference through the appraisal process. Only if State
14 Farm does not pay the appraisal award, or the appraisers commit some cognizable error in
15 conducting the appraisal may plaintiff be able to state a claim for damage (or potentially
16 restitution). Because plaintiff cannot establish damage or unjust enrichment without an
17 appraisal, her current complaint fails to state any claims upon which relief can be granted.

IV.   CONCLUSION

For the reasons set forth above, plaintiff has failed to state a claim against State Farm as a matter of law. This Court should grant State Farm's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

DATED: April 14, 2008

Respectfully submitted,

SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: _____
Kevin J. Dunne
Bruce D. Celebrezze
Laura L. Goodman
Attorneys for Defendant
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY