1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   KEVIN DUNNE  Bar No. 40030
2  BRUCE D. CELEBREZZE  Bar No. 102181
   LAURA GOODMAN  Bar No. 142689
3  One Market Plaza
   Steuart Tower, 8th Floor
4  San Francisco, California 94105
   Telephone: (415) 781-7900
5  Facsimile: (415) 781-2635

6  Attorneys for Defendant
   STATE FARM MUTUAL AUTOMOBILE
7  INSURANCE COMPANY

8                 UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10

11  ARNESHA M. GARNER, on behalf of        CASE NO. CV 08 1365 MEJ
    herself and all others similarly situated,
12                                          **DEFENDANT STATE FARM MUTUAL**
         Plaintiff,                         **AUTOMOBILE INSURANCE**
13                                          **COMPANY'S REQUEST FOR JUDICIAL**
         v.                                 **NOTICE IN SUPPORT OF MOTION TO**
14                                          **DISMISS PLAINTIFF'S COMPLAINT**
    STATE FARM MUTUAL
15  AUTOMOBILE INSURANCE                    JUDGE:  Maria-Elena James
    COMPANY,                               DEPT:   B
16                                          DATE:   May 22, 2008
         Defendant.                         TIME:   10:00 a.m.
17

18

19        The Court may take judicial notice of facts that are either generally known within the

20  territorial jurisdiction of the trial court or capable of accurate and ready determination by resort to

21  sources whose accuracy cannot reasonably be questioned.  Fed.R.Evid. 201(b); *United States v.*

22  *Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993).  Defendant State Farm Mutual Automobile

23  Insurance Company ("State Farm") hereby requests that the Court take judicial notice of the

24  following:

25        1.    The California Fair Claims Settlement Practices Regulations at California Code of

26  Regulations, Title 10, Chapter 5, Subchapter 7.5, Section 2695.8 (2006) titled "Additional

27  Standards Applicable to Automobile Insurance."  Courts may take judicial notice of state

28  regulations.  See *Roemer v. Board of Public Works of Maryland*, 426 U.S. 736, 742 n.4, 96 S.Ct.

SEDGWICK
DETERT, MORAN & ARNOLD LLP

                                    -1-                    CASE NO. CV 08 1365 MEJ
               STATE FARM'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO
                              DISMISS PLAINTIFF'S COMPLAINT

1    2337 (1976). Attached as Exhibit 1 is a copy of Section 2695.8 of the regulations.

2         2.    The Complaint for Declaratory and Injunctive Relief filed in *Personal Insurance*

3    *Federation of California, Association of California Insurance Companies, and The Surety*

4    *Association of America v. John Garamendi, Insurance Commissioner of the State of California,*

5    Los Angeles County Superior Court Case No. BC298284. The record of state court proceeding is

6    a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of

7    court records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n. 9 (9th Cir. 1987).

8    Attached as Exhibit 2 is a true and correct copy of the Complaint for Declaratory and Injunctive

9    Relief.

10        3.    The June 7, 2004 Joint Status Conference Statement and Order Thereon filed in

11   *Personal Insurance Federation of California, Association of California Insurance Companies,*

12   *and The Surety Association of America v. John Garamendi, Insurance Commissioner of the State*

13   *of California*, Los Angeles County Superior Court Case No. BC298284. The record of a state

14   court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice

15   may be taken of court records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n. 9 (9th

16   Cir. 1987). Attached as Exhibit 3 is true and correct copy of the June 7, 2004 Joint Status

17   Conference Statement and Order Thereon.

18        4.    A November 1, 2007 letter from the California Department of Motor Vehicles

19   ("DMV") to Jason L. Gray, Esq., Senior Vice President of Strategic Development and General

20   Counsel for Mitchell International Inc. "Courts may take judicial notice of some public records,

21   including the records and reports of administrative bodies." *Interstate Nt. Gas Co. v. S. Cal.*

22   *Gas. Co.*, 209 F.2d 380, 385 (9th Cir. 1953). Correspondence from a public agency is a public

23   record subject to judicial notice. *Kashin v. Kent*, 457 F.3d 1033, 1040 (9th Cir. 2006) (taking

24   judicial notice of a letter of reprimand employee received from his employer, the Department of

25   State, arising from the employee's traffic accident while stationed in Russia); see also *Hein v.*

26   *Capitan Grande Band of Diegueno Mission Indians*, 201 F.3d 1256, 1259 n.4 (9th Cir. 2000)

27   (taking judicial notice of letter from Gaming Commission to counsel for Indian tribe stating that

28   the Commission could not act without a definitive determination by the Secretary of the Interior);

SEDGWICK
DETERT, MORAN & ARNOLD LLP

SF/1501173v1

-2-                                                      CASE NO. CV 08 1365 MEJ
STATE FARM'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

1   see also *Advertising Display Systems 1, LLC v. City and County of San Francisco et al.*, 2006

2   WL 1646138 (N.D.Cal. 2006) (taking judicial notice of correspondence sent to plaintiff by San

3   Francisco Zoning Administrator because it is maintained in the regular course of business as an

4   official record of the City and County of San Francisco).[1]

5        Moreover, courts have found that DMV records are public records, and therefore judicial

6   notice is proper. See *Snyder v. Enterprise Rent-A-Car Co.*, 392 F.Supp.2d 1116, 1120 (N.D.Cal

7   2005) (judicial notice of DMV record that driver's license was suspended); *Shaghoian v.*

8   *Aghajani*, 228 F.Supp.2d 1107, 1109 n.4 (C.D.Cal. 2002) (judicial notice of DMV record that

9   vehicle dealer licenses were issued.)  Attached as Exhibit 4 is a true and correct copy of the

10  November 1, 2007 letter from the DMV to Jason L. Gray, Esq.

11

12  DATED: April 14, 2008            SEDGWICK, DETERT, MORAN & ARNOLD LLP

13

14

15                                  By _____
                                       Kevin Dunne
16                                     Bruce D. Celebrezze
                                       Laura Goodman
17                                     Attorneys for Defendant
                                       STATE FARM MUTUAL AUTOMOBILE
18                                     INSURANCE COMPANY

19

20

21

22

23

24

25

26

27

28

---

[1]   A copy of this case is attached to State Farm's Appendix of Unpublished Authorities, filed and served concurrently herewith.

SF/1501173v1

-3-                                  CASE NO. CV 08 1365 MEJ
STATE FARM'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

SEDGWICK
DETERT, MORAN & ARNOLD LLP

# EXHIBIT 1

10 CA ADC § 2695.8
10 CCR § 2695.8
Cal. Admin. Code tit. 10, § 2695.8

**BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS**
**TITLE 10. INVESTMENT**
**CHAPTER 5. INSURANCE COMMISSIONER**
**SUBCHAPTER 7.5. UNFAIR OR DECEPTIVE ACTS OR PRACTICES IN THE BUSINESS OF INSURANCE**
**ARTICLE 1. FAIR CLAIMS SETTLEMENT PRACTICES REGULATIONS**

This database is current through 3/7/08, Register 2008, No. 10

§ 2695.8. Additional Standards Applicable to Automobile Insurance.

(a) This section enumerates standards which apply to adjustment and settlement of automobile insurance claims.

(1) the words "automobile" and "vehicle" are used synonymously.

(b) In evaluating automobile total loss claims the following standards shall apply:

(1) The insurer may elect a cash settlement that shall be based upon the actual cost of a "comparable automobile" less any deductible provided in the policy. This cash settlement amount shall include all applicable taxes and one-time fees incident to transfer of evidence of ownership of a comparable automobile. This amount shall also include the license fee and other annual fees to be computed based upon the remaining term of the loss vehicle's current registration. This procedure shall apply whether or not a replacement automobile is purchased.

(A) If the insured chooses to retain the loss vehicle or if the third party claimant retains the loss vehicle, the cash settlement amount shall include the sales tax associated with the cost of a comparable automobile, discounted by the amount of sales tax attributed to the salvage value of the loss vehicle. The cash settlement amount shall also include all fees incident to transfer of the claimant's vehicle to salvage status. The salvage value may be deducted from the settlement amount and shall be determined by the amount for which a salvage pool or a licensed salvage dealer, wholesale motor vehicle auction or dismantler will purchase the salvage. If requested by the claimant, the insurer shall provide the name, address and telephone number of the salvage dealer, salvage pool, motor vehicle auction or dismantler who will purchase the salvage. The insurer shall disclose in writing to the claimant that notice of the salvage retention by the claimant must be provided to the Department of Motor Vehicles and that this notice may affect the loss vehicle's future resale and/or insured value. The disclosure must also inform the claimant of his or her right to seek a refund of the unused license fees from the Department of Motor Vehicles.

(2) A "comparable automobile" is one of like kind and quality, made by the same manufacturer, of the same or newer model year, of the same model type, of a similar body type, with options and mileage similar to the insured vehicle. Newer model year automobiles may not be used as comparable automobiles unless there are not sufficient comparable automobiles of the same model year to make a determination as set forth in Section 2695.8(b)(4), below. In determining the cost of a comparable automobile, the insurer may use either the asking price or actual sale price of that automobile. Any differences between the comparable automobile and the insured vehicle shall be permitted only if the insurer fairly adjusts for such differences. Any adjustments from the cost of a comparable automobile must be discernible, measurable, itemized, and specified as well as appropriate in dollar amount and so documented in the claim file. Deductions taken from the cost of a comparable automobile that cannot be supported shall not be used. The actual cost of a comparable automobile shall not include any deduction for the condition of a loss vehicle unless the documented condition of the loss vehicle is below average for that particular year, make and model of vehicle. This subsection shall not preclude deduction for prior and/or unrelated damage to the loss vehicle. A comparable automobile must have been available for retail purchase by the general

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

Case 4:08-cv-01365-CW     Document 12     Filed 04/14/2008     Page 6 of 78

10 CA ADC § 2695.8                                          Page 2
10 CCR § 2695.8
Cal. Admin. Code tit. 10, § 2695.8

public in the local market area within ninety (90) calendar days of the final settlement offer. The comparable automobiles used to calculate the cost shall be identified by the vehicle identification number (VIN), the stock or order number of the vehicle from a licensed dealer, or the license plate number of that comparable vehicle if this information is available. The identification shall also include the telephone number (including area code) or street address of the seller of the comparable automobile.

(3) Notwithstanding subsection (2), above, upon approval by the Department of Insurance, an insurer may use private sales data from the Department of Motor Vehicles, or other approved sources, which does not contain the seller's telephone number or street address. Approval by the Department of Insurance shall be contingent on the Department's determination that reasonable steps have been taken to limit the use of private sales data that may be inaccurately reported to the Department of Motor Vehicles, or other approved sources.

(4) The insurer shall take reasonable steps to verify that the determination of the cost of a comparable vehicle is accurate and representative of the market value of a comparable automobile in the local market area. Upon its request, the department shall have access to all records, data, computer programs, or any other information used by the insurer or any other source to determine market value. The cost of a comparable automobile shall be determined as follows and, once determined, shall be fully itemized and explained in writing for the claimant at the time the settlement offer is made:

(A) when comparable automobiles are available or were available in the local market area in the last 90 days, the average cost of two or more such comparable automobiles; or,

(B) when comparable automobiles are not available or were not available in the local market area in the last 90 days, the average of two or more quotations from two or more licensed dealers in the local market area; or,

(C) the cost of a comparable automobile as determined by a computerized automobile valuation service that produces statistically valid fair market values within the local market area;

or

(D) if it is not possible to determine the cost of a comparable automobile by using one of the methods described in subsections (b)(3)(A), (b)(3)(B) and (b)(3)(C) of this section, the cost of a comparable automobile shall otherwise be supported by documentation and fully explained to the claimant. Any adjustments to the cost of a comparable automobile shall be discernible, measurable, itemized, and specified as well as appropriate in dollar amount and so documented in the claims file. Deductions taken from the cost of a comparable automobile that cannot be supported shall not be used

(5) In first party automobile total loss claims, the insurer may elect to offer a replacement automobile which is a specified comparable automobile available to the insured with all applicable taxes, license fees and other fees incident to transfer of evidence of ownership of the automobile paid by the insurer at no cost other than any deductible provided in the policy. The offer and any rejection thereof must be documented in the insurer's claim file. A replacement automobile must be in as good or better overall condition than the insured vehicle and available for inspection within a reasonable distance of the insured's residence.

(6) Subsection 2695.8(b) applies to the evaluation of third party automobile total loss claims, but does not change existing law with respect to the obligations of an insurer in settling such claims with a third party.

(c) In first party automobile total loss claims, every insurer shall provide notice to the insured at the time the settlement payment is sent or final settlement offer is made that if notified by the insured within thirty-five (35) calendar days after the insured receives the claim payment or final settlement offer that he or she cannot purchase a comparable automobile for the gross settlement amount, the insurer will reopen its claim file. If subsequently notified by the insured the insurer shall reopen its claim file and utilize the following procedures:

(1) The insurer shall locate a comparable automobile for the gross settlement amount determined by the company at the time of settlement and shall provide the insured with the information required in (c)(4), below, or offer a replacement vehicle in accordance

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

with section 2695.8(b)(4). Any such vehicle must be available in the local market area; or,

(2) The insurer shall either pay the insured the difference between the amount of the gross settlement and the cost of the comparable automobile which the insured has located, or negotiate and purchase this vehicle for the insured; or,

(3) The insurer shall invoke the appraisal provision of the insurance policy.

(4) No insurer is required to take action under this subsection if its documentation to the insured at the time of final settlement offer included written notification of the identity of a specified comparable automobile which was available for purchase at the time of final settlement offer for the gross settlement amount determined by the insurer. The documentation shall include the telephone number (including area code) or street address of the seller of the comparable automobile and:

   (A) the vehicle identification number (VIN) or,

   (B) the stock or order number of the vehicle from a licensed dealer, or

   (C) the license plate number of such comparable vehicle.

(d) No insurer shall, where liability and damages are reasonably clear, recommend that the third party claimant make a claim under his or her own policy to avoid paying the claim under the policy issued by that insurer.

(e) No insurer shall:

   (1) require that an automobile be repaired at a specific repair shop; or,

   (2) suggest or recommend that an automobile be repaired at a specific repair shop, unless all of the requirements set forth in California Insurance Code Section 758.5 have been met.

   (3) require a claimant to travel an unreasonable distance either to inspect a replacement automobile, to conduct an inspection of the vehicle, to obtain a repair estimate or to have the automobile repaired at a specific repair shop.

(f) If partial losses are settled on the basis of a written estimate prepared by or for the insurer, the insurer shall supply the claimant with a copy of the estimate upon which the settlement is based. The estimate prepared by or for the insurer shall be of an amount which will allow for repairs to be made in a workmanlike manner. If the claimant subsequently contends, based upon a written estimate which he or she obtains, that necessary repairs will exceed the written estimate prepared by or for the insurer, the insurer shall:

   (1) pay the difference between the written estimate and a higher estimate obtained by the claimant; or,

   (2) if requested by the claimant, promptly provide the claimant with the name of at least one repair shop that will make the repairs for the amount of the insurer's written estimate. The insurer shall cause the damaged vehicle to be restored to its condition prior to the loss at no additional cost to the claimant other than as stated in the policy or as otherwise allowed by law. The insurer shall maintain documentation of all such communications; or,

   (3) reasonably adjust any written estimates prepared by the repair shop of the claimant's choice and provide a copy of the adjusted estimate to the claimant.

(g) No insurer shall require the use of non-original equipment manufacture replacement crash parts in the repair of an automobile unless:

   (1) the parts are at least equal to the original equipment manufacturer parts in terms of kind, quality, safety, fit, and performance;

   (2) insurers specifying the use of non-original equipment manufacturer replacement crash parts shall pay the cost of any modifications to the parts which may become necessary to effect the repair; and,

   (3) insurers specifying the use of non-original equipment manufacture replacement crash parts warrant that such parts are of like kind, quality, safety, fit, and performance as original equipment manufacturer replacement crash parts; and,

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

10 CA ADC § 2695.8
10 CCR § 2695.8
Cal. Admin. Code tit. 10, § 2695.8

Page 4

(4) all original and non-original manufacture replacement crash parts, manufactured after the effective date of this subchapter, when supplied by repair shops shall carry sufficient permanent, non-removable identification so as to identify the manufacturer. Such identification shall be accessible to the greatest extent possible after installation; and,

(5) the use of non-original equipment manufacturer replacement crash parts is disclosed in accordance with section 9875 of the California Business and Professions Code.

(h) No insurer shall require an insured or claimant to supply parts for replacement.

(i) When the amount claimed is adjusted because of betterment or depreciation, all justification shall be contained in the claim file. Any adjustments shall be discernable, measurable, itemized, and specified as to dollar amount, and shall accurately reflect the value of the betterment or depreciation. This subsection shall not preclude deduction for prior and/or unrelated damage to the loss vehicle. The basis for any adjustment shall be fully explained to the claimant in writing and shall:

(1) reflect a measurable difference in market value attributable to the condition and age of the vehicle, and

(2) apply only to parts normally subject to repair and replacement during the useful life of the vehicle such as, but not limited to, tires, batteries, et cetera.

(j) In a first party partial loss claim, the expense of labor necessary to repair or replace the damage is not subject to depreciation or betterment unless the insurance contract contains a clear and unambiguous provision permitting the depreciation of the expense of labor.

(k) After a covered loss under a policy of automobile collision coverage or automobile physical damage coverage as defined in California Insurance Code Section 660, where towing and storage are reasonably necessary to protect the vehicle from further loss, the insurer shall pay reasonable towing and storage charges incurred by the claimant. The insurer shall provide reasonable notice to the claimant before terminating payment for storage charges, so that the claimant has time to remove the vehicle from storage. This subsection shall also apply to a third party claim filed under automobile liability coverage as defined in California Insurance Code section 660, however, payment to a third party claimant may be prorated based upon the comparative fault of the parties.

<General Materials (GM) - References, Annotations, or Tables>

Note: Authority cited: Sections 790.10, 12921 and 12926, Insurance Code; Section 3333, Civil Code; and Sections 11152 and 11342.2, Government Code. Reference: Sections 758.5, 790.03(c) and 790.03(h)(3), Insurance Code; and Section 9875, Business and Professions Code.

HISTORY

1. New section filed 12-15-92; operative 1-14-93 (Register 92, No. 52).

2. Editorial correction of subsection (i) (Register 95, No. 42).

3. Amendment of section heading and section filed 1-10-97; operative 5-10-97 (Register 97, No. 2).

4. Amendment of section and Note filed 4-24-2003; operative 7-23-2003 (Register 2003, No. 17).

5. Change without regulatory effect filed 8-4-2004 depublishing the amendments to the insurance claims handling practices regulations that were approved by OAL 4-24-2003, but were enjoined in Personal Insurance Federation and The

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

10 CA ADC § 2695.8
10 CCR § 2695.8
Cal. Admin. Code tit. 10, § 2695.8

Surety Association of America v. John Garamendi, and reinstating replacement
regulations that were either (1) in effect prior to OAL's 4-24-2003 approval of
the amendments to the regulations or (2) were found by the court to be valid,
as amended, all pursuant to a court-approved settlement agreement dated 6-7-
2004 (Register 2004, No. 32).

6. Change without regulatory effect amending subsection (b) filed 9-15-2004
pursuant to section 100, title 1, California Code of Regulations (Register
2004, No. 38).

7. Amendment of section and Note filed 6-1-2006; operative 8-30-2006 (Register
2006, No. 22).

8. Change without regulatory effect amending subsection (b)(2) filed 3-23-2007
pursuant to section 100, title 1, California Code of Regulations (Register
2007, No. 12).

10 CCR § 2695.8, 10 CA ADC § 2695.8

1CAC

10 CA ADC § 2695.8
END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

# EXHIBIT 2

CONFORMED

1  Kent R. Keller (043463)
   Steven H. Weinstein (086724)
2  Larry M. Golub (110545)
   Maria G. Aguillon (199851)
3  Fred L. Wilks (205403)
   BARGER & WOLEN LLP
4  633 West Fifth Street, 47th Floor
   Los Angeles, California 90071
5  Telephone: (213) 680-2800
   Facsimile: (213) 614-7399
6
   Attorneys for Plaintiffs Personal Insurance Federation of
7  California, Association of California Insurance
   Companies, and The Surety Association of America
8

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 01 2003

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
        JENNY CHEA

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                  FOR THE COUNTY OF LOS ANGELES

11  PERSONAL INSURANCE FEDERATION          Case No.     BC298284
    OF CALIFORNIA, ASSOCIATION OF       )
12  CALIFORNIA INSURANCE                 )   COMPLAINT FOR DECLARATORY
    COMPANIES, and THE SURETY            )   AND INJUNCTIVE RELIEF
13  ASSOCIATION OF AMERICA,              )
                                         )
14              Plaintiffs,              )
                                         )
15         vs.                           )
                                         )
16  JOHN GARAMENDI, Insurance            )
    Commissioner of the State of California, )
17                                       )
                Defendant.               )
18                                       )
                                         )
19  _____  )

20

21       Plaintiffs Personal Insurance Federation of California, Association of California

22  Insurance Companies, and The Surety Association of America ("Plaintiffs") allege as follows:

23

24                          **PREFATORY STATEMENT**

25       1.   This action challenges the new Fair Claims Settlement Practices Regulations, found

26  at California Code of Regulations, Title 10, Chapter 5, Subchapter 7.5, Sections 2695.1 *through*

27  2695.14 (the "Regulations"), submitted to the Office of Administrative Law by the California

28  Department of Insurance and scheduled to take effect on July 23, 2003.  The Regulations are

i:\office\10253\001\03pleadings\complaint (2).doc

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1   intended to implement, interpret and make specific Section 790.03(h) of the Insurance Code, which

2   lists 16 unfair claims settlement practices.  A true and correct copy of the Regulations, as printed

3   from the California Department of Insurance website, is attached hereto as Exhibit "A."

4       2.    The new Regulations, filed by Insurance Commissioner John Garamendi with the

5   Office of Administrative Law on or about March 13, 2003, make wholesale substantive changes to

6   the existing Regulations.  These new Regulations were ostensibly proposed under the authority of

7   Insurance Code section 790.10, which authorizes the Commissioner to promulgate rules and

8   regulations as are necessary to "administer" the provisions of the California Unfair Practices Act,

9   at Insurance Code sections 790, *et seq.*  Under section 790.10, the Insurance Commissioner's

10  directive is to implement section 790.03(h), but not to expand its scope.  As alleged more fully

11  herein, these new Regulations are unreasonable, improper and unlawful and therefore void in that:

12

13      (a)    They improperly expand an insurer's obligations beyond the scope of

14              Insurance Code section 790.03(h), by altering, amending, enlarging, or in some

15              instances impairing the specified unfair claims settlement practices listed therein.

16              In other instances, the new Regulations prohibit certain acts by insurers, without

17              any statutory authority to support such restrictions.

18      (b)    They mandate coverage benefits under California insurance policies by

19              regulatory fiat without any statutory authorization as required by law.  Insurance

20              Code section 790.03(h) does not confer upon the Insurance Commissioner the

21              authority to mandate policy coverages or limitations.  Where the Legislature has

22              determined that mandatory policy provisions are warranted, it has enacted

23              legislation to mandate such provisions.  Here, the Legislature has not mandated

24              any of the policy provisions required by the new Regulations challenged herein.

25      (c)    They impose duties upon insurers and dictate valuation methodologies that

26              are inconsistent, and in many cases directly conflict, with established California

27              law.  Administrative regulations that violate acts of the Legislature are unlawful

28              and therefore void.

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-2-

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

(d)     They impose standards that are arbitrary, unreasonable, burdensome and will be extraordinarily expensive for insurers to implement.  These new Regulations do not meet the standard of necessity required by Government Code section 11349.1 in that the record of the rulemaking proceedings does not demonstrate by substantial evidence the need for these new Regulations to effectuate the purpose of Insurance Code section 790.03(h).

(e)     They add undefined terms that are not easily understood by insurers or consumers, creating uncertainty, making it difficult for insurers to assure compliance, and subjecting insurers to arbitrary and inconsistent compliance standards.  As such, these new Regulations do not meet the standard of clarity required by Government Code section 11349.1 and are therefore void.

This action is necessary because the Department of Insurance has ignored Plaintiffs' detailed written and oral objections to the amended Regulations and has rebuffed Plaintiffs' attempts to reopen the issue prior to their taking effect on July 23, 2003.  If these Regulations are permitted to take effect, insurers will be subjected to unreasonably burdensome, and in some instances impossible, standards that will prove extraordinarily expensive to insurers and ultimately to consumers.  Accordingly, Plaintiffs file this Complaint now and seek declaratory and injunctive relief as set forth below.

## PARTIES

3.    Plaintiff Personal Insurance Federation of California ("PIFC") is, and at all times mentioned in this Complaint was, a non-profit trade association dedicated to representing its member companies' interests before governmental bodies, including the California Legislature, the Commissioner, and California courts.  PIFC's members are insurers specializing in personal lines of insurance, primarily private passenger automobile and homeowners insurance in the State of California and elsewhere.  PIFC's membership accounts for approximately 35% of all personal lines insurance premiums sold in California.

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-3-

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

4.    Plaintiff Association of California Insurance Companies ("ACIC") is an affiliate of the National Association of Independent Insurers and represents more than 200 property/casualty insurance companies doing business in California.  Members of ACIC write more than one third of the total personal lines property/casualty insurance written in California, including more than 55 percent of personal automobile insurance, 35 percent of homeowners insurance, and 20 percent of business insurance.  The National Association of Independent Insurers is a leading national property/casualty insurance company trade group with more than 715 members.

5.    Plaintiff The Surety Association of America ("SAA") is a non-profit corporation consisting of approximately 550 member companies engaged in the business of suretyship. Members of SAA collectively write the vast majority of surety and fidelity bonds in the United States and California.  SAA is licensed by the California Department of Insurance as an Advisory Organization.

6.    Defendant John Garamendi is named in his official capacity as Insurance Commissioner of the State of California (the "Commissioner").  The Commissioner is charged by law with abiding by the California Insurance Code, and with otherwise discharging his duties according to law including, among other things, the standards set forth in Government Code sections 11349, *et seq.*, as well as the California Constitution and the United States Constitution.

## JURISDICTION AND VENUE

7.    This Court has jurisdiction over this action to the extent Plaintiffs seek injunctive and declaratory relief for violations of the Administrative Procedure Act (Gov. Code § 11350).

8.    Venue is proper in this Court pursuant to Code of Civil Procedure section 401 and Insurance Code section 12905, because this action is being prosecuted against a department of the State, and the Commissioner has offices in the County of Los Angeles.

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-4-

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## SUMMARY OF CLAIMS FOR RELIEF

### A. Declaratory Relief

9.   By this action, Plaintiffs seek a declaratory judgment establishing the invalidity of specific sections of the Regulations for the reasons set forth in the following causes of action.

### B. Injunctive Relief

10.   Immediate and permanent injunctive relief is necessary to prevent the violation of Plaintiffs' constitutional rights, the violations of law, and the irreparable waste of resources that will result if the challenged Regulations are permitted to take effect on July 23, 2003.

## BACKGROUND ALLEGATIONS

11.   On March 15, 2002, former California Insurance Commissioner Harry W. Low issued a Notice of Proposed Action, proposing changes to the fair claims settlement practices regulations found at California Code of Regulations, Title 10, Chapter 5, Subchapter 7.5, sections 2695.1 through 2695.14.  The Regulations which the Department of Insurance sought to amend were originally promulgated, after notice and public hearing, under the authority of Insurance Code section 790.10, as necessary to administer and make specific the provisions of Insurance Code section 790.03(h).

12.   Plaintiffs and various California insurers offered numerous written objections to the new Regulations, and offered further testimony at public proceedings in May 2002.  These objections provided detailed written comments, citing applicable legal authority, explaining that many of the new Regulations failed to meet the standards of authority, consistency, necessity and clarity required by Government Code section 11349.1.  The vast majority of these comments were rejected by Commissioner Low and were not reflected in the revised proposed regulations released by the Department on November 26, 2002.  Former Commissioner Low took the position that the revisions made were either non-substantial or solely grammatical in nature, or were sufficiently related to the original text that the public was adequately placed on notice that the change could

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-5-

1   result from the originally proposed regulatory action. The Department again invited public written

2   comment on the proposed regulations.

3         13.    In November 2002, Plaintiffs again offered detailed written comments, citing

4   applicable legal authority, explaining that the proposed Regulations were improper and failed to

5   meet the minimum requirements of the law. On March 13, 2003, the Commissioner filed the new

6   Regulations in final form to the Office of Administrative Law ("OAL") for review. These

7   Regulations included additional revisions that were not made available to the public for review and

8   comment. As a result, the OAL initially rejected a portion of the Regulations, section 2695.1(s), as

9   improperly submitted without public comment. This section was later approved by the OAL. The

10   new Regulations are currently scheduled to take effect on July 23, 2003, with the exception of

11   section 2695.1(s), which is scheduled to take effect on September 3, 2003.

12

13                       **GENERAL ALLEGATIONS**

14         14.    The Commissioner has the authority to promulgate the Regulations under

15   Insurance Code section 790.10, "as necessary to administer" and make specific the provisions of

16   Insurance Code section 790.03(h). Any Regulations that alter, amend, enlarge or impair the scope

17   of section 790.03(h) are unlawful and therefore void.

18         15.    As is set forth more fully below, the new Regulations improperly expand an

19   insurer's obligations beyond the scope of Insurance Code section 790.03(h), by altering, amending,

20   enlarging, or in some instances impairing the express statutory provisions set forth therein. In other

21   instances, the new Regulations prohibit certain acts by insurers, without any statutory authority to

22   support such restrictions. Many of the new Regulations challenged herein improperly impose

23   coverage benefits and other policy terms by regulatory fiat. The Commissioner has improperly and

24   unlawfully imposed these policy terms without the authority of the Legislature.

25         16.    The new Regulations improperly impose duties upon insurers and dictate

26   valuation methodologies that are inconsistent, and in many cases directly conflict with, established

27   California law. Administrative regulations that violate acts of the Legislature are unlawful and

28   therefore void.

BARGER & WOLEN LLP
833 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-6-

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

17.    The new Regulations improperly impose standards that are arbitrary, unreasonable, burdensome and will be extraordinarily expensive for insurers to implement, with the potential that these expenses ultimately will be passed on to consumers. The record of the rulemaking proceedings do not demonstrate by substantial evidence the need for these new Regulations to effectuate the purpose of Insurance Code section 790.03(h).

18.    The new Regulations add undefined terms that are not easily understood by insurers or consumers, creating uncertainty, making it difficult for insurers to assure compliance, and subjecting insurers to arbitrary and inconsistent compliance standards.

19.    Plaintiffs have diligently opposed the new Regulations challenged herein and have sought, up until the time of filing this action, to have the Department of Insurance reopen this issue and re-consider the propriety and lawfulness of the new Regulations. The Department of Insurance has consistently rejected Plaintiffs' detailed written and oral objections to the new Regulations and has rebuffed Plaintiffs' attempts to reopen the issue prior to their taking effect on July 23, 2003. If these Regulations are permitted to take effect, insurers will be subjected to unreasonably burdensome, and in some instances impossible standards, all of which will prove extraordinarily expensive to insurers and ultimately to consumers.

20.    Taken as a whole, the new Regulations substantially increase the authority and powers of the Commissioner by permitting him to circumvent procedures mandated by the legislature and declare previously unregulated practices illegal without notice, impose penalties upon insurers for a single inadvertent act despite express statutory and case law to the contrary, hold insurers to standards that are inconsistent or in direct conflict with existing law, and impose policy benefits without a grant of authority from the Legislature, as required by law. Moreover, the fact that the definition of "Proof of Claim" set forth in Regulation section 2695.1(s) does not take effect until September 3, 2003, infects the rest of the new regulatory framework with ambiguity as the Regulations are replete with provisions that rely on this definition.

21.    With respect to each of the Regulations set forth below, the Commissioner and the Department of Insurance may act only pursuant to powers conferred on it by statute and consistent with the United States Constitution and the California Constitution. Any actions taken by

-7-

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1  the Commissioner or the Department of Insurance in excess of the powers expressly conferred, or

2  inconsistent with express statutory provisions, are void. Any regulations promulgated by the

3  Commissioner that lack clarity in that they cannot easily be understood by insurers or consumers are

4  equally void. The necessity of any Regulations promulgated by the Commissioner must be

5  demonstrated by substantial evidence in the record of the rulemaking proceedings, or are otherwise

6  void.

7      22.    The Commissioner has a duty to promulgate regulations under Insurance Code

8  section 790, *et seq.*, in a valid, lawful, and constitutional manner.

9      23.    With respect to each section of the Regulations identified below, an actual

10  controversy has arisen and now exists between Plaintiffs, their member companies and the

11  Defendant Commissioner relating to their respective rights and duties in that Defendant contends

12  the Regulations are lawful and enforceable, and Plaintiffs contend that, as described above, portions

13  of those Regulations are invalid, unlawful, and unconstitutional.

14      24.    Plaintiffs desire a declaration of their rights and the rights of their members with

15  respect to the validity, legality, constitutionality, and application of Regulations.

16      25.    Such a declaration is necessary and appropriate at this time under the

17  circumstances so that Plaintiffs and their members may ascertain their rights and duties with respect

18  to the Regulations.

19      26.    Plaintiffs have exhausted all available administrative remedies required to be

20  exhausted and will suffer irreparable injury unless declaratory relief is granted.

21      27.    Plaintiffs are entitled to recover their attorneys fees incurred in this action,

22  pursuant to Code of Civil Procedure section 1021.5 and Insurance Code section 12926.1(d)(2).

23

24              **FIRST CAUSE OF ACTION**

25          (Declaratory Relief – Regulation § 2695.1(b) Invalid
26            As Inconsistent With Insurance Code § 790.06)

27      28.    Plaintiffs reallege paragraphs 1-27 above.

28

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-8-

29.    Regulation section 2695.1(b) formerly provided that unfair practices not specifically delineated in the Regulations may also be "a violation Insurance Code section 790.03(h)."  The new Regulation deletes the reference to section 790.03(h) and provides instead that other "method, act(s) or practices" not prohibited by the Regulations may also be "unfair claims settlement practices," and thus a violation of the Regulations.

30.    The new Regulation section 2695.1(b) is inconsistent with Insurance Code sections 790.06 and 790.03.  Insurance Code section 790.06 establishes a procedure by which the Commissioner may designate acts as unfair that are not otherwise listed in Insurance Code section 790.03(h).   Under Section 790.06, the Commissioner must issue an order to show cause and hold a hearing in accordance with the Administrative Procedures Act (Govt. Code section 11500, *et seq.*). The new Regulation section 2695.1(b) would allow the Commissioner to circumvent these procedures by taking action against insurers for claims handling practices to enforce Insurance Code § 790.03(h), even where such claims handling practices are not specifically prohibited by the statute or the Regulations promulgated thereunder.

## SECOND CAUSE OF ACTION

(Declaratory Relief – Regulation §§ 2695.1(c) and 2695.2(j)
Invalid As Lacking the Requisite Necessity)

31.    Plaintiffs reallege paragraphs 1-27 above.

32.    The new Regulations delete former section 2695.1(c).  That section currently recognizes the unique relationship which exists under a surety bond between the insurer, the obligee or beneficiary, and the principal as set described in *Cates Construction, Inc. v. Talbot Partners*, 21 Cal. 4th 28 (1999).  Accordingly, this section expressly exempts the handling or settlement of claims brought under surety bonds as to all Regulations, except as specifically set forth in therein.

33.    Similarly, the new Regulations delete portions of Regulation section 2695.2(j), which expressly excluded surety bonds from the definition of "insurance policy" as that term is used in the Regulations.

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

34.     The deletions of Regulation section 2695.1(c) and portions of section 2695.2(j), disregarding the legal distinctions between traditional insurers and sureties, lack the requisite necessity. There is nothing in the record of the rulemaking proceedings that demonstrates by substantial evidence a need for making the entirety of the Regulations applicable to the settlement of claims brought under surety bonds. The unique tripartite relationship between the surety insurer, the beneficiary and the principal typically involves complexities inherent to that relationship which are not present in the typical insurer-insured relationship.

## THIRD CAUSE OF ACTION

(Declaratory Relief – Regulation § 2695.1(e) Invalid
As Beyond the Commissioner's Authority)

35.     Plaintiffs reallege paragraphs 1-27 above.

36.     The new Regulation section 2695.1(e) provides: "Policy provisions relating to the investigation, processing and settlement of claims shall be consistent with or more favorable to the insured than the provisions of these regulations."

37.     The new Regulation section 2695.1(e) exceeds the Commissioner's authority because Insurance Code section 790, *et seq.*, does not give the Commissioner or the Department of Insurance the authority to dictate *policy provisions*. Insurance Code section 790.03(h) regulates insurers' *procedures* in handling claims, as opposed to the benefits set forth in the policy. In light of the numerous instances in which the Department is proposing to expand the scope of its authority, promulgate new Regulations that are inconsistent with California law, and mandate policy provisions without legislative authority, as alleged herein, new Regulation section 2695.1(e) is an improper attempt to impose new and expanded policy terms by regulatory fiat. Such action is beyond the scope of Insurance Code section 790.03(h).

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-10-

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## FOURTH CAUSE OF ACTION

(Declaratory Relief – Regulation § 2695.2(s) Invalid As Beyond the
Commissioner's Authority, Inconsistent With Insurance Code
§ 790.03(h), and Lacking the Requisite Clarity)

38.     Plaintiffs reallege paragraphs 1-27 above.

39.     The new Regulation section 2695.2(s) defines a "Proof of Claim" to include "any evidence" received by the insurer that supports an insured's claim, eliminating an insurer's right to require documentation of a claim.  The new section 2695.2(s) also eliminates the phrase "magnitude or the amount of the claimed loss" making this section susceptible to the potential misinterpretation that proof of the amount of the loss cannot be required.

40.     The new Regulation section 2695.2(s) exceeds the Commissioner's authority by expanding the scope of Insurance Code section 790.03(h)(4), which prohibits an insurer from "failing to affirm or deny coverage of claims within a reasonable time after proof of loss requirements have been completed and submitted by the insured," to prohibit an insurer from setting proof of loss rules in its policy.  Regulation section 2695.2(s) further exceeds the scope of section 790.03(h)(4) by defining a "Proof of Claim" to include "other evidence that the insurer discovers in the course of its investigation," as opposed to evidence received from an insured.  Section 790.03(h)(4) expressly limits its scope to proofs of loss "completed and submitted by the insured."

41.     The new Regulation section 2695.2(s) is also inconsistent with Insurance Code section 790.03(h)(4).  That Regulation improperly and unlawfully prohibits an insurer from setting proof of loss rules in its policy as contemplated by Insurance Code section 790.03(h)(4).

42.     The new Regulation section 2695.2(s) also lacks the requisite clarity because the phrase "any evidence" creates uncertainty, making it difficult for an insurer to assure compliance, and subjecting an insurer to arbitrary and inconsistent compliance standards.  Further, the Commissioner's deletion of the phrase "magnitude or the amount of the claimed loss" without further clarification as to what is meant by "any evidence" renders this Regulation hopelessly vague.  This ambiguity is further compounded by the fact that this Regulation is inconsistent with Regulation section 2695.7 to the extent an that it could potentially be improperly interpreted to

-11-

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1   require an insurer to accept a claim and make payment to the insured without any evidence or

2   documentation as to the amount of damages, and possibly before any liability has been determined.

3   Moreover, the amended Regulation section 2695.7(b) provides that the "amounts accepted or denied

4   shall be clearly documented in the claims file" notwithstanding that the potential that this section

5   could be improperly interpreted as eliminating the requirement of proof as to the amount of the loss.

6   Finally, the fact that the definition of "Proof of Claim" set forth in Regulation section 2695.1(s)

7   does not take effect until September 3, 2003 infects the rest of the new regulatory framework with

8   ambiguity as the Regulations are replete with provisions that rely on this definition.

9

10                          **FIFTH CAUSE OF ACTION**

11          (Declaratory Relief – Regulation § 2695.4(a) As Beyond the Commissioner's
                          Authority and Lacking the Requisite Necessity)
12

13          43.     Plaintiffs reallege paragraphs 1- 27 above.

14          44.     The new Regulation section 2695.4(a), formerly subsection (b), improperly and

15   unlawfully expands an insurer's disclosure obligations to require the disclosure of "any pertinent

16   statutes and regulations, that may apply to the claim presented or that the insurer relies upon to

17   process the claim." This Regulation also requires an insurer to disclose *all* policy provisions that

18   the insurer relies upon to process, or that "may" apply to an insured's claim.

19          45.     The new Regulation section 2695.4(a) exceeds the Commissioner's authority

20   because Insurance Code section 790.03(h) does not give the Commissioner or the Department of

21   Insurance the authority to require insurers to disclose every law and regulation that "may" touch

22   upon the claims process. The Regulation would require insurers to make legal representations and

23   potentially disclose privileged material. As such, this Regulation would set an impossible standard

24   for insurers, imposing upon them the unreasonable burden to require claims handling employees to

25   determine all statutory and regulatory provisions that "may" apply under the circumstances. It

26   would force claims handling employees to have legal knowledge beyond their training and would

27   require insurers to improperly practice law in violation of California Business & Professions Code

28

BARGER & WOLEN LLP
833 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-12-

1  section 625. As the new Regulation section 2695.4(a) expands an insurer's disclosure obligations

2  under section 790.03(h), it exceeds the authority of the Commissioner and is therefore void.

3      46.    The new Regulation section 2695.4(a) further exceeds the authority of the

4  Commissioner and the Department of Insurance to the extent that it requires insurers to advise

5  insureds of *all* policy provisions that the insurer relies upon, or that "may" apply to an insured's

6  claim. Insurance Code section 790.03(h)(9) requires an insurer, upon request, to inform the

7  claimant of "the coverage under which payment was made." Insurance Code section 790.03(h)(13)

8  requires insurers to provide an explanation of the facts or applicable law relied upon in denying a

9  claim. Nothing in section 790.03(h) requires insurers to disclose *all* applicable policy provisions,

10  including those that "may" apply under the circumstances. Insureds are already in possession of the

11  insurance policy setting forth all coverages, benefits and limitations. As a matter of law, insureds

12  are charged with knowledge of these policy provisions.

13      47.    The requirements set forth in this section are particularly burdensome for sureties

14  in light of the fact that surety bonds are not drafted by insurers, but by the obligee. A surety is not

15  in a better position to cite particular provisions of the "policy" than its obligee.

16      48.    In addition, new Regulation section 2695.4(a) does not meet the standard of

17  necessity under Government Code section 11349(a) to the extent that it requires insurers to advise

18  insureds of *all* policy provisions that the insurer relies on to process the claim, or that "may" apply

19  to a claim. As set forth above, insureds are already in possession of the insurance policy setting

20  forth all coverages, benefits and limitations, and are charged with knowledge of these policy

21  provisions as a matter of law. Nothing in the record of the rulemaking proceedings demonstrates by

22  substantial evidence the need for this Regulation to effectuate the purpose of section 790.03(h).

23

24                    **SIXTH CAUSE OF ACTION**

25          (Declaratory Relief – Regulation § 2695.7(b) Invalid As
26              Lacking the Requisite Necessity and Clarity)

27      49.    Plaintiffs reallege paragraphs 1- 27 above.

28

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-13-

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1        50.     The new Regulation section 2695.7(b) requires that upon accepting or denying a

2    claim, in whole or in part, "[t]he amounts accepted or denied shall be clearly documented in the

3    claim file."

4        51.     The new Regulation section 2695.7(b) does not meet the standard of necessity

5    under Government Code section 11349(a) to the extent that it requires insurers to clearly document

6    the amounts denied even when the insurer denies liability in its entirety.  After reviewing public

7    comments to this new Regulation, the Department responded that "the commissioner agrees that the

8    actual amount of a claim that is denied in its 'entirety' need not be documented."  The Department

9    therefore stated that this Regulation should be modified, requiring documentation of the amount

10   denied "unless the claim has been denied in its entirety."  The Department elected, without any

11   explanation, not to add the quoted language to the final Regulation.  Nothing in the record of the

12   rulemaking proceedings demonstrates by substantial evidence the need for this Regulation to

13   effectuate the purpose of section 790.03(h).

14       52.     The new Regulation section 2695.7(b) also lacks the requisite clarity because the

15   phrase "clearly documented" can be subject to various interpretations.  The requirement that

16   documentation must be "clear" creates uncertainty, making it difficult for an insurer to assure

17   compliance, and subjecting an insurer to arbitrary and inconsistent compliance standards.

18   Moreover, this new Regulation is confusing as to how an insurer can document the amount accepted

19   or denied in light of the fact that the new Regulation section 2695.2(s) could potentially be

20   misinterpreted to eliminate the requirement that a proof of claim document the "magnitude or the

21   amount of the claimed loss."

22

23                         **SEVENTH CAUSE OF ACTION**

24                 (Declaratory Relief – Regulation § 2695.7(b)(1) As
25                      Beyond the Commissioner's Authority)

26       53.     Plaintiffs reallege paragraphs 1- 27 above.

27       54.     The new Regulation section 2695.7(b)(1) provides: "Where an insurer's denial

28   of a first party claim . . . in whole or in part is based on a specific <u>statute</u> . . . or policy provision . . .

-14-

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1  the written denial shall include a reference thereto and provide an explanation of the application of

2  the statute, provision, condition or exclusion of the claim."

3          55.      The new Regulation section 2695.7(b)(1) exceeds the Commissioner's authority

4  because Insurance Code section 790, *et seq.*, does not give the Commissioner or the Department of

5  Insurance the authority to require insurers to provide legal analysis and explanation of statutes that

6  may be applicable to a claim.  The Regulation would improperly require insurers to make legal

7  representations and potentially disclose privileged material.  As such, this Regulation would set an

8  impossible standard for insurers, imposing upon them the unreasonable burden of determining the

9  applicable statutory and regulatory provisions in each circumstance and thereby forcing claims

10  handling employees to have legal knowledge beyond their training.  This Regulation would further

11  require insurers and their claims handling employees to improperly practice law in violation of

12  California Business & Professions Code section 625.  As the new Regulation section 2695.7(b)(1)

13  expands an insurer's disclosure obligations under section 790.03(h), it exceeds the authority of the

14  Commissioner and is therefore void.

15

16                          **EIGHTH CAUSE OF ACTION**

17          (Declaratory Relief – Regulation § 2695.7(b)(5) As Beyond the Commissioner's
                    Authority and Inconsistent With Established Law)
18

19          56.      Plaintiffs reallege paragraphs 1- 27 above.

20          57.      The new Regulation section 2695.7(b)(5) provides:  "The cost of labor is not

21  subject to depreciation."

22          58.      The new Regulation section 2695.7(b)(5) exceeds the Commissioner's authority

23  by expanding the scope of Insurance Code section 790.03(h), which does not mention depreciation,

24  and does not give the Commissioner the authority to dictate policy provisions.  The practical effect

25  of this new Regulation is to mandate that insurers extend replacement cost coverage to all policies

26  despite the fact that such coverage goes beyond the concept of indemnity coverage.  Insurance Code

27  section 790.03(h)(5) merely requires insurers to attempt "in good faith to effectuate prompt, fair,

28  and equitable settlements of claims in which liability has become reasonably clear."  Prohibiting the

                                           -15-

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1 depreciation of labor costs is beyond the scope of the general standard of fair and equitable

2 settlements and rewrites insurers' existing policy language.

3      59.    The new Regulation section 2695.7(b)(5) is also inconsistent with established

4 California law. As discussed above, the practical effect of this new Regulation is to mandate that

5 insurers extend replacement cost coverage to all policies. Established California law upholds fair

6 market value as a fair measure of damage. *See Jefferson Ins. Co. v. Superior Court*, 3 Cal. 3d 398,

7 402 (1970). Since the cost of labor is intrinsic to any repair, depreciation logically applies to the

8 entire repair job, including labor. The "unit cost" method, which incorporates all expense items into

9 one price estimate, is a well-accepted method for estimating property damage. Requiring insurers

10 to implement new systems itemizing original labor costs would not only be contrary to established

11 existing law, but would also be extraordinarily expensive for insurers and, potentially, for

12 consumers.

### NINTH CAUSE OF ACTION

(Declaratory Relief – Regulation § 2695.7(d) Invalid As Beyond the
Commissioner's Authority and Lacking the Requisite Clarity)

60.    Plaintiffs reallege paragraphs 1 - 27 above.

61.    The new Regulation section 2695.7(d) adds the requirement that insurers

"conduct and diligently pursue a thorough, fair and objective investigation."

62.    The new Regulation section 2695.7(d) exceeds the Commissioner's authority by

expanding the scope of Insurance Code section 790.03(h), which does not authorize the

Commissioner to require insurers to conduct a "thorough, fair and objective" investigation. This

language appears to create a new standard of conduct in potential bad faith and unfair competition

actions.

63.    The new Regulation section 2695.7(d) also lacks the requisite clarity to the extent

that it requires a "thorough, fair and objective" investigation. The new language is not defined

anywhere in the Regulations, creating uncertainty as to its meaning, making it difficult for an

insurer to assure compliance, and subjecting an insurer to arbitrary and inconsistent compliance

-16-

1    standards.  In light of the additional requirement set forth in this section that an insurer shall not

2    persist in seeking information "not reasonably required or material" to the claim, the new language

3    appears to require investigations that achieve perfection.

4

5                                **TENTH CAUSE OF ACTION**

6                       (Declaratory Relief – Regulation § 2695.7(e) Invalid
7                              As Inconsistent With Established Law)

8          64.    Plaintiffs reallege paragraphs 1- 27 above.

9          65.    Regulation section 2695.7(e) provides that no insurer may delay or deny

10   settlement of a first party claim on the basis that responsibility for payment should be assumed by

11   others.  The changes to this Regulation make this section applicable to sureties.

12         66.    The new Regulation section 2695.7(e) is inconsistent with established California

13   law.  A surety's obligation to perform is secondary and requires proof of default by the principal

14   before the obligation even begins to exist.  This process and proof requirement is lengthy and

15   complex making the timeframes set forth in section 2695.7 unreasonable.  The new Regulation fails

16   to recognize the legal duty of a principal to perform under a surety bond as the primary duty in the

17   contract.

18

19                              **ELEVENTH CAUSE OF ACTION**

20                      (Declaratory Relief – Regulation § 2695.7(g)(2) Invalid
21                             As Beyond the Commissioner's Authority)

22         67.    Plaintiffs reallege paragraphs 1 - 27 above.

23         68.    The new Regulation section 2695.7(g)(2) provides that in determining whether or

24   not a settlement offer made by an insurer is too low, the Commissioner shall consider the extent to

25   which the insurer considered "legal authority" known to it.

26         69.    The new Regulation section 2695.7(g)(2) exceeds the Commissioner's authority

27   by improperly requiring insurers to disclose to the Department confidential attorney-client opinions

28

BARGER & WOLEN LLP
833 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

                                        -17-

1   and communications. The new Regulation would further require that every claim submitted to an

2   insurer be handled by a person who has broad knowledge of all possible legal authority.

3

4                               **TWELFTH CAUSE OF ACTION**

5                    (Declaratory Relief – Regulation § 2695.7(g)(7) Invalid

6                            As Beyond the Commissioner's Authority)

7        70.    Plaintiffs reallege paragraphs 1- 27 above.

8        71.    The new Regulation section 2695.7(g)(7) makes any early settlement offer

9   subject to review by the Department in determining whether a settlement offer is too low.

10       72.    The new Regulation section 2695.7(g)(7) exceeds the Commissioner's authority

11  because Insurance Code section 790.03(h) does not give the Commissioner the authority to actively

12  participate in the claims settlement process. This new Regulation fails to recognize the negotiation

13  process inherent in claims investigations and will cause insurers to refrain from making early

14  settlement offers, to the detriment of claimants. The new Regulation would also change the role of

15  the Department from regulator to an arbitrator of an on-going negotiation.

16

17                             **THIRTEENTH CAUSE OF ACTION**

18                   (Declaratory Relief – Regulation § 2695.7(h) Invalid

19                           As Inconsistent With Established Law)

20       73.    Plaintiffs reallege paragraphs 1- 27 above.

21       74.    Formerly, Regulation section 2695.7(h) prescribed time limits and other duties of

22  an insurer in paying a claim upon acceptance. This section would require insurers, in cases of

23  multiple claimants, to tender payment to the first claimant to come forward. It could also

24  potentially be misinterpreted to require partial payment to third party claimants without a binding

25  release.

26       75.    The new Regulation section 2695.7(h) is inconsistent with the established

27  California law to the extent that it could potentially be misinterpreted to require partial payment to

28  third party claimants even where the "accepted" amount does not terminate the insured's liability

-18-

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1    and before a release of liability can be obtained on behalf of an insured. The new Regulation would

2    also require insurers, in cases of multiple claimants, to tender payment to the first claimant to come

3    forward despite the fact that the first claimant may not have suffered the most damage, which is also

4    inconsistent with California law. (*See Schwartz v. State Farm Fire and Casualty Co.*, 88 Cal. App.

5    4th 1329, 1339 (2001); *Kinder v. Western Pioneer Industries Co.*, 231 Cal. App. 2d 894, 902

6    (1965).)

7

8                          **FOURTEENTH CAUSE OF ACTION**

9                  (Declaratory Relief – Regulation § 2695.7(r) Invalid As Beyond
10                     the Commissioner's Authority and Lacking Clarity)

11        76.    Plaintiffs reallege paragraphs 1 - 27 above.

12        77.    The new Regulation section 2695.7(r) provides: "No insurer shall pursue a claim

13    for subrogation without having conducted a thorough, fair and objective investigation as to whether

14    subrogation is appropriate."

15        78.    This Regulation exceeds the Commissioner's authority because Insurance Code

16    section 790, *et seq.*, does not give the Commissioner or the Department of Insurance the authority to

17    in any way limit an insurer's right to subrogation. Subrogation is a right, derived from the

18    insurance contract, under which the insurer steps into the shoes of the insured for the purpose of

19    seeking indemnity from the person responsible for a loss after the insurer has made payment on the

20    insured's claim. Nothing in section 790.03(h) addresses an insurer's right to subrogation or in any

21    way limits it. In fact, this Regulation is improperly and unlawfully designed to protect third parties

22    responsible for losses to insureds, a class of persons not protected by section 790.03(h). This

23    Regulation may also potentially expose insurers to claims of improper subrogation or failure to

24    subrogate, without any legal authority for limiting the discretion of the insurer.

25        79.    The new Regulation section 2695.7(r) also lacks the requisite clarity because the

26    standard for a "thorough, fair and objective investigation" is too vague and creates uncertainty,

27    making it difficult for an insurer to assure compliance, and subjecting an insurer to arbitrary and

28    inconsistent compliance standards. This Regulation may potentially expose insurers to claims by

                                        -19-

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1  third parties that an insurer failed to conduct a "thorough" and "fair" investigation, despite the lack

2  of clear and unambiguous standards.

3

4  ### FIFTEENTH CAUSE OF ACTION

5  (Declaratory Relief – Regulation § 2695.7(s) Invalid As Inconsistent
   With Established Law, Beyond the Commissioner's Authority,
6  and Lacking the Requisite Clarity)

7      80.    Plaintiffs reallege paragraphs 1- 27 above.

8      81.    The new Regulation section 2695.7(s) makes an insurer responsible for the

9  accuracy of data used in the adjustment of claims, whether prepared by the insurer itself or by a

10  third party, and regardless of whether the insurer relied upon such data in good faith: "Insurers are

11  responsible for the accuracy of data used to establish the value of insurance claims.  Insurers

12  choosing to use data from a computerized database source or any other source remain responsible

13  for the accuracy of data they use, whether this data is derived in-house or through third parties."

14      82.    This Regulation is inconsistent with Insurance Code section 790.03(h), which

15  requires insurers to attempt in good faith to effectuate prompt, fair and equitable settlements of

16  claims to the extent that liability has become "reasonably clear."  This is a good faith standard.

17  Regulation section 2695.7(s), on the other hand, prescribes a strict liability standard for any

18  information used by an insurer to value an insured's claim.  The Commissioner expressly rejected

19  public comments suggesting that the Regulation instead require insurers to secure accuracy

20  statements from third party vendors along with documented evidence supporting the data provided.

21  This strict liability standard is extremely burdensome and impossible for any insurer to comply

22  with, and is inconsistent with the good faith standard of section 790.03(h).

23      83.    This Regulation also exceeds the Commissioner's authority because Insurance

24  Code section 790, *et seq.*, does not give the Commissioner or the Department of Insurance the

25  authority to impose a strict liability standard upon insurers.  Nothing in the Insurance Code

26  prohibits or restricts insurers from using database information in adjusting claims or creates any

27  type of liability for use of such information, whatever the source.  Nothing in the Insurance Code

28

BARGER & WOLEN LLP
833 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-20-

1    prohibits an insurer from relying on information provided by an insured.  This Regulation is

2    extremely burdensome and impossible for any insurer to comply with, will create unnecessary

3    litigation, and will increase the costs of processing claims.  This Regulation exceeds the good faith

4    standard provided by section 790.03(h) and is therefore void.

5           84.    The new Regulation section 2695.7(s) also lacks clarity to the extent that it

6    makes an insurer responsible for the accuracy of data from a computerized database source "or any

7    other source." Such language would appear to make an insurer responsible for erroneous

8    information submitted by the insured.  However, in response to public comments on this new

9    Regulation, the Commissioner offered the opinion that "this subsection does not prohibit an insurer

10   from paying claims based on unverified data such as estimates and receipts submitted by

11   claimants." There is nothing in the text of the Regulation to support this statement.  The Regulation

12   therefore creates uncertainty, making it difficult for an insurer to assure compliance, and subjecting

13   an insurer to arbitrary and inconsistent compliance standards.

14

15                          **SIXTEENTH CAUSE OF ACTION**

16                  (Declaratory Relief – Regulation § 2695.8(b) Invalid
                       As Beyond the Commissioner's Authority)
17

18          85.    Plaintiffs reallege paragraphs 1 - 27 above.

19          86.    The new Regulation section 2695.8(b) deletes the term "first party" making this

20   section relating to total loss valuations and replacement vehicles applicable to third party claims.

21          87.    This Regulation exceeds the Commissioner's authority because Insurance Code

22   section 790.03(h) does not give the Commissioner or the Department of Insurance the authority to

23   dictate coverage benefits under an insurer's policy.  Insurers have no contractual obligation to

24   provide replacement vehicles to third parties.

25

26

27

28

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-21-

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## SEVENTEENTH CAUSE OF ACTION

(Declaratory Relief – Regulation § 2695.8(b)(1) Invalid As
Inconsistent With Established Law and
Beyond the Commissioner's Authority)

88.     Plaintiffs reallege paragraphs 1 - 27 above.

89.     The new Regulation section 2695.8(b)(1), relating to cash settlements for total loss claims, requires that cash settlements shall include all taxes and one-time fees incident to transfer of ownership, including license fees and other annual fees, to be computed based upon the remaining term of the loss vehicle's current registration.  This Regulation requires the inclusion of fees and taxes whether or not the insured purchases a replacement vehicle.  This Regulation, as amended, is also expanded in scope to apply to third party claimants.

90.     This Regulation exceeds the Commissioner's authority because Insurance Code section 790.03(h) does not give the Commissioner or the Department of Insurance the authority to dictate coverage benefits under an insurer's policy.  The Regulation requires an insurer to compensate a claimant beyond the amount necessary to indemnify the claimant by requiring the insurer to pay sales tax even where the claimant elects to keep the vehicle.  This would result in betterment to the claimant rather than fair compensation.  Even where a claimant elects not to retain the vehicle, nothing in the Insurance Code section 790.03(h) requires an insurer to pay transfer fees, annual fees, license fees, or sales taxes.

91.     This section is also inconsistent with established California law, which provides that a loss payable on a total loss claim is not the cost of the automobile to the claimant, but its fair market value just prior to the loss.  *See, e.g., Martin v. State Farm Mutual Auto. Ins. Co.*, 200 Cal. App. 2d 459, 470 (1962).  The Regulation requires an insurer to compensate a claimant beyond the amount necessary to indemnify the insured by requiring the insurer to pay sales tax even where the claimant elects to keep the vehicle.  This would result in betterment to the claimant rather than fair compensation.

BARGER & WOLEN LLP
833 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-22-

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

92.     This section also violates Article XIII, section 28(f) of the California Constitution to the extent that it seeks to arbitrarily and improperly impose new taxes on insurers doing business in California.

## EIGHTEENTH CAUSE OF ACTION

(Declaratory Relief – Regulation § 2695.8(b)(2)-(3) Invalid As Inconsistent
With Established Law, Beyond the Commissioner's
Authority, and Lacking the Requisite Clarity)

93.     Plaintiffs reallege paragraphs 1 – 27 above.

94.     The new Regulation section 2695.8(b)(2) sets the standards for comparable automobiles used by an insurer to determine the actual cash value of the loss vehicle in total loss claims. This section significantly limits insurers' ability to evaluate total loss values. Regulation section 2695.8(b)(3) requires insurers to "take reasonable steps to verify that the determination of the cost of a comparable vehicle is accurate and representative of the market value of the comparable automobile in the local market area."

95.     This Regulation exceeds the Commissioner's authority because Insurance Code section 790, *et seq.*, does not give the Commissioner or the Department of Insurance the authority to dictate an insurer's methods for determining the value of comparable automobiles. As authority for this Regulation, the Commissioner relies upon Insurance Code section 790.03(h)(5), which makes it a violation of law for an insurer "not attempting in good faith, to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear." The Regulation provides that an insurer may value a total loss vehicle, in part, based on the "asking price" of comparable vehicles that have not yet been sold. It also limits the use of deductions for the condition of a loss vehicle unless the documented condition of the vehicle is below average. This would restrict an insurer's ability to account for the condition of the total loss vehicle and impair the insurer's ability to determine the fair market value of the vehicle just prior to the loss. To the extent that this Regulation would require an insurer to use valuations based on vehicles in better condition than the total loss vehicle, without adjustment or consideration of condition, it is an attempt to dictate increased coverage benefits under an insurer's policy without authority and contrary to

-23-

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1    California law. The Regulation further prohibits the use of newer model year vehicles as

2    comparable vehicles unless the insurer cannot locate sufficient comparable vehicles of the same

3    model year. Nothing in section 790.03(h) limits an insurer's ability to make comparisons, or the

4    type of information an insurer may rely upon in making valuation determinations. This Regulation

5    exceeds the Commissioner's authority under section 790.03(h)(5), which merely sets a good faith

6    standard, and is therefore void.

7        96.    Regulation section 2695.7(b)(2) also lacks clarity to the extent that it requires an

8    insurer to value a total loss vehicle based on the "asking price" of a comparable vehicle that has not

9    yet been sold. Such language would appear to require an insurer to base total loss valuations on the

10   "sticker price" of comparable unsold vehicles. However, in response to public comments on this

11   new Regulation, the Commissioner offered the opinion that a total loss valuation "should be based

12   upon what an average consumer, with average negotiating skills, would pay." There is nothing in

13   the text of the Regulation that reflects this statement. The Regulation therefore creates uncertainty,

14   making it difficult for an insurer to assure compliance, and subjecting an insurer to arbitrary and

15   inconsistent compliance standards.

16       97.    Regulation section 2695.7(b)(3) further lacks clarity to the extent that it requires

17   an insurer "verify" the accuracy of comparable vehicle data. The Regulation contains no

18   explanation as to what steps are required of an insurer to verify comparable vehicle data. In

19   response to public comments, the Commissioner explained that this section "does not require the

20   insurer to verify and recreate each valuation it obtains from a third party." This statement further

21   confuses an insurer's obligations since it is inconsistent with the text of the Regulation, making it

22   difficult for an insurer to assure compliance, and subjecting it to arbitrary and inconsistent

23   compliance standards.

24

25                            **NINETEENTH CAUSE OF ACTION**

26           (Declaratory Relief – Regulation § 2695.8(f)(2) Invalid As Beyond the
                 Commissioner's Authority and Proposed Without Proper Notice)
27

28       98.    Plaintiffs reallege paragraphs 1 - 27 above.

                                        -24-

BARGER & WOLEN LLP
833 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

                    **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

99.     The new Regulation section 2695.8(f)(2) requires an insurer recommending a vehicle repair shop to a claimant to provide written notice of the rights conferred by Insurance Code section 1874.87 (the Auto Body Repair Consumer Bill of Rights), which otherwise provides for written notice to insureds.  This new requirement was not included in the Department's original proposed amendments to the Regulations.

100.     This new Regulation was proposed unfairly and without proper notice as required by Government Code section 11346.5.  The Department may not adopt, amend or repeal any regulation which has been changed from that which was originally made available to the public.  This new Regulation is not sufficiently related to the original text that the public was adequately placed on notice that the change could result from the originally proposed amendments and is therefore void.

101.     This new Regulation exceeds the Commissioner's authority because nothing in Insurance Code section 790.03(h) or any other statutory provision gives the Commissioner the authority to require insurers to provide such written notice in this context.  Insurance Code section 1874.87 is the express statutory authority for the Auto Body Repair Consumer Bill of Rights which must be provided to insureds.  The legislature has provided no comparable authority for the written notice required by the new Regulation, particularly to third party claimants.

## TWENTIETH CAUSE OF ACTION

(Declaratory Relief – Regulation § 2695.8(g) Invalid
As Beyond the Commissioner's Authority)

102.     Plaintiffs reallege paragraphs 1 - 27 above.

103.     The new Regulation section 2695.8(g) prohibits any insurer recommending that a vehicle be repaired in a particular repair shop from limiting or discounting the reasonable repair costs actually incurred based on charges which would have been incurred had the vehicle been repaired by the insurer's recommended repair shop.

104.     This section of the Regulations exceeds the Commissioner's authority because Insurance Code section 790.03(h) does not give the Commissioner or the Department of Insurance

-25-

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

1    the authority to dictate coverage benefits under an insurer's policy. This new Regulation has the

2    effect of prohibiting insurers from offering PPO policy options for automobile repairs, imposing

3    existing policy terms by regulatory fiat. This section unfairly prohibits a significant cost-saving

4    option for consumers without citing any authority for such action.

5

6                              **TWENTY-FIRST CAUSE OF ACTION**

7              (Declaratory Relief – Regulation § 2695.8(i)(2) Invalid As Inconsistent With
8                    Established Law and Beyond the Commissioner's Authority)

9         105.    Plaintiffs reallege paragraphs 1 - 27 above.

10        106.    The new Regulation section 2695.8(i)(2), relating to the restoration of partial loss

11   vehicles, adds language requiring the insurer "to cause the damaged vehicle to be restored to its

12   condition prior to the loss at no additional cost to the claimant." The term "restore" implies that the

13   insurer must return the vehicle to its previous value and does not allow for the fact that some

14   claimants may allege that a damaged vehicle loses some market value even after adequate repairs.

15        107.    This section of the Regulations exceeds the Commissioner's authority because

16   Insurance Code section 790, *et seq.*, does not give the Commissioner or the Department of

17   Insurance the authority to dictate coverage benefits. Under established California law, an insurer

18   must place a claimant's vehicle in "substantially" the same condition as it was prior to the loss. *See*

19   *Owens v. Pyeatt*, 248 Cal. App. 2d 840, 849 (1967). The term "restore" implies that the insurer

20   must return the vehicle to its previous value and does not allow for the fact that some claimants may

21   allege that a damaged vehicle loses some market value even after adequate repairs. This Regulation

22   therefore improperly and unlawfully exceeds the statutory standard requiring insurers to attempt in

23   good faith to effectuate fair and equitable settlements under section 790.03(h)(5).

24        108.    This section of the Regulation is inconsistent with established California law,

25   under which an insurer need only place a claimant's vehicle in "substantially" the same condition as

26   it was prior to the loss. *See Owens v. Pyeatt*, 248 Cal. App. 2d 840, 849 (1967). The term "restore"

27   implies that the insurer must return the vehicle to its previous value and does not allow for the fact

28   that a damaged vehicle may lose some market value even after adequate repairs. This language

                                          -26-

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

1 | inappropriately opens the door for potential "diminished value" third-party claims in cases where

2 | insurers have made the necessary repairs, and it is in direct conflict with policy provisions that

3 | exclude such first-party claims. This section of the Regulation increases insurers' obligations under

4 | current law and is therefore void.

5

6 | ### TWENTY-SECOND CAUSE OF ACTION

7 | (Declaratory Relief – Regulation §§ 2695.8(m) and 2695.85(c) Invalid As
8 | Beyond the Commissioner's Authority and Lacking Requisite Clarity)

9 |     109.    Plaintiffs reallege paragraphs 1 - 27 above.

10 |     110.    The new Regulation section 2695.8(m), relating to towing and storage charges,

11 | provides: "The insurer shall pay reasonable towing and storage charges incurred by the insured."

12 | The new section 2695.85(c) similarly requires an insurer to "pay reasonable towing and storage

13 | charges incurred by the insured."

14 |     111.    These Regulations exceed the Commissioner's authority because neither

15 | Insurance Code sections 790, *et seq.*, nor Insurance Code section 1874.87, providing for an

16 | insured's right to be *informed* about coverage for towing services, give the Commissioner or the

17 | Department of Insurance the authority to dictate coverage benefits provided by the policy. These

18 | Regulations would require insurers who do not provide coverage for such expenses to alter current

19 | policy language so as to cover reasonable towing and storage costs. These Regulations therefore

20 | improperly and unlawfully exceed the scope of section 790.03(h), which does not authorize the

21 | Department to mandate that insurers provide coverage for towing and storage costs.

22 |     112.    These Regulations also lack clarity to the extent that they fail to provide any

23 | guidance whatsoever as to what amount of towing and storage costs will be considered "reasonable"

24 | under these Regulations. This ambiguity makes these Regulations uncertain, making it difficult for

25 | an insurer to assure compliance, and subjecting it to arbitrary and inconsistent compliance

26 | standards.

27

28

BARGER & WOLEN LLP
433 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-27-

**TWENTY-THIRD CAUSE OF ACTION**

(Declaratory Relief – Regulation § 2695.10(b) Invalid
As Lacking the Requisite Necessity)

113.    Plaintiffs reallege paragraphs 1 - 27 above.

114.    The new Regulation would delete section 2695.10(b) in its entirety and replace it with language providing that a principal's absence, non-cooperation, or failure to meet the bonded obligation shall not excuse delay by the surety insurer in determining whether a claim should be accepted or denied.

115.    The section does not meet the standard of necessity under Government Code section 11349(a) to the extent that it requires surety insurers to accept or deny a claim within 40 days despite a principal's "absence, non-cooperation, or failure to meet the bonded obligation." A surety is simply the guarantor of the principal's obligation and has no knowledge with respect to a claim against the principal unless it has an opportunity to discuss the claim with the principal and review any documents relative to the obligation. Elimination of the bulk of section 2695.10 is unreasonable, unnecessary and will create an enormous burden upon the surety. Nothing in the record of the rulemaking proceedings demonstrates by substantial evidence the need for the new language to effectuate the purpose of Insurance Code section 790.03(h).

**TWENTY-FOURTH CAUSE OF ACTION**

(Declaratory Relief – Regulation § 2695.10(c) Invalid
As Inconsistent With Established Law)

116.    Plaintiffs reallege paragraphs 1 - 27 above.

117.    The new Regulation deletes section 2695.10(c) in its entirety and replace it with language placing limits on a surety's unconditional right to refer a claimant to the principal for performance under the bond without documenting its conclusion that the principal would meet the bonded obligation. This subsection also requires the surety to inform claimants of the applicable statute of limitations, regardless of whether the claimant is represented by counsel.

-28-

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

118.    This section is inconsistent with Civil Code section 2845, which provides a surety with an unconditional statutory right to require the claimant to proceed against the principal. Prohibiting a surety from referring a claimant to the principal for performance without first establishing that the principal would meet the bonded obligation directly conflicts with this statutory right and exceeds the Commissioner's authority.

119.    This section is further inconsistent with section 2695.7(f) of these Regulations, as applicable to insurers in general, to the extent that it requires the surety to inform claimants of the applicable statute of limitations even when the claimant is represented by counsel. Under section 2695.7(f), there is no such obligation for insurers in general, thereby imposing a stricter and unreasonable obligation on sureties. Nothing in the record of the rulemaking proceedings demonstrates by substantial evidence the need for the new language to effectuate the purpose of Insurance Code section 790.03(h).

## TWENTY-FIFTH CAUSE OF ACTION

(Declaratory Relief – Regulation § 2695.12 Invalid As Beyond the Commissioner's Authority and Inconsistent With Established Law)

120.    Plaintiffs reallege paragraphs 1 - 27 above.

121.    Former Regulation section 2695.12 lists certain factors to be considered "in determining noncompliance with this subchapter and appropriate penalties, if any . . ." The Department proposes to eliminate the words "noncompliance" and "if any" so that subsection (a) assumes that a violation of Insurance Code section 790.03(h) has occurred if an insurer has acted contrary to the Regulations in even one instance. The factors listed in subsections (a)(7) and (a)(10) replace the words "non-complying act(s)" with "violations." The new Regulation section 2695.12 also deletes subsection (c), which provides that the "Commissioner shall not consider reasonable mistakes" in determining an insurer's noncompliance or penalties to be assessed. The combined effect of these new Regulations is to convert a single or a few non-complying acts into a violation of Insurance Code section 790.03(h).

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 60071
(213) 680-2800

-29-

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

122.    This Regulation exceeds the Commissioner's authority because Insurance Code sections 790, *et seq.*, does not give the Commissioner or the Department of Insurance the authority to impose penalties upon insurers for a single inadvertent act.  Insurance Code section 790.03(h) prohibits only those acts committed "knowingly" *and* committed "with such frequency as to indicate a general business practice."  The changes cited above remove the option for the Commissioner to conclude that a single act of non-compliance occurred, but that it does not constitute an unfair business practice in violation of section 790.03(h).  This standard ignores the sheer number of claims handled by insurers and permits the Commissioner to levy fines even for isolated, technical, unintended, minor or harmless acts that are not in compliance with section 790.03(h).  By these new Regulations, the Commissioner is improperly attempting to confer upon himself the authority to impose penalties upon insurers beyond the scope of section 790.03(h).

123.    This Regulation is also inconsistent with established California law to the extent that it deems any act of non-compliance to be a violation of section 790.03(h) and grants the Commissioner the authority to impose penalties without a finding that the insurer's non-compliance was "knowing" *and* committed "with such frequency as to indicate a general business practice."  As amended, this Regulation is in direct conflict with both the express language of section 790.03(h) and the California Supreme Court's interpretation of that section, which requires non-compliance to be both "knowing" and "frequent."  *See Moradi-Shalal v. Fireman's Fund Ins. Cos.*, 46 Cal. 3d 287, 303 (1988).  The Department's erroneous view of the scope of section 790.03(h) is demonstrated by its response to public comments, which state that if an act "committed on a single occasion . . . is not in compliance with the regulations, it is necessarily in violation of the regulations."

## TWENTY-SIXTH CAUSE OF ACTION

(Declaratory Relief – Regulation § 2695.14(a) Invalid
As Lacking the Requisite Necessity)

124.    Plaintiffs reallege paragraphs 1 - 27 above.

125.    The new Regulation section 2695.14(a) provides that the regulations shall take effect 90 calendar days after they were filed with the Office of Administrative Law.

-30-

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

126.    The section does not meet the standard of necessity under Government Code section 11349(a) given the fact that insurers will be required to re-train thousands of agents and claims handling employees regarding the comprehensive changes to the Regulations. Nothing in the record of the rulemaking proceedings demonstrates by substantial evidence the need for the new language to effectuate the purpose of Insurance Code section 790.03(h).

### TWENTY-SEVENTH CAUSE OF ACTION

(For Injunctive Relief Enjoining the Implementation and Enforcement
of the New Regulations)

127.    Plaintiffs reallege paragraphs 1 - 126 above.

128.    Irreparable and substantial harm and injury will occur to the member insurers of Plaintiffs (i) as a result of the implementation of the unreasonable, burdensome, unauthorized, and unlawful new Regulations submitted by the Commissioner to the OAL as described above, and/or (ii) as a result of the application and enforcement of the new Regulations by the Commissioner using unfair, arbitrary and inconsistent standards contrary to law.

129.    This will cause injury not only to Plaintiffs' member insurers, but also to other insurers within California and to the public in general who will be required to pay increased insurance rates as a result of these new Regulations.

130.    Plaintiffs and their member companies have no adequate remedy at law.

131.    Plaintiffs seek a preliminary and permanent injunction enjoining the Commissioner, the Department, and all those acting in concert with them from:

(a)    Seeking to implement the new Regulations; and

(b)    Taking any action to apply and/or enforce the new Regulations.

**WHEREFORE**, Plaintiffs pray for relief as follows:

1.    On the First through Twenty-Sixth Causes of Action, for Declaratory Relief as asserted therein according to proof;

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1    2.    On the Twenty-Seventh Cause of Action, for preliminary and permanent injunctive

2    relief as asserted therein according to proof;

3    3.    For attorneys fees and costs incurred herein, according to proof, pursuant to Code of

4    Civil Procedure section 1021.5 and Insurance Code section 12926.1(d)(2);

5    4.    For an expedited trial on the merits on all claims asserted herein; and

6    5.    For such other and further relief as this Court deems just and proper.

Dated: July 1, 2003

BARGER & WOLEN

By: _____
KENT R. KELLER
STEVEN H. WEINSTEIN
LARRY M. GOLUB
MARIA G. AGUILLON
FRED L. WILKS
Attorneys for Plaintiffs Personal
Insurance Federation of California,
Association of California Insurance
Companies, and The Surety Association
of America

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-32-

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

CALIFORNIA CODE OF REGULATIONS, TITLE 10. CHAPTER 5
AMEND SUBCHAPTER 7.5 TO READ:

TABLE OF CONTENTS
SUBCHAPTER 7.5 FAIR CLAIMS SETTLEMENT PRACTICES
REGULATIONS

RH399                                        January 30, 2003

Section 2695.1.      Preamble

Section 2695.2.      Definitions

Section 2695.3.      File and Record Documentation

Section 2695.4.      Representation of Policy Provisions
                     and Benefits

Section 2695.5.      Duties upon Receipt of Communications

Section 2695.6.      Training and Certification

Section 2695.7.      Standards for Prompt, Fair and Equitable Settlements

Section 2695.8.      Additional Standards Applicable to Automobile Insurance

**Section 2695.85.    Auto Body Repair Consumer Bill of Rights**

Section 2695.9.      Additional Standards Applicable to **First Party Residential
                     and Commercial Property Insurance** ~~Fire and Extended
                     Coverage Type~~ Policies ~~with Replacement Cost Coverage~~

Section 2695.10.     **Additional** Standards Applicable to Surety Insurance

Section 2695.11.     Additional Standards Applicable to Life and Disability
                     Insurance

Section 2695.12.     ~~Noncompliance and~~ Penalties

Section 2695.13.     Severability

Section 2695.14.     Effective Dates

\* Additions to the current regulations are denoted by BOLD and deletions by
STRIKEOUT.

\*\* Additions to the proposed regulations made as a result of the 45-day public
comment period are denoted by BOLD and UNDERLINE. Deletions to the proposed
regulations made as a result of the 45-day public comment period are denoted by
STRIKEOUT and UNDERLINE.

\*\*\* Additions to the proposed regulations made as a result of the 15-day public
comment period are denoted by BOLD and DOUBLE UNDERLINE. Deletions to the proposed
regulations made as a result of the 15-day public comment period are denoted by
STRIKEOUT and DOUBLE UNDERLINE.

EXHIBIT A

Section 2695.1.  Preamble

(a) Section 790.03(h) of the California Insurance Code enumerates sixteen claims settlement practices ~~which~~ **that**, when either knowingly committed on a single occasion, or performed with such frequency as to indicate a general business practice, are considered to be unfair claims settlement practices and are, thus, prohibited by this section of the California Insurance Code.  The Insurance Commissioner has promulgated these regulations in order to accomplish the following objectives:

(1) To delineate certain minimum standards for the settlement of claims which, when violated knowingly on a single occasion or performed with such frequency as to indicate a general business practice shall constitute an unfair claims settlement practice within the meaning of Insurance Code Section 790.03(h);

(2) To promote the good faith, prompt, efficient and equitable settlement of claims on a cost effective basis;

(3) To discourage and monitor the presentation to insurers of false or fraudulent claims; and,

(4) To encourage the prompt and thorough investigation of suspected fraudulent claims and ensure the prompt and comprehensive reporting of suspected fraudulent claims as required by Insurance Code Section 1872.4.

(b) These regulations are not meant to provide the exclusive definition of all unfair claims settlement practices~~,~~**.**  **O**~~o~~ther methods, act(s), or practices not specifically delineated in this set of regulations may also be **unfair claims settlement practices** ~~a violation of California Insurance Code Section 790.03(h)~~ **pursuant to the** ~~provisions of California Insurance Code Section or 790.06~~.  These regulations are applicable to the handling or settlement of **all** claims ~~brought under all classes of insurance~~ **subject to Article 6.5 of Division 1, Part 2, Chapter 1 of the California Insurance Code, commencing with Section 790,** except as specifically provided below:

(1) Workers' compensation insurance;

(2) Liability insurance for the professional malpractice of health care providers as defined in California Code of Civil Procedure Section 364(f)(1);

(3) Self insured or self funded plans which are bona fide Employee Retirement Income Security Act ("ERISA") plans which are not also multiple employer welfare arrangements, to the extent that these ERISA plans are not covered by insurance;

(4) Any other self funded or self insured plan, to the extent it is not covered by insurance, which is lawfully conducting business in this state.

~~(c) These regulations recognize the unique relationship which exists under a surety bond between the insurer, the obligee or beneficiary, and the principal.  In contrast to other classes of insurance, surety insurance involves a promise to answer for the debt, default or miscarriage of a principal who has the primary duty to pay the debt or discharge the obligation and who is bound to indemnify the insurer.  Therefore, only sections 2695.1 through 2695.6, inclusive, section 2695.10, and sections 2695.12, 2695.13 and 2695.14, inclusive, shall apply to the handling or settlement of claims brought under surety bonds.~~

~~(d)~~ **(c)** ~~These regulations shall not apply to the handling or settlement of claims brought under Workers' Compensation insurance policies.~~

(e)  The regulations contained in this subchapter shall not apply to liability insurance for the professional malpractice of health care providers as defined in California Code of Civil Procedure Section 364(f)(1).

(d)  (c) These regulations apply to home protection contracts and home protection companies defined in California Insurance Code Section 12740.

(e)  (f)  (d) All licensees, as defined in these regulations, shall have thorough knowledge of the regulations contained in this subchapter.

(f)  (e) Provisions of all policies delivered or issued in this state Policy provisions relating to the investigation, processing and settlement of claims shall be consistent with or more favorable to the insured than the provisions of these regulations.

NOTE:  Authority cited: Sections 790.10, 1871.1, 12340 - 12417, inclusive, 12921 and 12926 of the California Insurance Code and Sections 11342.2 and 11152 of the California Government Code.  Reference:  Sections 790.03(h) and 12743 of the California Insurance Code.

Section 2695.2.  Definitions

As used in these regulations:

(a)  "Beneficiary" means:

(1)  for the purpose of life and disability claims, the party or parties entitled to receive the proceeds or benefits occurring under the policy in lieu of the insured; or,

(2)  for the purpose of surety claims, a person who is within the class of persons intended to be benefitted by from the bond;

(b)  "Calendar days" means each and every day including Saturdays, Sundays, Federal and California State Holidays, but if the last day for performance of any act required by these regulations falls on a Saturday, Sunday, Federal or State Holiday, then the period of time to perform the act is extended to and including the next calendar day which is not a Saturday, Sunday, or Federal or State holiday;

(c)  "Claimant" means a first or third party claimant as defined in these regulations, any person who asserts a right of recovery under a surety bond, an attorney, any person authorized by operation of law to represent the claimant, or any of the following persons properly designated by the claimant in the manner specified in subsection 2695.5(c): an insurance adjuster, a public adjuster, or any member of the claimant's family.

(d)  "Claims agent" means any person employed or authorized by an insurer, to conduct an investigation of a claim on behalf of an insurer or a person who is licensed by the Commissioner to conduct investigations of claims on behalf of an insurer.  The term "claims agent", however, shall not include the following:

1) an attorney retained by an insurer to defend a claim brought against an insured; or,

2) persons hired by an insurer solely to provide valuation as to the subject matter of a claim.

(e)  "Extraordinary circumstances" means circumstances outside of the control of the licensee which severely and materially affect the licensee's ability to conduct normal business operations;

(f)  "First party claimant" means any person asserting a right under an insurance policy as a named insured, other insured or beneficiary under the terms of that insurance policy, and including any person seeking recovery of uninsured motorist benefits;

(g)  "Gross settlement amount" means the amount ~~of the draft~~ tendered plus the amount deducted as provided in the policy in the settlement of an automobile total loss claim;

(h)  "Insurance agent" means:

(1)  the term "insurance agent" as used in section 31 of the California Insurance Code; or,

(2)  the term "life agent" as used in section 32 of the California Insurance Code; or,

(3)  any person who has authority or responsibility to notify an insurer of a claim upon receipt of a notice of claim by a claimant; or,

(4)  an underwritten title company.

(i)  "Insurer" means a person licensed to issue or that issues an insurance policy or surety bond in this state, or that otherwise transacts the business of insurance in the state, including reciprocal and interinsurance exchanges, fraternal benefit societies, stock and mutual insurance companies, risk retention groups, California county mutual fire insurance companies, grants and annuities societies, entities holding certificates of exemption, non-profit hospital service plans, multiple employer welfare arrangements holding certificates of compliance pursuant to Article 4.7 of the **California** Insurance Code, and motor clubs, to the extent that they transact the business of insurance in the State.  The term "insurer" for purposes of these regulations includes non-admitted insurers, the California FAIR Plan, **the California Earthquake Authority,** ~~and~~ those persons licensed to issue or that issue an insurance policy pursuant to an assignment by the California Automobile Assigned Risk Plan, **home protection companies as defined under California Insurance Code Section 12740,** and **any other entity subject to California Insurance Code Section 790.03(h).   The term "insurer"** shall not include insurance agents and brokers, surplus line brokers and special lines surplus line brokers.

(j)  "Insurance policy" or "policy" means the written instrument in which any certificate of group insurance, contract of insurance, or non-profit hospital service plan is set forth.  ~~For the purposes of these regulations the terms insurance policy or policy do not include "surety bond" or "bond".~~  For the purposes of these regulations the term insurance policy or policy includes **a home protection contract or** any written instrument in which any certificate of insurance or contract of insurance is set forth that is issued pursuant to the California Automobile Assigned Risk **Plan, the California Earthquake Authority,** or the California FAIR **Plan** ~~plan~~;

(k)  "Investigation" means all activities of an insurer or its claims agent related to the determination of coverage, liabilities, or nature and extent of **loss or damages for which benefits are** afforded by an insurance policy, obligations or duties under a bond, and other obligations or duties arising from an insurance policy or bond.

(1)  "Knowingly ~~committed~~" means ~~performed~~ with actual, implied or constructive knowledge, including, but not limited to, that which is implied by operation of law.

(m)  "Licensee" means any person that holds a license or Certificate of Authority from the Insurance Commissioner, or any other entity for whom the Insurance Commissioner's consent is required before transacting business in the State of California or with California residents.  The term "licensee" for purpose of these regulations does not include an underwritten title company if the underwriting agreement between the underwritten title company and the title insurer affirmatively states that the underwritten title company is not authorized to handle policy claims on behalf of the title insurer.

(n)  "Notice of claim" means any written or oral notification to an insurer or its agent that reasonably apprises the insurer that the claimant wishes to make a claim against a policy or bond issued by the insurer and that a condition giving rise to the insurer's obligations under that policy or bond may have arisen.  For purposes of these regulations the term "notice of claim" shall not include any written or oral communication provided by an insured or principal solely for informational or incident reporting purposes.

(o)  "Notice of legal action" means notice of an action commenced against the insurer with respect to a claim, or notice of action against the insured received by the insurer, or notice of action against the principal under a bond, and includes any arbitration proceeding;

(p)  "Obligee" means the person named as obligee in a bond;

(q)  "Person" means any individual, association, organization, partnership, business, trust, corporation or other entity;

(r)  "Principal" means the person whose debt or other obligation is secured or guaranteed by a bond and who has the primary duty to pay the debt or discharge the obligation;

(s)  "Proof of claim" means any **evidence or** documentation ~~in the claimant's possession or any evidence~~ submitted to **or received by** the insurer **or other evidence that the insurer discovers in the course of its investigation** ~~which provides any evidence of the claim and~~ that **reasonably** supports the **claim** ~~magnitude or the amount of the claimed loss~~.

(t)  "Remedial measures" means those actions taken by an insurer to correct or cure any error or omission in the handling of claims on the part of its insurance agent as defined in subsection 2695.2(h), including, but not limited to:

(1)  written notice to the insurance agent that he/she is in violation of the regulations contained in this subchapter;

(2)  transmission of a copy of the regulations contained in this subchapter and instructions for their implementation;

(3)  reporting the error or omission in the handling of claims by the insurance agent to the Department of Insurance;

(u)  "Replacement crash part" means a replacement for any of the nonmechanical sheet metal or plastic parts which generally constitute the exterior of a motor vehicle, including inner and outer panels;

(v)  "Single act" for the purpose of determining any penalty pursuant to California Insurance Code Section 790.035 is any commission or omission which in and of

itself constitutes a violation of California Insurance Code Section 790.03 or this subchapter;

(w)  "Surety bond" or "bond" means the written instrument in which a contract of surety insurance, as defined in California Insurance Code Section 105, is set forth;

(x)  "Third party claimant" means any person asserting a claim against any person or the interests insured under an insurance policy;

(y)  "Willful" or "Willfully" when applied to the intent with which an act is done or omitted means simply a purpose or willingness to commit the act, or make the omission referred to in the California Insurance Code or this subchapter.  It does not require any intent to violate law, or to injure another, or to acquire any advantage;

NOTE:  Authority cited:  Sections 132(d), 790.10, 12340 - 12417, inclusive, 12921 and 12926 of the California Insurance Code, **Section 995.130 of the Code of Civil Procedure** and Sections 11342.2 and 11152 of the California Government Code.  Reference:  Sections 31, 32, 101, 106, 675.5(b), (c) and (d), 676.6, 790.03(h) and 10082 of the California Insurance Code.

Section 2695.3.  File and Record Documentation

(a)  Every licensee's claim files shall be subject to examination by the Commissioner or by his or her duly appointed designees.  These files shall contain all documents, notes and work papers (including copies of all correspondence) which reasonably pertain to each claim in such detail that pertinent events and the dates of the events can be reconstructed and the licensee's actions pertaining to the claim can be determined;

(b)  To assist in such examination all insurers shall:

(1)  maintain claim data that are accessible, legible and retrievable for examination so that an insurer shall be able to provide the claim number, line of coverage, date of loss and date of payment of the claim, date of acceptance, denial or date closed without payment~~r. this~~ This data must be available for all open and closed files for the current year and the four preceding years;

(2)  record in the file the date the licensee received, date(s) the licensee processed and date the licensee transmitted or mailed every material and relevant document in the file; and

(3)  maintain hard copy files or maintain claim files that are accessible, legible and capable of duplication to hard copy; files shall be maintained for the current year and the preceding four years.

(c)  The requirements of this section shall be satisfied where the licensee provides documentation evidencing inability to obtain data, nonexistence of data, or difficulty in obtaining clear documentary support for actions due to catastrophic losses, or other unusual circumstances providing the licensee establishes to the satisfaction of the Commissioner that the circumstances alleged by the licensee do exist and have materially affected the licensee's ability to comply with this regulation.  Any licensee that alleges an inability to comply with this section shall establish and submit to the Commissioner a plan for file and record documentation to be used by such licensee while the circumstances alleged to preclude compliance with this subsection continue to exist.

NOTE:  Authority cited:  Sections **790.04**, 790.10, 12340 - 12417, inclusive, 12921 and 12926 of the California Insurance Code and Sections 11342.2 and 11152 of the California Government Code.  Reference:  Section 790.03(h) of the California Insurance Code.

Section 2695.4.  Representation of Policy Provisions and Benefits

(a)  ~~Every insurer shall disclose to a first party claimant or beneficiary, all benefits, coverage, time limits or other provisions of any insurance policy issued by that insurer that may apply to the claim presented by the claimant.  When additional benefits might reasonably be payable under an insured's policy upon receipt of additional proofs of claim, the insurer shall immediately communicate this fact to the insured and cooperate with and assist the insured in determining the extent of the insurer's additional liability.~~

(a)  ~~(b)~~  No insurer shall **misrepresent**, conceal or **fail to disclose to a first party claimant or beneficiary all** benefits, coverages, time limits and ~~or~~ other provisions of **any insurance policy or bond issued by the insurer,** ~~the bond~~ **and any pertinent statutes and regulations, that may apply to the claim presented or** that the insurer relies upon to process the claim. ~~which may apply to the claim presented under a surety bond.~~

(1)  When additional benefits might reasonably be payable under an insured's policy ~~upon receipt of additional proofs of claim~~, the insurer shall immediately communicate this fact to the insured and cooperate with and assist the insured in determining the extent of the insurer's additional liability.

(b)  ~~(c)~~  No insurer shall deny a claim on the basis of the claimant's failure to exhibit property, unless there is documentation in the file (1) of demand by the insurer, and unfounded refusal by the claimant, to exhibit property, or (2) of the breach of any policy provision providing for the exhibition of property.

(c)  ~~(d)~~  Except where a time limit is specified in the policy, no insurer shall require a first party claimant under a policy to give notification of a claim or proof of claim within a specified time.

(d)  ~~(e)~~  No insurer shall:

(1)  request that a claimant sign a release that extends beyond the subject matter which gave rise to the claim payment unless, prior to execution of the release, the legal effect of the release is disclosed and fully explained by the insurer to the claimant in writing.  For purposes of this subsection, an insurer shall not be required to provide the above explanation or disclosure to a claimant who is represented by an attorney at the time the release is presented for signature;

(2)  be precluded from including in any release a provision requiring the claimant to waive the provisions of California Civil Code Section 1542, provided that, prior to execution of the release, the legal effect of the release is disclosed and fully explained by **the** insurer to the claimant in writing.  For purposes of this subsection, an insurer shall not be required to provide the above explanation or disclosure to a claimant who is represented by an attorney at the time the release is presented for signature.

(e)  ~~(f)~~  No insurer shall issue checks or drafts in partial settlement of a loss or claim that contain or are accompanied by language releasing the insurer, the insured, or the principal on a surety bond from total liability unless the policy or bond limit has been paid, or there has been a compromise settlement agreed to by the claimant and the insurer as to coverage and amount payable under the insurance policy or bond.

(f)  ~~(g)~~  No insurer shall require a first party claimant or beneficiary to submit duplicative proofs of claim where coverage may exist under more than one policy issued by that insurer.

NOTE: Authority cited: Sections 790.10, 12340 - 12417, inclusive, 12921 and 12926 of the California Insurance Code and Sections 11342.2 and 11152 of the California Government Code. Reference: Section 790.03(h)(1), (3) and (4) of the California Insurance Code.

Section 2695.5. Duties upon Receipt of Communications

(a)  Upon receiving any written or oral inquiry from the Department of Insurance concerning a claim, every licensee shall immediately, but in no event more than twenty-one (21) calendar days of receipt of that inquiry, furnish the Department of Insurance with a complete written response based on the facts as then known by the licensee.  A complete written response addresses all issues raised by the Department of Insurance in its inquiry and includes copies of any documentation and claim files requested.  This section is not intended to permit delay in responding to inquiries by Department personnel conducting a scheduled examination on the insurer's premises.

(b)  Upon receiving any communication from a claimant, regarding a claim, that reasonably suggests that a response is expected, every licensee shall immediately, but in no event more than fifteen (15) calendar days after receipt of that communication, furnish the claimant with a complete response based on the facts as then known by the licensee.  This subsection shall not apply to require communication with a claimant subsequent to receipt by the licensee of a notice of legal action by that claimant.

(c)  The designation specified in subsection 2695.2(c) shall be in writing, signed and dated by the claimant, and shall indicate that the designated person is authorized to handle the claim.  All designations shall be transmitted to the insurer and shall be valid from the date of execution until the claim is settled or the designation is revoked.  A designation may be revoked by a writing transmitted to the insurer, signed and dated by the claimant, indicating that the designation is to be revoked and the effective date of the revocation.

(d)  Upon receiving notice of claim, every licensee or claims agent shall immediately transmit notice of claim to the insurer.  ~~Failure of the licensee or claims agent to immediately transmit notice of claim to the insurer shall constitute a separate and distinct violation of California Insurance Code Section 790.03(h)(3) and this subsection, where the insurer has provided the appointed licensee or claims agent with written instructions as to the proper handling of a notice of claim.  Transmission of the notice of claim by the licensee or claims agent to the insurer in conformity with the written instructions received from the insurer shall satisfy the licensee's or claims agent's duty under this section to promptly transmit the notice of claim to the insurer.~~

(e)  Upon receiving notice of claim, every insurer~~, except as specified in subsection 2695.5(e)(4) below,~~ shall immediately, but in no event more than fifteen (15) calendar days later, do the following unless the notice of claim received is a notice of legal action:

(1)  acknowledge receipt of such notice to the claimant unless payment is made within that period of time.  If the acknowledgment is not in writing, a notation of acknowledgment shall be made in the insurer's claim file and dated.  Failure of an insurance agent or claims agent to promptly transmit notice of claim to the insurer shall be imputed to the insurer except where the subject policy was issued pursuant to the California Automobile Assigned Risk Program.

(2)  provide to the claimant necessary forms, instructions, and reasonable assistance, including but not limited to, specifying the information the claimant must provide for proof of claim;

(3)  begin any necessary investigation of the claim.

~~(4)  Subsection 2695.5(e) shall not apply to claims arising from policies of disability insurance subject to Section 10123.13 of the Insurance Code or life insurance subject to Section 10172.5 of the Insurance Code.~~

(f)  An insurer may not require that the notice of claim under a policy be provided in writing unless such requirement is specified in the insurance policy or an endorsement thereto.

NOTE:  Authority cited:  Sections 790.04, 790.10, 12340 - 12417, inclusive, 12921, 12926 of the California Insurance Code and Sections 11342.2 and 11152 of the California Government Code.  Reference:  Sections 790.03(h)(2) and (3) of the California Insurance Code.

Section 2695.6  Training and Certification

(a)  Every insurer shall adopt and communicate to all its claims agents written standards for the prompt investigation and processing of claims, and shall do so within ninety (90) days after the effective date of these regulations or any revisions thereto.

(b)  All licensees shall provide thorough and adequate training regarding these regulations to all their claims agents.  Licensees shall certify that their claims agents have been trained regarding these regulations and any revisions thereto. However, licensees need not provide such training or certification to duly licensed attorneys.

A licensee shall demonstrate compliance with this subsection by the  following methods:

(1)  where the licensee is an individual, the licensee shall annually certify in writing under penalty of perjury that he or she has read and understands these regulations and any and all amendments thereto;

(2)  where the licensee is an entity, the annual written certification shall be executed, under penalty of perjury, by a principal of the entity as follows:

(A)  that the licensee's claims adjusting manual contains a copy of these regulations and all amendments thereto; and,

(B)  that clear written instructions regarding the procedures to be followed to effect proper compliance with this subchapter were provided to all its claims agents;

(3)  where the licensee retains ~~independent~~ **insurance** adjusters **as defined in California Insurance Code Section 14021**, the licensee must provide training to the ~~independent~~ **insurance** adjusters regarding these regulations and annually certify, in a declaration executed under penalty of perjury, that such training is provided. Alternately, the ~~independent~~ **insurance** adjuster may annually certify in writing, under penalty of perjury, ~~on an annual basis,~~ that he or she has read and understands these regulations and all amendments thereto or has successfully completed a training seminar which explains these regulations;

(4)  a copy of the certification required by subsections 2695.6(b) (1), (2) or (3) shall be maintained at all times at the principal place of business of the licensee, to be provided to the Commissioner only upon request.

(5)  the annual certification required by this subsection shall be completed on or before September 1 of each calendar year.

NOTE: Authority cited: Sections 790.10, 12340 - 12417, inclusive, 12921 and 12926 of the California Insurance Code and Sections 11342.2 and 11152 of the California Government Code. Reference: Section 790.03(h)(3) of the California Insurance Code.

Section 2695.7.    Standards for Prompt, Fair and Equitable Settlements

(a)    No insurer shall discriminate in its claims settlement practices based upon the claimant's **age**, race, gender, income, religion, language, sexual orientation, ancestry, national origin, or physical disability, or upon the territory of the property or person insured.

(b)    Upon receiving proof of claim, every insurer, except as specified in subsection 2695.7(b)(4) below, shall immediately, but in no event more than forty (40) calendar days later, accept or deny the claim, in whole or in part. **The amounts accepted or denied shall be clearly documented in the claim file.**

(1)    Where an insurer denies or rejects a first party claim **or claim under a surety bond**, in whole or in part, it shall do so in writing and shall provide to the claimant a statement listing all bases for such rejection or denial and the factual and legal bases for each reason given for such rejection or denial which is then within the insurer's knowledge. Where an insurer's denial of a first party claim **or claim under a surety bond**, in whole or in part, is based on a specific **statute or specific bond or** policy provision, condition or exclusion, the written denial shall include reference thereto and provide an explanation of the application of the **statute**, provision, condition or exclusion to the claim. Every insurer that denies or rejects a third party claim, in whole or in part, or disputes liability or damages shall do so in writing.

(2)    Subject to the provisions of subsection 2695.7(k), nothing contained in subsection 2695.7(b)(1) shall require an insurer to disclose any information that could reasonably be expected to alert a claimant to the fact that the subject claim is being investigated as a suspected fraudulent claim.

(3)    Written notification pursuant to this subsection shall include a statement that, if the claimant believes **all or part** of the claim has been wrongfully denied or rejected, he or she may have the matter reviewed by the California Department of Insurance, and shall include the address and telephone number of the unit of the Department which reviews claims practices.

(4)    The time frame in subsection 2695.7(b) shall not apply to claims arising from policies of disability insurance subject to Section 10123.13 **of the California Insurance Code**, disability **income insurance subject to Section 10111.2** of the California Insurance Code, ~~life insurance subject to Section 10172.5 of the Insurance Code,~~ or mortgage guaranty insurance subject to Section 12640.09(a) of the **California** Insurance Code, and shall not apply to automobile repair bills arising from policies of automobile collision and comprehensive insurance subject to Section 560 of the **California** Insurance Code. **All other provisions of subsections 2695.7(b)(1), (2), and (3) are applicable.**

(5) When the amount claimed is adjusted because of betterment, depreciation, or salvage, all justification for the adjustment shall be contained in the claim file. Any adjustments shall be discernable, measurable, itemized, and specified as to dollar amount, and shall accurately reflect the value of the betterment, depreciation, or salvage. The cost of labor is not subject to depreciation. The basis for any adjustment shall be fully explained to the claimant in writing.

(c)(1) If more time is required than is allotted in subsection 2695.7(b) to determine whether a claim should be accepted and/or denied in whole or in part, ~~then,~~ every insurer shall provide the claimant, within the time frame specified in subsection 2695.7(b), with written notice of the need for additional time. This written notice shall specify any additional information the insurer requires in order to make a determination and state any continuing reasons for the insurer's inability to make a determination. Thereafter, the written notice shall be provided every thirty (30) calendar days until a determination is made or notice of legal action is served. If the determination cannot be made until some future event occurs, then the insurer shall comply with this continuing notice requirement by advising the claimant of the situation and providing an estimate as to when the determination can be made.

(2)  Subject to the provisions of subsection 2695.7(k), nothing contained in subsection 2695.7(c)(1) shall require an insurer to disclose any information that could reasonably be expected to alert a claimant to the fact that the claim is being investigated as a possible suspected fraudulent claim.

(d) **Every insurer shall conduct and diligently pursue a thorough, fair and objective investigation and** ~~No insurer~~ shall not persist in seeking information not reasonably required for or material to the resolution of a claim dispute.

(e)  No insurer shall delay or deny settlement of a first party claim **or claim under a surety bond** on the basis that responsibility for payment should be assumed by others, except as may otherwise be provided by policy provisions, statutes or regulations, including those pertaining to coordination of benefits.

(f) Except where a claim has been settled by payment, every insurer shall provide written notice of any statute of limitation or other time period requirement upon which the insurer may rely to deny a ~~timely~~ claim.  Such notice shall be given to the claimant not less than sixty (60) days prior to the expiration date; except, if notice of claim is first received by the insurer within that sixty days, then notice of the expiration date must be given to the claimant immediately.  With respect to a first party claimant in a matter involving an uninsured motorist, this notice shall be given at least thirty (30) days prior to the expiration date; except, if notice of claim is first received by the insurer within that thirty days, then notice of the expiration date must be given to the claimant immediately.  <u>This subsection shall not apply to a claimant represented by counsel on the claim matter.</u>

(g)  No insurer shall attempt to settle a claim by making a settlement offer that is unreasonably low. The Commissioner shall consider any admissible evidence offered regarding the following factors in determining whether or not a settlement offer is unreasonably low:

(1)  the extent to which the insurer considered evidence submitted by the claimant to support the value of the claim;

(2)  the extent to which the insurer considered **legal authority or** evidence made known to it or reasonably available;

(3)  the extent to which the insurer considered the advice of its claims adjuster as to the amount of damages;

(4)  the extent to which the insurer considered the advice of its counsel that there was a substantial likelihood of recovery in excess of policy limits;

(5)  the procedures used by the insurer in determining the dollar amount of property damage;

(6)  the extent to which the insurer considered the probable liability of the insured and the likely jury verdict or other final determination of the matter;

#246730 v1                                11

(7) any other credible evidence  presented to the Commissioner that demonstrates that an the final amount offered in settlement of the claim by the insurer is below the amount that a reasonable person with knowledge of the facts and circumstances would have offered in settlement of the claim.

(h)  Upon acceptance of the claim in whole or in part and, when necessary, upon receipt of a properly executed release, every insurer, except as specified in subsection 2695.7(h)(1) and (2) below, shall immediately, but in no event more than thirty (30) calendar days later, tender payment or otherwise take action to perform its claim obligation. The of the amount of the claim to be tendered is the amount that has been accepted which has been determined and is not disputed by the insurer as specified in subsection 2695.7(b). In claims where multiple coverage is involved, payments which are not in dispute and where the payee is known, amounts that have been accepted by the insurer shall be tendered paid immediately, but in no event in more than thirty (30) calendar days later., if payment would terminate the insurer's known liability under that individual coverage, unless impairment of the insured's interests would result. The time frames specified in Tthis subsection shall not apply where the policy provides for a waiting period after acceptance of claim and before payment of benefits.

(1) The time frame specified in Ssubsection 2695.7(h) shall not apply to claims arising from policies of disability insurance subject to Section 10123.13 of the California Insurance Code, disability income insurance subject to Section 10111.2 of the California Insurance Code, of life insurance subject to Section 10172.5 of the Insurance Code, or of mortgage guaranty insurance subject to Section 12640.09(a) of the California Insurance Code, or of fire insurance subject to Section 2057 of the Insurance Code, and shall not apply to automobile repair bills arising from policies of automobile collision and comprehensive insurance subject to Section 560 of the California Insurance Code. All other provisions of Section 2695.7(h) are applicable.

(2)  Any insurer issuing a title insurance policy shall either tender payment pursuant to subsection 2695.7(h) or take action to resolve the problem which gave rise to the claim immediately upon, but in no event more than thirty (30) calendar days after, acceptance of the claim.

(i)  No insurer shall inform a claimant that his or her rights may be impaired if a form or release is not completed within a specified time period unless the information is given for the purpose of notifying the claimant of any applicable statute of limitations or policy provision or the time limitation within which claims are required to be brought against state or local entities.

(j)  No insurer shall request or require an insured to submit to a polygraph examination unless authorized under the applicable insurance contract and state law.

(k)  Subject to the provisions of subsection 2695.7(c), where there is a reasonable basis, supported by specific information available for review by the California Department of Insurance, for the belief that the claimant has submitted or caused to be submitted to an insurer a suspected false or fraudulent claim as specified in California Penal Code Section 550 or California Insurance Code Sections 1871.1(a) and 1871.4(a), the number of calendar days specified in subsection 2695.7(b) shall be:

(1)  increased to eighty (80) calendar days; or,

(2)  suspended until otherwise ordered by the Commissioner, provided the insurer has complied with California Insurance Code Section 1872.4 and the insurer can demonstrate to the Commissioner that it has made a diligent attempt to determine whether the subject claim is false or fraudulent within the eighty day period specified by subsection 2695.7(k)(1).

(l)  No insurer shall deny a claim based upon information obtained in a telephone conversation or personal interview with any source unless the telephone conversation or personal interview is documented in the claim file pursuant to the provisions of Section 2695.3.

(m)  No insurer shall make a payment to a provider, pursuant to a policy provision to pay medical benefits, and thereafter seek recovery or set-off from the insured on the basis that the amount was excessive and/or the services were unnecessary, except in the event of a proven false or fraudulent claim, subject to the provisions of Section 10123.145 of the California Insurance Code.

(n)  Every insurer requesting a medical examination for the purpose of determining liability under a policy provision ~~authorizing medical examinations by the insurer to pay medical benefits~~ shall do so only when the insurer has a good faith belief that such an examination is **reasonably** necessary ~~to enable the insurer to determine the reasonableness and/or necessity of any medical treatment~~.

(o)  No insurer shall require that a claimant withdraw, rescind or refrain from submitting any complaint to the California Department of Insurance regarding the handling of a claim or any other matter complained of as a condition precedent to the settlement of any claim.

(p)  **Every insurer shall provide written notification to a first party claimant as to whether the insurer intends to pursue subrogation of the claim.  Where an insurer elects not to pursue subrogation, or discontinues pursuit of subrogation, it shall include in its notification a statement that any recovery to be pursued is the responsibility of the first party claimant.  This subsection does not require notification if the deductible is waived, the coverage under which the claim is paid requires no deductible to be paid, the loss sustained does not exceed the applicable deductible, or there is no legal basis for subrogation.**

(q)  **Every insurer that makes a subrogation demand shall include in every demand the first party claimant's deductible.  Every insurer shall share subrogation recoveries on a proportionate basis with the first party claimant, unless the first party claimant has otherwise recovered the whole deductible amount.  No insurer shall deduct legal or other expenses from the recovery of the deductible unless the insurer has retained an outside attorney or collection agency to collect that recovery. The deduction may only be for a pro rata share of the allocated loss adjustment expense.** This subsection shall not apply when multiple policies have been issued to the insured~~(s)~~covering the same loss and the language of these contracts prescribe alternative subrogation rights.  Further, this subsection shall not apply to disability and health insurance as defined in California Insurance Code Section 106.

(r)  No insurer shall pursue a claim for subrogation without having conducted a thorough, fair and objective investigation as to whether subrogation is appropriate.

(s)  Insurers are responsible for the accuracy of data used to ~~evaluate~~ establish the value of insurance claims.  Insurers choosing to use data from a computerized database source or any other source remain responsible for the accuracy of the data they use, whether this data is derived in-house or through third parties. Data which cannot be supported as accurate shall not be used in evaluating and settling insurance claims. An insurer shall consider any credible evidence presented by the claimant to support the actual value of the claim.

(1) When establishing the value of a claim. ~~Insurers~~ an insurer shall not be responsible for the accuracy of data provided by any governmental entity, unless ~~it~~ the insurer has discovered or been notified of the inaccuracy and has continued to use the data.

#246730 v1                                            13

(t) Every insurer shall provide written notice to a third party claimant as required under Business and Professions Code Section 6149.5

NOTE:   Authority cited:   Sections 553, 554, 790.03(h)(12), 790.10, 1861.03(a), 10350.10, 10111.2, 11580.2(k), 12340 - 12417, inclusive, 12921 and 12926 of the California Insurance Code and Sections 11342.2 and 11152 of the California Government Code; *Egan v. Mutual of Omaha Insurance Company* (1979) 24 Cal.3d 809 [169 Cal.Rptr. 691]; *KPFF, Inc. v. California Union Insurance Company* (1997) 56 Cal.App.4th 963 [66 Cal.Rptr.2d 36] (certified for partial publication); *Betts v. Allstate Ins. Co.* (1984) 154 Cal.App.3d 688 [201 Cal.Rptr. 528]. ~~; McLaughlin v. Connecticut General Life Ins. Co., 565 F.Supp. 434 (N.D.Cal.1983)~~. Reference: Section 790.03(h) (2), (3), (4), (5) (13) and (15), ~~1871.1,~~ and 1872.4 of the California Insurance Code, Section 6149.5 of the California Business and Professions Code and California Penal Code Section 550.

Section 2695.8.   Additional Standards Applicable to Automobile Insurance

(a) This section enumerates standards which apply to adjustment and settlement of automobile insurance claims.

(1) the words "automobile" and "vehicle" are used synonymously. ~~, and~~

~~(2) a comparable automobile is one of like kind and quality, made by the same manufacturer, of the same or newer model year, of a similar body type, with similar options and mileage as the insured vehicle. Any differences between the comparable automobile and the insured vehicle shall be permitted only if the insurer fairly adjusts for such differences. A comparable automobile must be and available for retail purchase by the general public in the local market area within ninety (90) calendar days of the final settlement offer.~~

(b) In adjusting and settling ~~When the insurance policy provides for the adjustment and settlement of first party~~ automobile total ~~losses on the basis of actual cash value, or replacement with a comparable automobile, one of~~ claims the following standards shall ~~methods must~~ apply:

(1) The insurer may elect a cash settlement that shall be based upon the actual cost~~,~~ of a "comparable automobile" less any deductible provided in the policy.~~, to purchase of a comparable automobile including~~ This cash settlement amount shall include all applicable taxes~~, license fees,~~ and ~~other~~ one-time fees incident to transfer of evidence of ownership of a comparable automobile. This amount shall also include the license fee and other annual fees to be computed based upon the remaining term of the loss vehicle's current registration. This procedure shall apply whether or not a replacement automobile is purchased. ~~Such cost shall be determined as follows and, once determined, shall be fully itemized and explained in writing for the claimant.~~

(A) If the insured chooses to retain the loss vehicle or if the third party claimant retains the loss vehicle, the cash settlement amount shall include the sales tax associated with the cost of a comparable automobile, discounted by the amount of sales tax attributed to the salvage value of the loss vehicle. The cash settlement amount shall also include all fees incident to transfer of the claimant's vehicle to salvage status. The salvage value may be deducted from the settlement amount and shall be determined by the amount for which a salvage pool or a licensed salvage dealer, wholesale motor vehicle auction or dismantler will purchase the salvage. If requested by the claimant, the insurer shall provide the name, address and telephone number of the salvage dealer, salvage pool, motor vehicle auction or dismantler who will purchase the salvage. The insurer shall disclose in writing to the claimant that notice of the salvage retention by the claimant must be provided to the Department of Motor Vehicles

and that this notice may affect the loss vehicle's future resale and/or insured value. The disclosure must also inform the claimant of his or her right to seek a refund of the unused license fees from the Department of Motor Vehicles.

(2) A "comparable automobile" is one of like kind and quality, made by the same manufacturer, of the same or newer model year, of the same model type, of a similar body type, with options and mileage similar to the insured vehicle. Newer model year automobiles may not be used as comparable automobiles unless there are not sufficient comparable automobiles of the same model year to make a determination as set forth in Section 2695.8(b)(3), below. The cost of a comparable automobile is the asking price or actual sale price of that automobile. Any differences between the comparable automobile and the insured vehicle shall be permitted only if the insurer fairly adjusts for such differences. Any adjustments from the cost of a comparable automobile must be discernible, measurable, itemized, and specified as well as appropriate in dollar amount and so documented in the claim file. Deductions taken from the cost of a comparable automobile that cannot be supported shall not be used. The actual cost of a comparable automobile shall not include any deduction for the condition of a loss vehicle unless the documented condition of the loss vehicle is below average for that particular year, make and model of vehicle. This subsection shall not preclude deduction for prior and/or unrelated damage to the loss vehicle. A comparable automobile must have been available for retail purchase by the general public in the local market area within ninety (90) calendar days of the final settlement offer. The comparable automobiles used to calculate the cost shall be identified by the vehicle identification number (VIN), the stock or order number of the vehicle from a licensed dealer, or the license plate number of that comparable vehicle <u>if this information is available</u>. The identification shall also include the telephone number (including area code) or street address of the seller of the comparable automobile.

(3) The insurer shall take reasonable steps to verify that the determination of the cost of a comparable vehicle is accurate and representative of the market value of a comparable automobile in the local market area. <u>Upon its request, the department shall have access to all records, data, computer programs, or any other information used by the insurer or any other source to determine market value.</u> The cost of a comparable automobile shall be determined as follows and, once determined, shall be fully itemized and explained in writing for the claimant at the time the settlement offer is made:

(A) when comparable automobiles are available or were available in the local market area in the last 90 days, the average cost of two or more such comparable automobiles; or,

(B) when comparable automobiles are not available **or were not available** in the local market area **in the last 90 days**, the average of two or more quotations from two or more licensed dealers in the local market area; or,

(C) the actual cost of a comparable automobile as determined by a computerized automobile valuation service that produces statistically valid fair market values within the local market area; or

(D) ~~(C)~~ if it is not possible to determine the cost of a comparable automobile by using one of ~~when an automobile total loss is adjusted or settled on a basis which varies from~~ the methods described in subsections (b)(3)~~(1)~~(A), ~~and~~ (b)(3)~~(1)~~(B) and (b)(3)(C) of this section, the ~~determination of value~~ cost of a comparable automobile shall otherwise ~~must~~ be supported by documentation and fully explained to the claimant. Any ~~deductions from~~ adjustments to the cost of a comparable automobile ~~value, including deduction for salvage, must~~ shall be discernible, measurable, itemized, and specified as well as ~~be~~ appropriate in dollar amount and so documented in the claims file. Deductions taken from the cost of a comparable automobile that cannot be supported

#246730 v1                                        15

shall not be used. ~~The insurer must take reasonable steps to verify that the value so determined is accurate and representative of the market value of a comparable automobile in the local market area.~~

(4) ~~(2)~~ **In first party automobile total loss claims,** ~~T~~the insurer may elect to offer a replacement automobile which is a specified comparable automobile available to the insured with all applicable taxes, license fees and other fees incident to transfer of evidence of ownership of the automobile paid by the insurer at no cost other than any deductible provided in the policy. The offer and any rejection thereof must be documented in the insurer's claim file. A replacement automobile must be in as good or better **overall** ~~over-all~~ condition than the insured vehicle and available for inspection within a reasonable distance of the insured's residence.

(c) **In first party automobile total loss claims,** ~~E~~every insurer shall~~,~~ provide notice to the insured at the time the settlement payment is sent or final settlement offer is made that if notified by the insured within thirty-five (35) calendar days after the insured receiving the claim ~~draft~~ **payment** or final settlement offer that **he or she** ~~the insured~~ cannot purchase a comparable automobile for the gross settlement amount, **the insurer will** reopen its claim file. **If subsequently notified by the insured the insurer shall reopen its claim file** and utilize the following procedures ~~shall apply~~:

(1) The insurer shall locate a comparable automobile for the gross settlement amount determined by the company at the time of settlement and shall provide the insured with the information required in (c)(4), below, or offer a replacement vehicle in accordance with section 2695.8(b)~~(2)~~(4). Any such vehicle must be available in the local market area; or,

(2) The insurer shall either pay the insured the difference between the amount of the gross settlement and the cost of the comparable automobile which the insured has located, or negotiate and purchase this vehicle for the insured; or,

(3) The insurer shall invoke the appraisal provision of the insurance policy.

(4) No insurer is required to take action under this subsection if its documentation to the insured at the time of final settlement offer included written notification of the identity of a specified comparable automobile which was available for purchase at the time of final settlement offer for the gross settlement amount determined by the insurer. The documentation shall include the telephone number (including area code) or street address of the seller of the comparable automobile and:

(A) the vehicle identification number (VIN) or,

(B) the stock or order number of the vehicle from a licensed dealer, or

(C) the license plate number of such comparable vehicle.

(d) No insurer shall, where liability and damages are reasonably clear, recommend that the third party claimant make a claim under his or her own policy to avoid paying the claim under the policy issued by that insurer.

(e) No insurer shall~~:~~

~~(1)~~ require that an automobile be repaired at a specific repair shop.~~; or,~~

(f) **No insurer shall** ~~(2)~~  ~~direct,~~ suggest or recommend that an automobile be repaired at a specific repair shop, unless,

(1) ~~(A)~~ such referral is expressly requested by the claimant; or,

(2) ~~(B)~~ the claimant has been informed in writing of the right to select the repair facility~~,~~ and~~,~~

~~(C)~~ the insurer ~~that elects to repair a vehicle or directs, suggests or recommends that a specific repair shop be used,~~ shall cause the damaged vehicle to be restored to its condition prior to the loss at no additional cost to the claimant other than as stated in the policy or as otherwise allowed by these regulations. **If the recommendation of a repair shop is done orally, the insurer shall provide the information contained in this subsection, as noted in the statement below, to the claimant at the time the recommendation is made. The insurer shall send the written notice required by this subsection within five (5) calendar days from the oral recommendation. The written notice required by this subsection shall include the following statement plainly printed in no less than ten-point type:**

> WE ARE PROHIBITED BY LAW FROM REQUIRING THAT REPAIRS BE DONE AT A SPECIFIC REPAIR SHOP. YOU ARE ENTITLED TO SELECT THE AUTO BODY REPAIR SHOP TO REPAIR DAMAGE COVERED BY US. WE HAVE RECOMMENDED A REPAIR SHOP THAT WILL REPAIR YOUR DAMAGED VEHICLE. AS YOU HAVE AGREED TO USE OUR RECOMMENDED REPAIR SHOP, WE WILL CAUSE THE DAMAGED VEHICLE TO BE RESTORED TO ITS CONDITION PRIOR TO THE LOSS AT NO ADDITIONAL COST TO YOU OTHER THAN AS STATED IN THE INSURANCE POLICY OR AS OTHERWISE ALLOWED BY LAW. IF YOU EXPERIENCE A PROBLEM WITH THE REPAIR OF YOUR VEHICLE, PLEASE CONTACT US IMMEDIATELY FOR ASSISTANCE.

(g) Any insurer that, by the insurance contract, suggests or recommends that an automobile be repaired in a particular repair shop also:

(1) shall prominently disclose the contractual provision in writing to the insured at the time the insurance is applied for and at the time the claim is acknowledged by the insurer; and

(2) if the claimant elects to have the vehicle repaired at the shop of his or her choice, shall not limit or discount the reasonable repair costs based on charges which would have been incurred had the vehicle been repaired by the insurer's chosen shop.

(h) ~~(3)~~ No insurer shall require a claimant to travel an unreasonable distance either to inspect a replacement automobile, to conduct an inspection of the vehicle, to obtain a repair estimate or to have the automobile repaired at a specific repair shop.

(i) ~~(f)~~ If ~~if~~ partial losses are settled on the basis of a written estimate prepared by or for the insurer, the insurer shall supply the claimant with a copy of the estimate upon which the settlement is based. The estimate prepared by or for the insurer shall be ~~in accordance with applicable policy provisions, and~~ of an amount which will allow for repairs to be made in a workmanlike manner ~~and shall be no less than the prevailing rates charged in the claimant's local market area~~. If the claimant subsequently contends ~~claims~~, based upon a written estimate which he or she obtains, that necessary repairs will exceed the written estimate prepared by or for the insurer, the insurer shall:

(1) pay the difference between the written estimate and a higher estimate obtained by the claimant; or,

(2) if requested by the claimant, promptly provide the claimant with the name of at least one repair shop~~, if requested by the claimant pursuant to subsection 2695.8(e)(2),~~ that will make the repairs for the amount of the **insurer's** ~~insurer's~~ written estimate. ~~If the insurer designates fewer than three repair shops, the insurer~~ The insurer shall ~~assure~~ cause the damaged vehicle to be restored to its condition prior to

the loss at no additional cost to the claimant other than as stated in the policy or as otherwise allowed by these regulations. ~~that the repairs are performed in a workmanlike manner.~~ The insurer shall maintain documentation of all such communications; or,

(3)    reasonably adjust any written estimates prepared by the repair shop of the ~~insured's~~ claimant's choice **and provide a copy of the adjusted estimate to the claimant.**

**(j)** ~~(g)~~ No insurer shall require the use of non-original equipment manufacture replacement crash parts in the repair of an automobile unless:

(1)    the parts are at least equal to the original equipment manufacturer parts in terms of kind, quality, safety, fit, and performance;

(2)    insurers specifying the use of non-original equipment manufacturer replacement crash parts shall pay the cost of any modifications to the parts which may become necessary to effect the repair; and,

(3) insurers specifying the use of non-original equipment manufacture replacement crash parts warrant that such parts are of like kind, quality, safety, fit, and performance as original equipment manufacturer replacement crash parts; and,

(4)    all original and non-original manufacture replacement crash parts, manufactured after the effective date of this subchapter, when supplied by repair shops shall carry sufficient permanent, non-removable identification so as to identify the manufacturer.  Such identification shall be accessible to the greatest extent possible after installation~~.~~; **and,**

**(5) the use of non-original equipment manufacturer replacement crash parts is disclosed in accordance with section 9875 of the California Business and Professions Code.**

**(k)** ~~(h)~~  No insurer shall require an insured or claimant to supply parts for replacement.

~~(i)  Every insurer shall provide written notification to a first party claimant as to whether the insurer intends to pursue subrogation of the claim.  Where an insurer elects not to pursue subrogation or discontinues pursuit of subrogation it shall include in its notification a statement that any recovery to be pursued is the responsibility of the first party claimant.  This subsection does not require notification if the deductible is waived, the coverage under which the claim is paid requires no deductible to be paid, the total loss sustained does not exceed the applicable deductible, or there is no legal basis for subrogation.~~

~~(j)  Every insurer that makes a subrogation demand shall include in every demand the first party claimant's deductible.  Every insurer shall share subrogation recoveries on a proportionate basis with the first party claimant, unless the first party claimant has otherwise recovered the whole deductible amount.  No insurer shall deduct legal or other expenses from the recovery of the deductible unless the insurer has retained an outside attorney or collection agency to collect that recovery.  The deduction may only be for a pro rata share of the allocated loss adjustment expense.~~

**(l)** ~~(k)~~ **Except for prior and/or unrelated damage to the vehicle, when** ~~When~~ the amount claimed is adjusted because of betterment~~,~~ or depreciation, ~~or salvage, all justification shall be contained in the claim file.  Any adjustments shall be discernable, measurable, itemized, and specified as to dollar amount, and shall accurately reflect the value of the betterment, depreciation, or salvage.  The~~ **the** basis for any adjustment shall ~~be fully explained to the claimant in writing and shall:~~

(1)    reflect a measurable difference in market value attributable to the condition and age of the vehicle, ~~or~~ and

(2)    apply only to parts normally subject to repair and replacement during the useful life of the vehicle such as, but not limited to, tires, batteries, et cetera.

(m)    ~~(1)  Every~~ The insurer shall pay reasonable towing and storage charges incurred by the ~~claimant~~ insured and provide reasonable notice to ~~a claimant~~ the insured before terminating payment for storage charges~~,~~ so that the ~~claimant~~ insured has time to remove the vehicle from storage. Once liability has been determined, an insurer shall pay all reasonable towing and storage charges incurred by a third party claimant and provide reasonable notice to the claimant before terminating payment for storage charges so that the claimant has time to remove the vehicle from storage. Payment to a third party claimant may be prorated based upon the comparative fault of the parties.

~~(m)  Unless the insurer has provided an insured with the name of a specific towing company prior to the insured's use of another towing company, the insurer shall pay the reasonable towing charges of the towing company used by the insured.~~

NOTE:  Authority cited:  Sections 790.10, 12921 and 12926 of the California Insurance Code and Sections 11342.2 and 11152 of the California Government Code.  Reference: Section 790.03(c) and 790.03(h)(3) of the California Insurance Code and Section 9875 of the California Business and Professions Code.

Section 2695.85.  Auto Body Repair Consumer Bill of Rights

(a)  Every insurer that issues automobile liability or collision insurance policies shall provide the named insured(s) with an Auto Body Repair Consumer Bill of Rights either at the time of application for an automobile insurance policy, at the time a policy is issued, or following an accident or loss that is reported to the insurer.  If the insurer provides the insured with an electronic copy of a policy, the bill of rights may also be transmitted electronically. If the insurer provides the bill of rights following an accident or loss, the insurer shall also provide the bill of rights to the particular insured filing the insurance claim.  If the insurer provides the bill of rights at the time of application or policy issuance, all named insureds that have not previously received the bill of rights shall be provided with a copy upon renewal of the policy.

(b)  The requirements set forth in subsection 2695.85(a), above, shall apply to all automobile liability and collision insurance policies issued in California including commercial automobile, private passenger automobile, and motorcycle insurance policies.

(c)  The Auto Body Repair Consumer Bill of Rights shall be a separate standardized document and plainly printed in no less than ten-point type.  An insurer may distribute the form using its own letterhead, but the language of the Auto Body Repair Consumer Bill of Rights shall be developed by the California Department of Insurance and shall read as follows:

## AUTO BODY REPAIR CONSUMER BILL OF RIGHTS

A CONSUMER IS ENTITLED TO:

1. SELECT THE AUTO BODY REPAIR SHOP TO REPAIR AUTO BODY DAMAGE COVERED BY THE INSURANCE COMPANY.  AN INSURANCE COMPANY SHALL NOT REQUIRE THE REPAIRS TO BE DONE AT A SPECIFIC AUTO BODY REPAIR SHOP.

2. AN ITEMIZED WRITTEN ESTIMATE FOR AUTO BODY REPAIRS AND, UPON COMPLETION OF REPAIRS, A DETAILED INVOICE. THE ESTIMATE AND THE INVOICE MUST INCLUDE AN ITEMIZED LIST OF PARTS AND LABOR ALONG WITH THE TOTAL PRICE FOR THE WORK PERFORMED. THE ESTIMATE AND INVOICE MUST ALSO IDENTIFY ALL PARTS AS NEW, USED, AFTERMARKET, RECONDITIONED, OR REBUILT.

3. BE INFORMED ABOUT COVERAGE FOR TOWING AND STORAGE SERVICES. THE ~~EVERY~~ INSURER SHALL PAY REASONABLE TOWING AND STORAGE CHARGES INCURRED BY THE INSURED <u>TO PROTECT THE VEHICLE</u> AND PROVIDE REASONABLE NOTICE TO AN INSURED BEFORE TERMINATING PAYMENT FOR STORAGE CHARGES SO THAT THE INSURED HAS TIME TO REMOVE THE VEHICLE FROM STORAGE.

4. BE INFORMED ABOUT THE EXTENT OF COVERAGE, IF ANY, FOR A REPLACEMENT RENTAL VEHICLE WHILE A DAMAGED VEHICLE IS BEING REPAIRED.

5. BE INFORMED OF WHERE TO REPORT SUSPECTED FRAUD OR OTHER COMPLAINTS AND CONCERNS ABOUT AUTO BODY REPAIRS.

COMPLAINTS WITHIN THE JURISDICTION OF THE BUREAU OF AUTOMOTIVE REPAIR

Complaints concerning the repair of a vehicle by an auto body repair shop should be directed to:

Toll Free (800) 952-5210

California Department of Consumer Affairs
Bureau of Automotive Repair
10240 Systems Parkway
Sacramento, CA 95827

The Bureau of Automotive Repair can also accept complaints over its web site at: www.autorepair.ca.gov

COMPLAINTS WITHIN THE JURISDICTION OF THE CALIFORNIA INSURANCE COMMISSIONER

Any concerns regarding how an auto insurance claim is being handled should be submitted to the California Department of Insurance at:

(800) 927-HELP or (213) 897-8921

California Department of Insurance
Consumer Services Division
300 South Spring Street
Los Angeles, CA 90013

The California Department of Insurance can also accept complaints over its web site at:
www.insurance.ca.gov

NOTE: Authority cited: Sections 790.10, 1874.85, 1874.87 of the California Insurance Code. Reference: Sections 790.03(c), 790.03(h)(3), and 1874.87 of the California Insurance Code; Sections 9884.8, 9884.9 of the California Business and Professions Code; and California Code of Regulations, Title 10, Chapter 5, Subchapter 7.5, Section 2695.8(m).

Section 2695.9.  Additional Standards Applicable to **First Party Residential and Commercial Property Insurance** ~~Fire and Extended Coverage Type~~ Policies ~~with Replacement Cost Coverage~~

(a) **Under a replacement cost policy, an insurer shall not withhold payment for a general contractor's overhead and profit from the actual cash value payment of benefits when those expenses reasonably are expected to be incurred.**

(b)  ~~(a)~~  When a residential or commercial ~~fire and extended coverage~~ property insurance policy provides for the adjustment and settlement of first party losses based on replacement cost, the following standards apply:

(1)  When a loss requires repair or replacement of an item or part, any consequential physical damage incurred in making the repair or replacement not otherwise excluded by the policy shall be included in the loss.  The insured shall not have to pay for depreciation nor any other cost except for the applicable deductible.

(2)  When a loss requires replacement of items and the replaced items do not match in quality, color or size, the insurer shall replace all items in the damaged area so as to conform to a reasonably uniform appearance.

(c)  No insurer shall require that <u>the insured have the</u> property <u>be</u> repaired by a specific individual or entity.

(d)  No insurer shall suggest or recommend that <u>the insured have the</u> property <u>be</u> repaired by a specific individual or entity unless:

(1) the referral is expressly requested by the claimant; or

(2) the claimant has been informed in writing of the right to select a repair individual or entity and the insurer shall cause the damaged property to be restored to no less than its condition prior to the loss and repaired in a manner which meets accepted trade standards for good and workmanlike construction at no additional cost to the claimant other than as stated in the policy or as otherwise allowed by these regulations.

(e) If losses are settled on the basis of a written scope and/or estimate prepared by or for the insurer, the insurer shall supply the claimant with a copy of each document upon which the settlement is based. The estimate prepared by or for the insurer shall be in accordance with applicable policy provisions, of an amount which will restore the damaged property to no less than its condition prior to the loss and which will allow for repairs to be made in a manner which meets accepted trade standards for good and workmanlike construction. The insurer shall take reasonable steps to verify that the repair or rebuilding costs utilized by the insurer or its claims agents are accurate and representative of costs in the local market area.  If the claimant subsequently contends, based upon a written estimate which he or she obtains, that necessary repairs will exceed the written estimate prepared by or for the insurer, the insurer shall:

(1) pay the difference between its written estimate and a higher estimate obtained by the claimant; or,

(2) if requested by the claimant, promptly provide the claimant with the name of at least one repair individual or entity that will make the repairs for the amount of the written estimate.  The insurer shall cause the damaged property to be restored to no less than its condition prior to the loss and which will allow for repairs in a manner which meets accepted trade standards for good and workmanlike construction at no

additional cost to the claimant other than as stated in the policy or as otherwise allowed by these regulations; or,

(3) reasonably adjust any written estimates prepared by the repair individual or entity of the insured's choice and provide a copy of the adjusted estimate to the claimant.

(f) Once the appraisal provision under an insurance policy is invoked, the appraisal process shall not include any legal proceeding or procedure not specified under California Insurance Code Section 2071.

NOTE: Authority cited: Sections 790.10, 12921 and 12926 of the California Insurance Code, **Section 7109 of the California Business and Professions Code** and Sections 11342.2 and 11152 of the California Government Code; Reference: Sections 790.03(h)(3), (5) and (7) of the California Insurance Code; *Gilderman v. State Farm Ins. Co.* (1994) 437 Pa.Super. 217 [649 A.2d 241]; *Salesin v. State Farm Fire & Casualty Ins. Co.* (1998) 229 Mich.App. 346 [581 N.W.2d 781].

Section 2695.10 **Additional Standards Applicable to Surety Insurance**

(a) No insurer may deny a claim based solely upon a principal's denial of liability.

(b) A principal's absence, non-cooperation, or failure to meet the bonded obligation shall not excuse delay by the insurer in determining whether a claim should be accepted or denied.

(c) After receipt of notice of claim, no insurer may refer a claimant to the principal for performance under the bond, without first documenting in its claim file the facts relied upon to support its conclusion that the principal would meet the bonded obligation. Within fifteen (15) calendar days of the referral to the principal, the insurer shall provide written notification to the claimant of any statute of limitation or other time period requirement upon which the insurer may rely to deny an untimely claim made under the bond.

~~(a) No insurer shall base or vary its claims settlement practices, or its standard of scrutiny and review, upon the claimant's, race, gender, income, religion, language, sexual orientation, ancestry, national origin, or physical disability, or upon the territory of the property or person insured.~~

~~(b) Within sixty calendar days after receipt by the insurer of proof of claim, and provided the claim is not in litigation or arbitration, the insurer shall accept or deny the claim, in whole or in part, and affirm or deny liability. Every insurer that denies or rejects a claim in whole or in part, or disputes liability or damages, shall do so in writing. Written notification pursuant to this subsection shall also include a notification that the claimant may have the matter reviewed by the California Department of Insurance and shall provide the address and telephone number of the unit of the Department which reviews complaints regarding claims practices.~~

~~(c) In the event an insurer requires more time than is allotted in subsection 2695.10(b) to determine whether a claim should be accepted and/or denied, in whole or in part, the insurer shall provide the claimant with written notice of the need for such additional time within the time specified in subsection 2695.10(b). Such written notice shall specify the reasons for the need for such additional time, including specification of any additional information the insurer requires in order to make such determination. The insurer shall provide the claimant with written notice as to the continuing reasons for the insurer's inability to make such a determination. Except in~~

~~cases where extraordinary circumstances are present which materially affect the insurer's ability to comply, such written notice shall be provided within 30 calendar days of the date of the initial notification, and every 30 calendar days thereafter until such determination is made or notice of legal action is received. If the determination cannot be made until some event, process, or third party determination is made, then the insurer shall comply with this requirement by advising the claimant of the situation and provide an estimate as to when the determination can be made.~~

~~(d)  No insurer shall fail to pursue diligently an investigation of a claim, or persist in seeking information not reasonably required for or material to resolution of a claim dispute.~~

~~(e)  No insurer shall deny a claim upon information obtained in a telephone conversation or personal interview with any source unless the telephone conversation or personal interview is documented in the claim file pursuant to the provisions of section 2695.3.~~

~~(f)  Where the claim is to be settled by payment, and where neither the claim nor the amount is in dispute, such payment shall be tendered (1) within 15 calendar days following affirmation of liability where the insurer does not require the claimant to execute a release, or (2) within 15 calendar days following the insurer's receipt of a release properly executed by the claimant, where such release is required by the insurer. Such release shall be provided to the claimant within ten (10) calendar days following affirmation of liability. Where multiple claimants are involved, payment shall be made pursuant to this subsection, provided such payment shall not increase the insurer's liability, or impair the rights of other claimants under the bond.~~

~~(g)  In determining whether the insurer has violated this subchapter, the Commissioner shall take into consideration the amount of the bond, the principal's position as to its liability under the bond, the complexity and size of the claim and the nature and extent of any extraordinary circumstances.~~

NOTE: Authority cited: Sections 790.10~~, 12921, 12921.1 and 12926~~ of the California Insurance Code. Reference: Sections 790.03(h)(3), (4) and (15), 12921.3 of the California Insurance Code~~, and California Civil Code Section 2807~~.

Section 2695.11.    Additional Standards Applicable to Life and Disability Insurance Claims

(a)    No insurer shall **seek reimbursement of an overpayment or** withhold any portion of any benefit payable as a result of a claim on the basis that the sum withheld **or reimbursement sought** is an adjustment or correction for an overpayment made ~~on a prior claim arising~~ under the same policy unless:

(1)  the insurer's files contain clear, documented evidence of an overpayment and written authorization from the insured or assignee, if applicable, permitting ~~such~~ **the reimbursement or** withholding procedure, or

(2)  the insurer's files contain clear, documented evidence pursuant to section 2695.3 of all of the following:

(A)  The overpayment was erroneous under the provisions of the policy.

(B)  The error which resulted in the payment is not a mistake of the law.

(C)  The insured notifies the insurer within six (6) months of the date of the error, except that in instances of error prompted by representations or nondisclosure of claimants or third parties, the insurer notifies the insured within fifteen (15) calendar days after the date of discovery of such error. For the purpose of this

subsection, the date of the error shall be the day on which the draft for benefits is issued.

(D)  Such notice states clearly the cause of the error and states the amount of the overpayment.

(E) The procedure set forth above in (a)(2)(A) through (D) above may not be used if the overpayment is the subject of a reasonable dispute as to facts.

(b)  With each claim payment, the insurer shall provide to the claimant and assignee, if any, an explanation of benefits which shall include, if applicable, the name of the provider or services covered, dates of service, and a clear explanation of the computation of benefits.

(c) An insurer may not impose a penalty upon any insured for noncompliance with insurer requirements for precertification of benefits unless such penalties are specifically and clearly set forth in writing in the policy or certificate of insurance.

(d)  An insurer that contests a claim under California Insurance Code Section 10123.13 shall subsequently affirm or deny the claim within thirty (30) calendar days from the original notification.  In the event an insurer requires additional time to affirm or deny the claim, it shall notify the claimant and assignee in writing.  This written notice shall specify any additional information the insurer requires in order to make a determination and shall state any continuing reasons for the insurer's inability to make a determination.  This notice shall be given within thirty (30) calendar days of the notice (required under Insurance Code Section 10123.13) that the claim is being contested and every thirty (30) calendar days thereafter until a determination is made or legal action is served.  If the determination cannot be made until some future event occurs, the insurer shall comply with this continuing notice requirement by advising the claimant and assignee of the situation and providing an estimate as to when the determination can be made.

(e) When a policy requires preauthorization of non-emergency medical services, the preauthorization must be given immediately but in no event more than five (5) calendar days after the request for preauthorization.  The preauthorization shall be communicated or confirmed in writing to the insured and the medical service provider, and shall explain the scope of the preauthorization and whether the preauthorization is or is not a guarantee of acceptance of the claim.  In the event the preauthorization is denied, the reason(s) for the denial shall be communicated in writing to the insured and the medical service provider.

(f) No preauthorization shall be required by an insurer for emergency medical services.

(g) An insurer shall reimburse the insured or medical service provider for reasonable expenses incurred in copying medical records requested by the insurer.

NOTE: Authority cited: Sections 790.10, 12921 and 12926 of the California Insurance Code and Sections 11342.2 and 11152 of the California Government Code.  Reference: Section 790.03(h)(1), (2), (3), (5) and (13) and Section 10123.13 of the California Insurance Code.

Section 2695.12. ~~Noncompliance and~~ Penalties

(a)  ~~A licensee has knowingly committed an act or acts in noncompliance with this subchapter under the following circumstances including, but not limited to:~~

~~(1) where the licensee has promulgated express policies or procedures that are in noncompliance with this subchapter; or,~~

~~(2) where the act(s) in compliance with this subsecter are committed by an employee or claims agent of a licensee and the licensee through its management, either:~~

~~(A) gives prior approval of the act(s); or,~~

~~(B) subsequently ratifies the propriety of the act(s); or,~~

~~(3) where the act(s) are committed by an employee or claims agent of a licensee, and it is established that:~~

~~(A) the licensee has failed to adopt, communicate and implement standards for the prompt, fair and reasonable investigation and settlement of claims in accordance with this subchapter or assure that such standards are consistently being met; or,~~

~~(B) the licensee's management was aware of facts which did apprise or should have apprised the licensee of the act(s) and the licensee failed to take any remedial measures.~~

~~(b)~~ In determining ~~noncompliance with this subchapter and~~ appropriate penalties to be assessed, ~~if any,~~ the Commissioner shall consider admissible evidence on the following:

(1)  the existence of extraordinary circumstances;

(2)  whether the licensee has a good faith and reasonable basis to believe that the claim or claims are fraudulent or otherwise in violation of applicable law and the licensee has complied with the provisions of Section 1872.4 of the **California** Insurance Code;

(3) the complexity of the claims involved;

(4) gross exaggeration of the value of the property or severity of the injury, or amount of damages incurred;

(5) substantial mischaracterization of the circumstances surrounding the loss or the alleged default of the principal;

(6) secreting of property which has been claimed as lost or destroyed.

(7) the relative number of claims where the ~~noncomplying act(s)~~ **violations** are found to exist, as contrasted to the total number of claims ~~handled~~ **reviewed** by the ~~licensee during~~ **Department for** the relevant time period;

(8) whether the licensee has taken remedial measures with respect to the **violation(s)** ~~noncomplying act(s)~~;

(9)  the existence or nonexistence of previous violations by the licensee;

(10) the degree of harm occasioned by the **violation(s)** ~~noncompliance~~; ~~and~~

(11) whether, under the totality of circumstances, the licensee made a good faith attempt to comply with the provisions of this subchapter~~.~~ ;

(12) **the** ~~F~~**f**requency of occurrence and/or severity of the detriment to the public caused by the violation of a particular subsection of this subchapter~~.~~; **and**

(13) whether the licensee's management was aware of facts that apprised or should have apprised the licensee of the act(s) and the licensee failed to take any remedial measures~,~ and

(14) the licensee's reasonable mistakes or opinions as to valuation of property, losses or damages.

~~(c) The Commissioner shall not consider reasonable mistakes or opinions as to valuation of property, losses or damages when determining the licensee's noncompliance with this subchapter or penalties to be assessed.~~

NOTE:  Authority cited: Sections 790.035, 790.07, 790.08, 790.09, 790.10, 1872.4, 12340 - 12417, inclusive, 12921, 1065, 704, 780-784, 1011, 11690, 12926 and 12928.6 of the California Insurance Code and Sections 11342.2 and 11152 of the California Government Code.  Reference:  Section 790.03(h), 790.035(a), 790.04, 790.05, 790.06, 790.08, 790.10 of the California Insurance Code.


Section 2695.13.  Severability

If any provision or clause of this rule or the application thereof to any person or situation is held invalid, such invalidity shall not affect any other provision or application of this rule which can be given effect without the invalid provision or application, and to this end the provisions of this rule are declared to be severable.

NOTE:  Authority cited:  Sections 790.10, 12340 - 12417, inclusive, 12921 and 12926 of the California Insurance Code and Sections 11342.2 and 11152 of the California Government Code.  Reference: Section 790.03(h) of the California Insurance Code.


2695.14 Effective Dates

(a) These regulations shall take effect ~~one hundred and twenty (120) calendar days after they are filed with the Secretary of State.  Any further amendments to the regulations shall take effect~~ ~~seventy-five (75)~~ ninety (90) calendar days after they are filed with the Secretary of State.

(b) Prior to the effective dates of ~~the~~ these regulations ~~and any amendments thereto, as set forth above in subsection 2695.14(a)~~, licensees shall, pursuant to Section 2695.6, adopt and communicate to their insurance agents and claims agents standards for the prompt investigation and processing of claims, and provide training and instruction on ~~the~~ these regulations ~~and any amendments thereto~~.

(c) ~~The~~ These regulations ~~and any amendments thereto contained in this subchapter~~ shall apply to ~~all new claims submitted to an insurer or insurance agent and to~~ any claims handling that takes place on or after the effective date~~s~~ set forth under subsection 2695.14(a).

NOTE: Authority Cited: Sections 790.10, 12921 and 12926~,~ of the California Insurance Code and **Section** 11343.4~,~ of the California Government Code. Reference: Section 790.03(h)~,~ of the California Insurance Code.

# EXHIBIT 3

<u>**EXHIBIT 1**</u>

1
2  Kent R. Keller (043463)
   Steven H. Weinstein (086724)
3  Larry M. Golub (110545)
   BARGER & WOLEN LLP
4  633 West Fifth Street, 47th Floor
   Los Angeles, California 90071
5  Telephone:  (213) 680-2800
   Facsimile:  (213) 614-7399

**ORIGINAL FILED**

JUN X 7 2004

LOS ANGELES
SUPERIOR COURT

6  Attorneys for Plaintiffs Personal Insurance Federation of
   California, Association of California Insurance
7  Companies, and The Surety Association of America

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF LOS ANGELES

10 PERSONAL INSURANCE FEDERATION         )   Case No. BC 298284
   OF CALIFORNIA, ASSOCIATION OF          )
11 CALIFORNIA INSURANCE                    )
   COMPANIES, and THE SURETY              )   Judge: Honorable Peter D. Lichtman
12 ASSOCIATION OF AMERICA,                )
                                           )   JOINT STATUS CONFERENCE
13         Plaintiffs,                     )   STATEMENT AND ORDER THEREON
                                           )
14      vs.                                )   Date:    June 7, 2004
                                           )   Time:    10:00 am
15 JOHN GARAMENDI, Insurance              )   Dept:    322
   Commissioner of the State of California,)
16                                         )   Complaint Filed:  July 1, 2003
                                           )
17         Defendant.                      )

18
19
20
21
22
23
24
25
26
27
28

l\offic\h\025\001\04pleadings\jointstatusconferencestatement & order.doc

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

**JOINT STATUS CONFERENCE STATEMENT AND ORDER THEREON**

## 1.    INTRODUCTION

The Complaint in this matter was filed on July 1, 2003.  On July 22, 2003, this Court issued its Ruling and Order Re: Application for Preliminary Injunction.  The effect of that Order was to enjoin the implementation of proposed amendments to the Fair Claims Settlement Practices Regulations, California Code of Regulations, Title 10, Chapter 5, Subchapter 7.5, Sections 2695.1 through 2695.14 (the "RH399 Regulations").  Since that time the parties have worked to reduce the number of disputed issues.  The result of that work is that an agreement has been reached resolving a great number of the issues in this case.

In the course of the settlement discussions, Defendant California Insurance Commissioner ("the Commissioner") has provided Plaintiffs with draft Regulations designed to resolve many of the disputes that exist with respect to the RH399 Regulations.  If the Court enters the requested orders, the Commissioner will immediately file with the Office of Administrative Law ("OAL") regulations replacing the RH399 Regulations ("Replacement Regulations").  A copy of the Replacement Regulations is attached as Exhibit A to this Joint Statement.  The Replacement Regulations can be approved by the OAL upon the entry of the requested orders inasmuch as the Replacement Regulations are substantially the same as either existing approved regulations ("the 1997 regulations") or contain language previously approved by the OAL as part of the RH399 Regulations.

At or about the same time as the Commissioner issues the Replacement Regulations, the Commissioner will submit to the OAL regulations (the "Revised Regulations") and provide the 45-day notice period required by Government Code, section 11346.4.  A copy of the Revised Regulations is attached as Exhibit B to this Joint Report.  The notice period is required as the Revised Regulations include language not in the Replacement Regulations and not subject to previous approval by the OAL.  Subject to certain objections, the parties have agreed on the language of the Revised Regulations.  Assuming the Revised Regulations become effective,

H:\Office\107253\00170\pleadings\jointstatuscconferencestatement & order.doc

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

**JOINT STATUS CONFERENCE STATEMENT**

1  Plaintiffs will not challenge the agreed-upon portions of the Revised Regulations. With respect to

2  the Revised Regulations, the Commissioner agrees that the language to be adopted in section

3  2695.8(b)(2), requiring insurers to determine the cost of a comparable automobile using either the

4  ask price or actual sales price of that vehicle, shall not become effective until sixty (60) days after

5  sales price data becomes available from the Department of Motor Vehicles. Prior to the time such

6  sales price data becomes available, all other provisions of section 2695.8(b)(2) of the Replacement

7  Regulations shall be applicable to the determination of the cost of a comparable automobile. It is

8  further agreed that within sixty (60) days of automobile sales price data becoming available from

9  the Department of Motor Vehicles, plaintiffs' member companies shall determine the cost of a

10  comparable vehicle by using either the actual sales price or the ask price of a comparable

11  automobile.

12

13       Having reached agreement that resolves most of the disputed issues in this case, the

14  parties are requesting the Court to enter certain orders to implement the partial settlement. In the

15  following sections of this Joint Statement the parties explain the partial settlement and describe the

16  orders they believe are necessary.

17

18                    2.  THE PARTIAL SETTLEMENT

19

20       Plaintiffs' Complaint contains 27 Causes of Action, 26 of which challenged sections of

21  the RH399 Regulations. The last Cause of Action sought injunctive relief with respect to the first

22  26 Causes of Action. The parties have resolved their disputes with respect to all but 3 of the 26

23  Causes of Action. In general, the disputed matters have been resolved by modification of the

24  language contained in the RH399 Regulations, which modifications appear in either the

25  Replacement Regulations or Revised Regulations. The Causes of Action as to which no resolution

26  has been reached, along with the section numbers both in the RH399 Regulations and in the Revised

27  Regulations are set forth below:

28

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-2-

| Causes of Action | RH399 Sections | Revised Sections |
|---|---|---|
| 8th Cause of Action | 2695.7(b)(5) | 2695.8(k) & 2695.9(f) |
| 15th Cause of Action | 2695.7(s) | 2695.7(r) |
| 16th Cause of Action | 2695.8(b) | 2695.8(b) |

All other Causes of Action have been resolved by the parties. As a consequence, Plaintiffs will not challenge those portions of the Revised Regulations applicable to the issues[1] challenged by Plaintiffs' Complaint that have been resolved and are no longer in dispute.

### 3. REQUESTED ORDERS

A.    An Order Vacating the Preliminary Injunction Upon Appropriate Representation by Defendant

Subject to the appropriate representation by the Commissioner at the June 7, 2004 hearing, the parties request that the Court vacate the Preliminary Injunction previously issued and discharge the bond. Specifically, the Commissioner must represent to the Court that he will not attempt to enforce sections 2695.8(k), 2695.9(f), 2695.7(r) or 2695.8(b) (as respects third-party claims) in the Revised Regulations or in any other version of the Fair Claims Settlement Practices Regulations until the propriety of such sections has been finally determined in this action. Based on that representation, the parties will then request the Court to enter an order vacating the Preliminary Injunction.

---

[1] In some instances, matters dealt with in the RH399 Regulations have different sections numbers in the Revised Regulations. Thus, while the issue is the same, the regulation number is different. An example is the depreciation regulation, as to which no agreement has been reached. In the RH399 Regulations, the provision relating to depreciation was section 2695.7(b)(5), while in the Revised Regulations depreciation is dealt with in sections 2695.8(k) and 2695.9(f). Thus, in the text we have described our agreement in terms of "issues" as the section numbers may have changed.

-3-

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

1    B.   An Order Authorizing Defendant to Issue the Replacement Regulations and to

2         Submit the Revised Regulations to the OAL

3         To avoid any issue regarding the propriety of the Commissioner's actions, the parties

4    request that the Court enter an order authorizing the Commissioner to submit the Replacement

5    Regulations[2] to the OAL for issuance and specifying that any modifications in the Replacement

6    Regulations constitute "changes without regulatory effect" under Government Code Section 100, as

7    they are either contained in RH399 or in the 1997 regulations, both of which were previously

8    approved by the OAL.  Further, the parties request that the Court's Order authorize the

9    Commissioner to submit the Revised Regulations to the OAL, thus beginning the process for their

10   ultimate approval.

11

12   C.   An Order Permitting Plaintiffs to File a First Amended Complaint Challenging

13        the Disputed Sections of the Revised Regulations

14        Finally, the parties request an order authorizing the filing of a First Amended Complaint

15   within ten (10) days prior to the time as the Revised Regulations or a modification of the Revised

16   Regulations take effect.  Assuming no resolution can be reached on the remaining disputed items,

17   those items would then be presented for resolution to this Court.

18

19

20

21

22

23

24

25

26

27   [2] As stated above, the Commissioner has agreed to delay implementation of the Replacement
28   Regulations for a period of 60 days to allow time for Plaintiffs' member insurers and other insurers
     operating in California to comply with the Replacement Regulations.

-4-

BARGER & WOLEN LLP
555 S. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

Dated: June 4, 2004

BARGER & WOLEN LLP

By: _____
KENT R. KELLER
STEVEN H. WEINSTEIN
LARRY M. GOLUB
Attorneys for Plaintiffs Personal
Insurance Federation of California,
Association of California Insurance
Companies, and The Surety Association
of America

Dated: June 7, 2004

OFFICE OF THE ATTORNEY GENERAL

By: _____
MARK P. RICHELSON
STEPHEN LEW
Attorneys for Defendant John Garamendi,
Insurance Commissioner of the State of
California

## ORDER

The Court, having read the foregoing Stipulation, and following the presentation of counsel for the parties made at the hearing on June 7, 2004, and for good cause shown, hereby orders as follows:

1. The Commissioner is authorized to submit the Replacement Regulations to the OAL for issuance. Any modifications in the Replacement Regulations constitute "changes without regulatory effect" under Government Code Section 100, as they are either contained in RH399 or in the 1997 regulations, both of which were previously approved by the OAL.;

-5-

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

2.  The Commissioner is authorized to submit the Revised Regulations to the OAL;

3.  The Preliminary Injunction previously issued in this action is vacated and the bond ordered and posted in this action is discharged and released based on the Commissioner's representation that he will not attempt to enforce sections 2695.8(k), 2695.9(f), 2695.7(r) or 2695.8(b) (as respects third-party claims) in the Revised Regulations or in any other version of the Fair Claims Settlement Practices Regulations until the propriety of such sections has been finally determined in this action.

4.  Plaintiffs are authorized to file a First Amended Complaint within ten (10) days prior to the time the Revised Regulations or a modification of the Revised Regulations take effect.

JUN X 7 2004

DATED: June ___, 2004

PETER D. LICHTMAN

_____
The Honorable Peter D. Lichtman
Judge of the Los Angeles Superior Court

-6-

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-EIGHTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

# EXHIBIT 4

STATE OF CALIFORNIA – BUSINESS, TRANSPORTATION AND HOUSING AGENCY                    Arnold Schwarzenegger, Governor

**DEPARTMENT OF MOTOR VEHICLES**
INFORMATION SERVICES BRANCH
P.O. BOX 942890
SACRAMENTO, CA 94290-0990

<u>EXHIBIT 2</u>



Date: November 1, 2007

Jason L. Gray, Esq.
SVP Strategic Development
and General Counsel
Mitchell International Inc.
9889 Willow Creek Rd
San Diego, CA 92131

Refer to: Vehicle data request

Dear Mr. Gray:

The California Department of Motor Vehicles (DMV) has received and approved an
application from Mitchell International Inc., to obtain registration records on vehicles sold
by automotive dealerships in California. The data will be used to assist its insurance carrier
clients in the determination of the value of vehicles in total loss claims.

While the Department staff has been working with Mitchell for the past year on the request
and assigned Mitchell with a requester code account number, the Department has not yet
made any vehicle data available to Mitchell. Due to budget and resource constraints as well
as the programming priority requirements identified in applicable regulation (California
Code of Regulations Title 13 Section 350.30), it is typical that a data request from
commercial entities may take from six months to a year or more to complete.

We are working in good faith with your company to fulfill the data request and, if resources
are available, hope to complete such request earlier than originally anticipated. However,
we are not in a position yet to determine exactly when such data will be available to your
company.

*Tuan T. Quan*

TUAN QUAN, Manager III
Policy and Information Privacy Section

cc:   file

A Public Service Agency
California Relay Telephone Service for the deaf or hearing impaired
from TDD Phones 1-800-735-2929 from Voice Phones 1-800-735-2922