SEDGWICK, DETERT, MORAN & ARNOLD LLP
KEVIN J. DUNNE  Bar No. 40030
BRUCE D. CELEBREZZE  Bar No. 102181
LAURA L. GOODMAN  Bar No. 142689
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Defendant
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNESHA M. GARNER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendant. | CASE NO. CV 08 1365 MEJ<br><br>**DECLARATION OF THOMAS A. BIANCO IN SUPPORT OF STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM [FED.R.CIV.P. 12(B)(6)]**<br><br>JUDGE:   Maria-Elena James<br>CTRM:   B<br>DATE:   May 22, 2008<br>TIME:   10:00 a.m. |

I, THOMAS A. BIANCO, hereby declare as follows:

1.      I am a Team Manager at the California Centralized Vehicle Total Loss Unit of defendant State Farm Mutual Automobile Insurance Company ("State Farm") and have been employed as a Team Manager in California since 2000.  My office is in Emeryville, California. Prior to becoming a Team Manager in California, I was employed by State Farm as a Property Claims Representative, an Injury Claims Representative, a Subrogation Supervisor, a Property Assistant Claim Superintendent, and a National Catastrophe Team Manager.  I submit this Declaration in Support of State Farm's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim.  I have personal knowledge of the matters stated herein and, if called upon to do so, would testify competently to them.

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1          2.      Attached hereto as Exhibit A is a true and correct certified copy of State Farm

2     Policy No. 088-9875-E12-05A which was issued to plaintiff Arnesha Garner and was in effect on

3     the date of loss, April 27, 2007.

4          I declare under penalty of perjury in accordance with 28 U.S.C. § 1746 that the foregoing

5     is true and correct and that this declaration was executed on this 14th day of April 2008, at

6     Castro Valley, California.

7

8                                   _Thomas A. Bianco_____
                                    THOMAS A. BIANCO
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

DECLARATION OF THOMAS A. BIANCO IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE
TO STATE A CLAIM [FED.R.CIV.P. 12(B)(6)]

# EXHIBIT A

# CERTIFICATE

I, the undersigned, do hereby certify that I am the custodian of record

pertaining to the issuance of policies issued by the State Farm Mutual

Automobile Insurance Company of Bloomington, IL.

I further certify that the attached policy, number <u>088 9875-E12-05A</u> is a copy of

the policy issued to <u>Garner, Arnesha of 2924 Griffith Street, San Francisco,</u>

<u>California, 94124-3722</u> together with any endorsements, issued subsequently,

based on our available records.

The policy was in effect on the loss date of <u>April 27, 2007.</u>

<u>March 19, 2008</u>
<u>Rohnert Park, California</u>

*Anne Cuellar*

Anne Cuellar, CPCU
Team Manager

 **State Farm Mutual Automobile Insurance Company**
6400 State Farm Drive
Rohnert Park CA 94926

NAMED INSURED          05-2012-333P

GARNER, ARNESHA
2924 GRIFFITH ST
SAN FRANCISCO CA  94124-3722

| 31043-3-P | | MUTL  VOL |
|---|---|---|

**DECLARATIONS PAGE**

POLICY NUMBER   88 9875-E12-05A
POLICY PERIOD NOV 12 2005 to MAY 12 2006

STATE FARM PAYMENT PLAN NUMBER
1011575902

AGENT

ROGER WILSON
801 WOODSIDE ROAD
SUITE 12
REDWOOD CITY, CA 94061-3751

PHONE: (650)365-1432

**DO NOT PAY PREMIUMS SHOWN ON THIS PAGE.**
**SEPARATE STATEMENT ENCLOSED IF AMOUNT DUE.**

| YEAR | MAKE | MODEL | BODY STYLE | VEHICLE ID NUMBER | CLASS |
|---|---|---|---|---|---|
| 2005 | FORD | ESCAPE | SPORT WG | 1FMYU04155KB19440 | 1B0HA31A |

| SYMBOLS | COVERAGES | PREMIUMS |
|---|---|---|
| | See policy for coverage details. | 2005 FORD |
| A | Bodily Injury/Property Damage Liability | $367.98 |
| | Limits of Liability-Coverage A-Bodily Injury | |
| | Each Person, Each Accident | |
| | $30,000     $60,000 | |
| | Limits of Liability-Coverage A-Property Damage | |
| | Each Accident | |
| | $25,000 | |
| C | Medical Payments | $50.75 |
| | Limit of Liability-Coverage C | |
| | Each Person | |
| | $5,000 | |
| D250 | $250 Deductible Comprehensive | $159.39 |
| G500 | $500 Deductible Collision | $526.40 |
| R1 | Car Rental/Travel Expenses | $16.80 |
| | Limits of Liability-Car Rental Expense | |
| | Each Day     Each Occurrence | |
| | $20     $500 | |
| U | Uninsured Motor Vehicle | $45.78 |
| | Limits of Liability | |
| | Each Person, Each Accident | |
| | $30,000     $60,000 | |
| U1 | Uninsured Motor Vehicle Property Damage | $4.97 |
| | Loss of Earnings | |
| | $30,000 | |
| | Persons Insured-Coverage Z | |
| | GARNER, ARNESHA | |

Total premium for this policy period NOV 12 2005 to MAY 12 2006     $1,176.01     This is not a bill.

**IMPORTANT MESSAGES**

Your policy consists of this declarations page, the policy booklet - form 9805A, and any endorsements that apply, including those issued to you with any subsequent renewal notice.

Replaced policy number 0889875-05.

**EXCEPTIONS AND ENDORSEMENTS (See individual endorsement for details.)**

FINANCED- FORD MOTOR CREDIT - LIEN INSURANCE SERVICE CENTER, PO BOX 390910,
MINNEAPOLIS MN 55439-0910
6127FF     AMENDMENT OF DEFINED WORDS; INSUREDS DUTIES; MED PAY;
           UNINSURED/UNINSURED MOTOR VEH PD; PHYSICAL DAMAGE COV;
           CONDITIONS; MTRCYCLE COV AND TRAILER END
6893PP     AMENDMENT OF CAR RENTAL AND TRAVEL EXPENSES COVERAGES
6905A.1    AMENDMENT OF DEFINED WORDS, LIABILITY, MEDICAL PAYMENTS,
           UNINSURED MOTOR VEHICLE AND PHYSICAL DAMAGE COVERAGES AND
           CONDITIONS.

Agent:     ROGER WILSON

Telephone: (650)365-1432

```
DOCUMENT  1 OF  2                                              03/18/08
                                                              09:01:42
                                                              AUC000A0
                        Echo Policy Transactions

            Request type: Original

            Policy number: 188 8086-B10-05
            Insured's name: GARNER, ARNESHA

            Accessed by: BVPA                    Entered by: BVPA
                   Date: 08-17-07                       Date: 08-17-07



            Changes include: LIEN

            Effective date: 08-15-07                    Time: 11:21 AM
                 App date: 08-15-07            Received date: 08-16-07
                   Source: Echo Agent
                 Sales_ID:

    Add Lienholder

                 Code: 30709

    Agent Information

            Agent's name: WILSON, ROGER L          Agt-AFO: 2012-F163
                   Phone: 650-365-1432             Initials: GD




                                                       PAGE  1 OF  1
                        Next: ____ +
        F2=Addl F keys  F4=Prompt  F7=Bkwd  F8=Fwd  F18=Next Doc  F19=Last doc
```

```
DOCUMENT  2 OF  2                                          03/18/08
                                                          09:01:48
                             Auto Application             AUC000A0
ADDED NEW VEHICLE TRANSACTION ORIGINAL           SF Mutual

Policy No/Car No: 188 8086 05                    Purch Dt: 08-04-2007
         Qual No: 183 3379 05
        Eff Date: 08-10-2007
        App Date: 08-09-2007 11:17 AM           Agt-AFO: 2012-F163
       Recd Date: 08-13-2007


        Repl No:                                 Eapp no: 053 2012 V29
--------------------------------------------------------------------------


Veh in household: 03                     App orig: ECHO AGENT
                                         Sales ID:
  With SF Ins Cos:

Name and Mailing Address                 New Named Insd:

   GARNER,ARNESHA                        Rating zip: 94124
   2924 GRIFFITH ST
   SAN FRANCISCO   CA 94124-3722
        Phone type: HOME                 Phone#: 415-424-8606

Prior Insurance

        Reason Purchased
        Within 30 days: NEW TOY




                                                 PAGE  1 OF  4

              Next: ____ +
    F2=Addl F keys  F4=Prompt  F7=Bkwd  F8=Fwd  F18=Next Doc  F19=Last doc
```

```
DOCUMENT  2 OF  2                                         03/18/08
                                                          09:01:54
                                                          AUC000A0
Drivers/Violations/Accidents or Losses

   Principal Operator First:  ARNESHA      Last: GARNER        SS#:
   License No:                             Marital stat: SINGLE
   Birthdate: 09-12-1978 Sex:

   Occ: MAIL CARRIER                 Occ Stat: EMPLOYED
   Employer      11111
                 11111
                 REDWOOD CITY    CA  94111

Class

   Avg weekly wrk/school: 40      MLD: RENT            Multicar: YES
              Ann mil: 10000      Class: 1B
              Odometer: 70224
           Use of vehicle: WORK/SCHOOL

      If this vehicle is not used for commuting, how does the insured get to and
         from work/school:

      Cal good drvr disc: YES


      Addl HH class chg: NO

      YLR: 11
```

```
                         Next:  ____  +
   F2=Addl F keys  F4=Prompt  F7=Bkwd  F8=Fwd  F18=Next Doc  F19=Last doc
```

```
DOCUMENT  2 OF  2                                             03/18/08
                                                             09:01:55
                                                             AUC000A0
Vehicle

          Year: 1999              Vin: 2C3HD46JX X H788326
          Make: CHRYSLER    PP2 IRG: 019
          Model: CONCORDE        LRG: 05
     Body Style: "LXI" 4D SED 6C Prior Dam: NO        Veh insp by: KM
Veh safety disc:  C - 20%

          Date Purchased: 08-04-2007
     Effective Date of Policy: 08-10-2007

SFPP

   Add to SFPP acct no: 1011575902

Coverage Information

   Coverages                Limits or Deductible       Premium
   BI                       30/60                       177.21
   PD                       25                            0.00
   MED                      $5,000                       27.44
   COMP                     $250 DED                     85.92
   COLL                     $500 DED                    206.03
   R1                       80%/500                      16.80
   UBI                      30/60                        22.51
   UPD                                                    2.74
   Z                                                      4.80

   S & Z Coverage

     Name                      S    Z

     ARNESHA                        Y

   Answer  Question

   YES    Is each person named for coverage Z regularly employed?
                                                        PAGE  3 OF  4
                    Next: ____  +
F2=Addl F keys   F4=Prompt   F7=Bkwd   F8=Fwd   F18=Next Doc   F19=Last doc
```

```
DOCUMENT  2 OF  2                                   03/18/08
                                                    09:01:56
                                                    AUC000A0

             Premium:      $543.45

Controlling Driver Record Information
   Controlling driver record: SR
        First name & initial:  ARNESHA
                Last name: GARNER

Underwriting Questions

    ANSWER

    NO     Violations, accidents, or losses not listed for any driver in the
              last 10 years?

           Registered owner of the veh: APPLICANT

    NO     Household members age 13 and over who are not yet licensed?

Agent Information

           Agent's name: WILSON, ROGER L
                Phone: 650-365-1432              Initials: KM

                  Policy booklet delivered dt: 08-10-07
```

## 6127FF AMENDATORY ENDORSEMENT

This endorsement is a part of *your* policy. Except for the changes it makes, all other terms of the policy remain the same and apply to this endorsement. It is effective at the same time as *your* policy unless a different effective date is specified by us in writing.

In consideration of the premium charged, it is agreed that *your* policy is changed as follows:

1. **DEFINED WORDS**

   a. The definition of *Newly Acquired Car* is changed to read:

   > *Newly Acquired Car* means a *car* newly owned by or newly leased to *you* or *your spouse*. A *car* ceases to be a *newly acquired car* on the earlier of:
   >
   > 1. the effective date and time of a policy, including any binder, issued by us or any other company that describes the *car* as an insured vehicle; or
   >
   > 2. the end of the 14th calendar day immediately following the date the *car* is delivered to *you* or *your spouse*.
   >
   > If *you* or *your spouse* want coverage for a *car* newly owned by or newly leased to *you* or *your spouse* and it:
   >
   > 1. replaces *your car*, then *you* must ask us to insure that *car* within 14 days after it is delivered to *you* or *your spouse* and pay us any added amount due. The added amount due will be calculated based on the date the replacement *car* is delivered to *you* or *your spouse*.
   >
   > 2. does not replace *your car*, then *you* or *your spouse* must apply to us for a separate policy to insure that added *car*. Such policy will be issued only if both the applicant and the vehicle are eligible for coverage at the time of the application.
   >
   > If a *newly acquired car* is not otherwise afforded comprehensive coverage or collision coverage by this or any other policy, then this policy will provide Comprehensive Coverage or Collision Coverage for that *newly acquired car*, subject to a deductible of $500. Any coverage provided as a result of this paragraph will apply only until the end of the 5th calendar day immediately following the date the

   *newly acquired car* is delivered to *you* or *your spouse*.

   b. The definition of *Relative* is changed to read:

   > *Relative* as used in Sections I, II, IV and V means a *person* who is related to *you* or *your spouse* by blood, marriage, adoption, or registered domestic partnership as qualified by California law and who resides primarily with *you*. It includes *your* or *your spouse's* unemancipated child away at school who is neither married nor a registered domestic partner as qualified by California law.
   >
   > As used in Section III, *relative* means a *person* who is related to *you* or *your spouse* by blood, marriage, adoption, or registered domestic partnership as qualified by California law and who resides primarily with *you* or *your spouse*. It includes *your* or *your spouse's* unemancipated child away at school who is neither married nor a registered domestic partner as qualified by California law.

   c. The definition of *Spouse* is changed to read:

   > *Spouse* as used in Sections I, II, IV and V means *your*:
   >
   > 1. husband;
   >
   > 2. wife; or
   >
   > 3. registered domestic partner as qualified by California law
   >
   > who resides primarily with *you*.
   >
   > As used in Section III, *spouse* means *your* husband, *your* wife, or *your* registered domestic partner as qualified by California law.

   d. The definition of *Your Car* is changed to read:

   > *Your Car* means the vehicle described on the Declarations Page. *Your Car* does not include a vehicle that *you* no longer own or lease.

6127FF

If *you* ask us to replace the *car* shown on the Declarations Page with a *car* newly owned by or newly leased to *you* or *your spouse*, the *car* being replaced will continue to be considered *your car* until the earliest of:

1. the end of the 30th calendar day immediately following the date such newly owned or newly leased *car* is delivered to *you* or *your spouse*;

2. the date this policy is no longer in force; or

3. the date *you* no longer own or lease the *car* being replaced.

2. **REPORTING A CLAIM — INSURED'S DUTIES**

The following is added:

A *person* or organization making claim under this policy must, when we require, give us proof of loss on forms we furnish.

A *person* making claim under Medical Payments Coverage, Uninsured Motor Vehicle Coverage, Death, Dismemberment and Loss of Sight Coverage, or Loss of Earnings Coverage must provide written authorization for us to obtain:

1. medical bills;

2. medical records;

3. wage, salary, and employment information; and

4. any other information we deem necessary to substantiate the claim.

If an injured *person* is a minor, unable to act, or dead, then his or her legal representative must provide us with the written authorization.

If the holder of the information refuses to provide it to us despite the authorization, then at our request the *person* making claim or his or her legal representative must obtain the information and promptly provide it to us.

3. **SECTION II — MEDICAL PAYMENTS — COVERAGE C**

a. The following paragraph:

Expenses are reasonable only if they are consistent with the usual fees charged by the majority of similar medical providers in the geographical area in which the expenses were incurred for the specific medical service.

is changed to read:

Expenses are reasonable only if they are the lowest of any one of the following charges:

1. the usual and customary fees charged by a majority of healthcare providers who provide similar medical services in the geographical area in which the charges were incurred;

2. the fees agreed to by both the injured *person's* healthcare provider and us; or

3. the fees agreed upon between the injured *person's* healthcare provider and a third party when we have a contract with such third party.

b. The following is added:

We have the right to:

1. obtain and use:

a. peer reviews; and

b. medical bill reviews

of the medical expenses and services to determine if they are reasonable and necessary for the *bodily injury* sustained;

2. use a medical examination of the injured *person* to determine if:

a. the *bodily injury* was caused by a motor vehicle accident; and

b. the medical expenses and services are reasonable and necessary for the *bodily injury* sustained; and

3. enter into a contract with a third party that has an agreement with the injured *person's* healthcare provider to charge fees as determined by that agreement.

c. The following is added to **Deciding Amount**:

Arbitrators shall have no authority to decide any questions of law or conduct arbitration on a class-wide or class-representative basis.

6127FF

d. The following is added to **When Someone May Be Legally Liable For the Bodily Injury:**

We will not pay any medical expenses under Medical Payments Coverage that have already been paid by or on behalf of a party who is legally liable to the *person* for whom such medical expenses would have otherwise been payable under the Medical Payments Coverage of this policy.

e. The following provision under **What Is Not Covered:**

THERE IS NO COVERAGE FOR MEDICAL EXPENSES FOR *BODILY INJURY* TO THE EXTENT WORKERS' COMPENSATION BENEFITS ARE REQUIRED TO BE PAYABLE;

is changed to read:

THERE IS NO COVERAGE FOR MEDICAL EXPENSES FOR *BODILY INJURY* IF ANY WORKERS' COMPENSATION LAW OR ANY SIMILAR LAW APPLIES TO THAT *BODILY INJURY*;

4. **SECTION III — UNINSURED MOTOR VEHICLE — COVERAGE U AND UNINSURED MOTOR VEHICLE PROPERTY DAMAGE – COVERAGE U1**

a. The following is added to **Deciding Fault and Amount Under Coverage U and Deciding Fault and Amount Under Coverage U1:**

Arbitrators shall have no authority to decide any questions of law or conduct arbitration on a class-wide or class-representative basis.

b. The following is added to **When Coverage U Does Not Apply:**

THERE IS NO COVERAGE FOR *BODILY INJURY* TO AN *INSURED* WHILE *OCCUPYING* A MOTOR VEHICLE IF THE OWNER OR DRIVER HAS UNINSURED MOTOR VEHICLE COVERAGE OR OTHER SIMILAR COVERAGE ON THAT MOTOR VEHICLE WITH LIMITS OF LIABILITY EQUAL TO OR GREATER THAN THE LIMITS OF LIABILITY PROVIDED BY THE UNINSURED MOTOR VEHICLE COVERAGE OF THIS POLICY.

This exclusion does not apply to an *insured* while *occupying your car* or a *newly acquired car*.

5. **SECTION IV — PHYSICAL DAMAGE COVERAGES**
**COMPREHENSIVE – COVERAGE D, COLLISION – 80% – COVERAGE F, and COLLISION – COVERAGE G**

a. The following language:

If we offer to pay for the repair of damaged windshield glass instead of the replacement of the windshield and *you* agree to have such repair made, we will pay the full cost of repairing the windshield glass regardless of *your* deductible.

is changed to read:

If *you* and we agree, windshield glass will be repaired instead of replaced.

b. The following is added:

*You* agree that replacement glass need not have any insignia, logo, trademark, etching, or other marking that was on the replaced glass.

c. The following is added to **Settlement of Loss – Comprehensive and Collision Coverages:**

Appraisers shall have no authority to decide any questions of law or conduct appraisal on a class-wide or class-representative basis.

6. **CONDITIONS**

Item 6. is changed to read:

6. **Premium**

The premium for this policy may vary based upon the purchase of other insurance from one of the State Farm affiliated companies.

The premium for this policy is based upon information State Farm has received from *you* or other sources. *You* must inform us if any information regarding the following is incorrect or incomplete, or changes during the policy period, and *you* must answer questions we ask regarding information used to determine the premium, including the following:

a. *Your car*, or its use, including annual mileage;

b. The *persons* who regularly drive *your car*, including newly licensed family members;

c. *Your* marital status; or

d. The location where *your car* is primarily garaged.

6127FF

If the above information or any other information used to determine the premium is incorrect, incomplete, or changes during the policy period, we may decrease or increase the premium during the policy period. If we decrease the premium during the policy period, then we will provide a refund or a credit in the amount of the decrease. If we increase the premium during the policy period, then *you* must pay the amount of the increase.

If *you* do not provide us information used to determine the premium when we ask, we will notify *you* in writing of our intent to increase the premium due to *your* failure to provide the requested information. If *you* do not respond within 21 days after the date we mail or deliver the notice we may increase the premium during the policy period.

7. **MOTORCYCLE COVERAGE ENDORSEMENT and TRAILER ENDORSEMENT**

The definition of *newly acquired car* in the above item 1. replaces the definition of *newly acquired car* in both the **MOTORCYCLE COVERAGE** endorsement and the **TRAILER ENDORSEMENT** if either endorsement is a part of *your* policy. In addition, under the **TRAILER ENDORSEMENT**, *"car"* as found in the definition of *newly acquired car* is changed to include a trailer newly owned by or newly leased to *you* if it is of the same type as the trailer described on the declarations page.

## 6905A.1 AMENDMENT OF DEFINED WORDS, LIABILITY, MEDICAL PAYMENTS, UNINSURED MOTOR VEHICLE AND PHYSICAL DAMAGE COVERAGES AND CONDITIONS

This endorsement is a part of *your* policy. Except for the changes it makes, all other terms of the policy remain the same and apply to this endorsement. It is effective at the same time as *your* policy unless a different effective date is specified by us in writing.

In consideration of the premium charged, it is agreed that *your* policy is changed as follows:

1.  **DEFINED WORDS**

    The following definition is added:

    *Fungi* – means any type or form of fungus or fungi and includes:

    1.  mold;
    2.  mildew; and
    3.  any of the following that are produced or released by fungi:
        a.  mycotoxins;
        b.  spores;
        c.  scents; or
        d.  byproducts.

2.  **SECTION I — LIABILITY — COVERAGE A**

    Under the paragraph that reads "In addition to the limits of liability, we will pay for an *insured* any costs listed below resulting from such accident":

    a.  item 3.c. is deleted.
    b.  item 4. is changed to read:
        4.  The following costs and expenses if related to and incurred after a civil lawsuit has been filed against an *insured* for damages for which liability coverage is provided by this policy:
            a.  loss of wages or salary, but not other income, up to $100 for each day an *insured* attends at our request:
                (1) an arbitration;
                (2) a mediation; or
                (3) a trial of a civil suit.
            b.  reasonable expenses incurred by an *insured* at our request, other than loss of wages, salary, or other income.

    The amount of any of the costs or expenses listed above that are incurred by an *insured* must be reported to us before we will pay.

3.  **SECTION II — MEDICAL PAYMENTS — COVERAGE C**

    The following is added to **What Is Not Covered**:

    a.  THERE IS NO COVERAGE FOR *BODILY INJURY* THAT RESULTS FROM EXPOSURE TO *FUNGI*.
    b.  THERE IS NO COVERAGE FOR *BODILY INJURY* THAT RESULTS FROM:
        (1) NUCLEAR REACTION;
        (2) RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR
        (3) THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE.

4.  **SECTION III — UNINSURED MOTOR VEHICLE — COVERAGE U AND UNINSURED MOTOR VEHICLE PROPERTY DAMAGE — COVERAGE U1**

    The following changes are made to UNINSURED MOTOR VEHICLE – COVERAGE U:

    a.  The following is added to "*Uninsured Motor Vehicle* under coverage U – means:"
        4.  a land motor vehicle owned by or leased to an injured *insured* when that vehicle is being operated, or caused to be operated, by a *person* without that *insured's* consent in connection with criminal activity that has been documented in a police report and the injured *insured* is not a party to such activity.
    b.  Item 2. under "An *uninsured motor vehicle* under coverage U does not include a land motor vehicle:" is changed to read:
        2.  owned or operated by *you, your spouse,* any *relative* or any resident of *your* household (except

5.

for a vehicle as described in item 4. above);

c.  **When Coverage U Does Not Apply**

(1) The following is added to item 2.b.:

This does not apply to *bodily injury* to an *insured* through being struck by a motor vehicle owned by or leased to that *insured* when that vehicle is being operated, or caused to be operated, by a *person* without that *insured's* consent in connection with criminal activity that has been documented in a police report and the injured *insured* is not a party to such activity.

(2) Item 3. is changed to read:

THERE IS NO COVERAGE:

3.  TO THE EXTENT IT BENEFITS:

a.  ANY WORKERS' COMPENSATION OR DISABILITY BENEFITS INSURANCE COMPANY.

b.  A SELF-INSURER UNDER ANY WORKERS' COMPENSATION, OR DISABILITY BENEFITS OR SIMILAR LAW.

c.  ANY GOVERNMENTAL BODY OR AGENCY.

**SECTION IV --- PHYSICAL DAMAGE COVERAGES**

The following is added to **When The Physical Damage Coverages Do Not Apply:**

a.  THERE IS NO COVERAGE FOR *LOSS* TO ANY VEHICLE DUE TO *FUNGI.* THIS APPLIES REGARDLESS OF WHETHER OR NOT THE *FUNGI* RESULT FROM A *LOSS* THAT IS PAYABLE UNDER ANY OF THE PHYSICAL DAMAGE COVERAGES. WE WILL ALSO NOT PAY FOR ANY TESTING OR REMEDIATION OF *FUNGI,* OR ANY ADDITIONAL COSTS REQUIRED TO REPAIR ANY VEHICLE THAT ARE DUE TO THE EXISTENCE OF *FUNGI.*

b.  THERE IS NO COVERAGE FOR *LOSS* TO ANY VEHICLE THAT RESULTS FROM:

(1) NUCLEAR REACTION;

(2) RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR

(3) THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE.

6.  **CONDITIONS**

Item d. of condition 2., **Suit Against Us,** is changed to read:

There is no right of action against us:

d.  under uninsured motor vehicle coverage unless within two years from the date of the accident:

(1) suit for *bodily injury* has been filed in the proper court against the uninsured motorist;

(2) an agreement as to the amount due under this coverage has been made; or

(3) the *insured* or his or her representative has formally started arbitration proceedings by making a written request, sent to us by certified mail, return receipt requested.

If a suit has been filed against the uninsured motorist, written notice of the suit must be given to us within a reasonable time after the *insured* knew or should have known that the motorist was uninsured; but we may not require that this notice be given earlier than two years from the date of the accrual of the cause of action on which the claim is based.

This provision does not limit a right of action resulting from *bodily injury* caused by an *underinsured motor vehicle.*

## 6893PP AMENDMENT OF CAR RENTAL AND TRAVEL EXPENSES COVERAGES

This endorsement is a part of *your* policy. Except for the changes it makes, all other terms of the policy remain the same and apply to this endorsement. It is effective at the same time as your policy unless a different effective date is specified by us in writing.

In consideration of the premium charged, it is agreed that SECTION IV — PHYSICAL DAMAGE COVERAGES of *your* policy is changed as follows:

CAR RENTAL AND TRAVEL EXPENSES — COVERAGE R1 and CAR RENTAL AND TRAVEL EXPENSES — COVERAGE R2 are deleted and replaced by the following:

CAR RENTAL AND TRAVEL EX-PENSES – COVERAGE R1. *You* have this coverage if "R1" appears in the "Coverages" space on the declarations page.

1. Car Rental Expense.

   a. If:

      (1) a dollar amount is shown under "Limits of Liability – Car Rental Expense, Each Day" on the declarations page, we will pay *you* the daily rental charge up to that dollar amount; or

      (2) a percentage amount is shown under "Limits of Liability – Car Rental Expense, Each Day" on the declarations page, we will pay *you* that percentage of the daily rental charge

   when *you* rent a *car* from a car rental agency or *car business*. "Daily rental charge" means the daily rental rate plus charges for mileage and related taxes.

   If *you* choose not to rent a *car*, we will pay *you* $10 for each complete 24 hour period that *your car* is not drivable. *You* must report to us the period of time that *your car* was not drivable.

   We will pay only if *your car* is not drivable because of a *loss* which

would be payable under coverage D, F or G.

   b. Payment will be made for a period that:

      (1) starts:

         (a) when *your car* is not drivable due to the *loss*; or

         (b) if *your car* is drivable, when *you* leave it at the shop for agreed repairs; and

      (2) ends:

         (a) when *your car* has been repaired or replaced; or

         (b) when we offer to pay for the *loss*, if *your car* is repairable but *you* choose to delay repairs; or

         (c) five days after we offer to pay for the *loss* if:

            (i) *your car* was stolen and not recovered; or

            (ii) we declare that *your car* is a total loss;

      whichever comes first.

   If the incurred daily rental charge is payable under both Comprehensive Coverage and Car Rental and Travel Expenses Coverage, we will pay only under the one coverage where *you* collect the most.

2. Travel Expenses. If *your car* is not drivable due to a *loss* which occurs more than 50 miles from home and

Page 1 of 2

6893PP

which would be payable under coverage D, F or G, we will pay *you* for expenses incurred by *you*, *your spouse* and any *relative* for:

a. commercial transportation fares to continue to *your* destination or home;

b. extra meals and lodging needed when the *loss* to *your car* causes a delay enroute. The expenses must be incurred between the time of the *loss* and *your* arrival at *your* destination or home or by the end of the fifth day, whichever occurs first; and

c. meals, lodging and commercial transportation fares incurred by *you* or a *person you* choose to drive *your car* from the place of repair to *your* destination or home.

3. **Rental Car – Repayment of Deductible Amount Expense.** We will pay the expense of any deductible amount *you* are required to pay the owner under comprehensive or collision coverage in effect on a substitute *car* rented from a car rental agency or *car business*.

**Total Amount of Expenses Payable – Coverage R1**

1. The most we will pay for "Car Rental Expense" incurred in any one occurrence is shown on the declarations page under "Limits of Liability – Car Rental Expense, Each Occurrence".

2. The most we will pay for "Travel Expenses" incurred by all *persons* in any one occurrence is $400.

3. The most we will pay for "Rental Car – Repayment of Deductible Amount Expense" incurred in any one occurrence is $400.

Edward B Rust Jr

Chief Executive Officer

6893PP

## WHAT IT IS AND WHERE YOU CAN FIND IT — THE INDEX

| | PAGE NO. |
|---|---|
| Reporting a Claim — Insured's Duties — What to do if *you* have an accident, claim or are sued. | 4 |
| Defined Words | 2 |
| Declarations Continued | 3 |
| When and Where Your Coverage Applies | 4 |
| Financed Vehicles — Coverage for Creditor | 4 |

**Coverages**

| | |
|---|---|
| A — **Liability** — When there is damage to others. | 6 |
| C — **Medical Payments** — When there are medical and funeral expenses. | 9 |
| U — **Uninsured Motor Vehicle** — When the other car or driver is not insured or is un-insured and there is *bodily injury* to an *insured*. | 11 |
| U1 — **Uninsured Motor Vehicle Property Damage** — When the other car or driver is not insured and there is *property damage*. | 14 |
| D — **Comprehensive** — When *your car* is damaged except by collision or upset. Any deductible amount is shown by the number beside "D" on the declarations page. | 16 |
| F — **Collision — 80%** — When *your car* is damaged by collision or upset. | 16 |
| G — **Collision** — When *your car* is damaged by collision or upset. The deductible is shown by the number beside "G" on the declarations page. | 16 |
| H — **Emergency Road Service** — When *your car* breaks down or needs a tow. | 18 |
| R — **Car Rental Expense** — When you need to rent a *car* because of damage to *your car*. | 18 |
| R1 — **Car Rental and Travel Expenses** — When you need to rent a *car* and pay extra travel expenses because of damage to *your car*. | 18 |
| S — **Death, Dismemberment and Loss of Sight** — Pays for death of or certain injuries to *persons* named. | 21 |
| T — **Total Disability** — Pays *weekly indemnity* to *persons* named. | 21 |
| Z — **Loss of Earnings** — Pays loss of *weekly earnings* to *persons* named. | 22 |

**Conditions**

| | |
|---|---|
| 1. Policy Changes | 23 |
| 2. Suit Against Us | 23 |
| 3. Our Right To Recover Our Payments | 24 |
| 4. Cancellation | 24 |
| 5. Renewal | 25 |
| 6. Premium | 25 |
| 7. Concealment or Fraud | 25 |

| | |
|---|---|
| Mutual Conditions | 26 |

Policy Form 9805A

PLEASE READ YOUR POLICY CAREFULLY. IF YOU HAVE AN ACCIDENT, CONTACT YOUR STATE FARM AGENT OR ONE OF OUR CLAIM OFFICES AT ONCE.  (SEE "REPORTING A CLAIM-INSURED'S DUTIES" IN THIS POLICY.)

Authorized Representative

 State Farm Mutual Automobile Insurance Company, Home Office, Bloomington, Illinois
The address of the Regional Office issuing this policy is shown at the top of the Declarations Page.

# YOUR
# STATE FARM
# CAR
# POLICY

**WARNING**

Unless you have automobile insurance written by a Mexican insurance company, you may spend many hours or days in jail, if you have an accident in Mexico. Insurance coverage should be secured from a company licensed under the laws of Mexico to write such insurance in order to avoid complications and some other penalties possible under the laws of Mexico, including the possible impoundment of your automobile.

California
Policy Form 9805A

# STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
## BLOOMINGTON, ILLINOIS
### A MUTUAL COMPANY

## DEFINED WORDS
## WHICH ARE USED IN SEVERAL PARTS OF THE POLICY

We define some words to shorten the policy. This makes it easier to read and understand. Defined words are printed in boldface italics. *You* can pick them out easily.

*Bodily Injury* — means bodily injury to a *person* and sickness, disease or death which results from it.

*Car* — means a land motor vehicle with four or more wheels, which is designed for use mainly on public roads. It does not include:

1. any vehicle while located for use as a dwelling or other premises; or

2. a truck-tractor designed to pull a trailer or semitrailer.

*Car Business* — means a business or job where the purpose is to test, road test, sell, lease, repair, service, transport, store or park land motor vehicles or trailers.

*Insured* — means the *person*, *persons* or organiza-tion defined as *insureds* in the specific coverage. If the information *you* have provided State Farm is incorrect or changes during the pol-icy period, State Farm may decrease or increase the premium during the policy period as set out in the provision titled **Premium** of the **Conditions** section of this policy.

*Loss* — defined in Sections IV and V.

*Newly Acquired Car* — means a *replacement car* or an *additional car*.

*Replacement Car* — means a *car* newly owned by or newly leased to *you* or *your spouse* that replaces *your car*. This policy will only pro-vide coverage for the *replacement car* if *you* or *your spouse*:

1. ask us to insure it within 30 days after its delivery to *you* or *your spouse*; and

2. pay us any added amount due.

*Additional Car* — means an added *car* newly owned by or newly leased to *you* or *your spouse*. This policy will only provide coverage for the *additional car* if:

1. it is a *private passenger car* and we insure all other *private passenger cars*; or

2. it is other than a *private passenger car* and we insure all *cars* owned by or leased to *you* or *your spouse* on the date of its delivery to *you* or *your spouse*. This policy provides coverage for the *addi-tional car* only until the earlier of:

1. 12:01 A.M. Standard Time at the ad-dress shown on the declarations page on the 31st day after the delivery of the *car* to *you* or *your spouse*; or

2. the effective date and time of a policy issued by us or any other company that describes the *car* on its declara-tions page.

*You* or *your spouse* may apply for a policy that will provide coverage beyond the 30th day for the *additional car*. Such policy will be issued only if both the applicant and the vehicle are eligible for coverage at the time of application.

If a *newly acquired car* is not otherwise afforded comprehensive or collision coverage by this or any other policy, this policy will provide the compre-hensive or collision coverage not otherwise pro-vided for the *newly acquired car*. If such coverage is provided by this paragraph, it will apply only until 12:01 A.M. Standard Time at the address shown on the declarations page on the sixth day after the delivery of the *car* to *you* or *your spouse*. Any comprehensive or collision coverage provided by this paragraph is subject to a deductible of $500.

*Non-Owned Car* — means a *car* not owned by, reg-istered to or leased to:

1. *you*, *your spouse*;

2. any *relative* unless at the time of the acci-dent or *loss*:

a. the *car* currently is or has within the last 30 days been insured for liability coverage; and

b. the driver is an *insured* who does not own or lease the *car*.

3. an employer of *you*, *your spouse* or any *relative*; or

4. any other *person* residing in the same household as *you*, *your spouse* or any *relative*.

*Non-owned car* does not include a *car* which has been operated or rented by or in the possession of an *insured* during any part of each of the last 21 or more consecutive days. The *insured* is an *insured* under one or more other *car* policies issued by us. The 21 day limit is increased by an additional 21 days for each such additional policy.

A *non-owned car* must be a *car* in the lawful pos-session of the *person* operating it.

*Occupying* — means in, on, entering or alighting from.

*Person* — means a human being.

*Private Passenger Car* — means a *car*:

1. with four wheels;

2. of the private passenger or station wagon type; and

3. designed solely to carry *persons* and their luggage.

*Relative* — as used in Sections I, II, IV and V means a *person* related to *you* or *your spouse* by blood, marriage or adoption who resides primarily with *you*. It includes *your* unmarried and unemancipated child away at school.

As used in Section III, *relative* means a *person* re-lated to *you* or *your spouse* by blood, marriage or adoption who resides primarily with *you* or *your spouse*. It includes *your* unmarried and unemanci-pated child away at school.

As used in Section III, *spouse* means *your* husband or wife.

*Temporary Substitute Car* — means a *car* not owned by, registered or leased to *you* or *your spouse*, if it replaces *your car* for a short time. The use has to be with the consent of the owner. *Your car* has to be out of use due to its breakdown, repair, servicing, damage or *loss*. A *temporary substitute car* is not considered a *non-owned car*.

*Utility Vehicle* — means a motor vehicle with:

1. a pickup, panel or van body; and

2. a Gross Vehicle Weight of 10,000 pounds or less.

*You* or *Your* — means the named insured or named insureds shown on the declarations page.

*Your Car* — means the *car* or the vehicle described on the declarations page.

## DECLARATIONS

We, the State Farm Mutual Automobile Insurance Company, agree to insure *you* according to the terms of this policy based:

1. on *your* agreement to pay the required premium for the coverages *you* choose; and

2. in reliance on *your* statements in these declarations.

*You* agree, by acceptance of this policy that:

1. the statements in these declarations are *your* statements and are true; and

2. we insure *you* on the basis *your* statements are true; and

## DECLARATIONS CONTINUED

Unless otherwise stated in the exceptions space on the declarations page, *your* statements are:

1. Ownership. *You* are the sole owner of *your car*.

2. Insurance and License History. Neither *you* nor any member of *your* household within the past three years has had:

a. insurance canceled by an in-surer; or

b. a license to drive or vehicle registra-tion suspended, revoked or refused; and

3. Use. *Your car* is used for pleasure and business.

## WHEN AND WHERE COVERAGE APPLIES

### When Coverage Applies

The coverages you chose apply to accidents and losses that take place during the policy period.

The policy period is shown under "Policy Period" on the declarations page and is for successive periods of six months each for which you pay the renewal premium. You must pay the renewal premium before the end of the current policy period. The policy period begins and ends at 12:01 A.M. Standard Time at the address shown on the declarations page.

### Where Coverage Applies

The coverages you chose apply:

1. in the United States of America, its territories and possessions or Canada; or
2. while the insured vehicle is being shipped between their ports.

The liability, medical payments, uninsured motor vehicle and physical damage coverages also apply in Mexico within 50 miles of the United States border. A physical damage coverage loss in Mexico is determined on the basis of cost at the nearest United States point.

Death, dismemberment and loss of sight, total disability and loss of earnings coverages apply anywhere in the world.

### FINANCED VEHICLES

If a creditor is shown in the declarations, we may pay any comprehensive or collision loss to you and such creditor, as its interest may appear, when we find it is not practical to repair your car, or

1. you and such creditor, as its interest may appear, when we find it is not practical to repair your car, or
2. the creditor, as to its interest, if your car has been repossessed.

When we pay the creditor for loss for which you are not covered, we are entitled to the creditor's right of recovery against you to the extent of our payment. Our right of recovery shall not impair the creditor's right to recover the full amount of its claim.

The coverage for the creditor's interest only is valid until we terminate it. We will not terminate such coverage because of:

1. any act or negligence of the owner or borrower; or
2. a change in the ownership or interest unknown to us, unless the creditor knew of it and failed to tell us within 10 days; or
3. an error in the description of the vehicle.

The date of termination of the creditor's interest will be at least 20 days after the date we mail or electronically transmit the termination notice.

## REPORTING A CLAIM — INSURED'S DUTIES

### 1. Notice to Us of an Accident or Loss

The insured must give us or one of our agents written notice of the accident or loss as soon as reasonably possible. The notice must give us:

a. your name; and
b. the names and addresses of all persons involved; and
c. the hour, date, place and facts of the accident or loss; and
d. the names and addresses of witnesses.

### 2. Notice to Us of Claim or Suit

If a claim or suit is made against an insured, that insured must at once send us every demand, notice or claim made and every summons or legal process received. That insured also shall send us the questions under oath when asked by anyone we name, as often as we reasonably ask, and sign copies of the answers.

### 3. Other Duties Under the Physical Damage Coverages

When there is a loss, you or the owner of the property also shall:

a. make a prompt report to the police when the loss is the result of theft or larceny.
b. protect the damaged vehicle. We will pay any reasonable expense incurred to do so.
c. show us the damage, when we ask.
d. provide all records, receipts and invoices, or certified copies of them. We may make copies.

### 4. Other Duties Under Medical Payments, Uninsured Motor Vehicle, Death, Dismemberment and Loss of Sight, Total Disability and Loss of Earnings Coverages

The person making claim also shall:

a. under the medical payments, uninsured motor vehicle, death, dismemberment and loss of sight, total disability and loss of earnings coverages:

(1) give us all the details about the death, injury, treatment and other information we need to determine the amount payable.
(2) be examined by physicians chosen and paid by us as often as we reasonably may require. A copy of the report will be sent to the person or his or her legal representative if upon written request. The person or his or her legal representative shall authorize us to obtain all medical reports and records.
(3) answer, questions under oath when asked by anyone we name, as often as we reasonably ask, and sign copies of the answers.

b. under the medical payments coverage:

(1) report a "hit-and-run" accident to the police within 24 hours and to us within 30 days.
(2) let us see the insured car the person occupied in the accident.
(3) send us at once a copy of all suit papers if the person sues the party liable for the accident for damages.

Any person who suffers a bodily injury which results in a medical payments coverage claim must notify us of the claim in writing as soon as reasonably possible after the person's first examination or treatment resulting from the bodily injury. Another person may give the person's required notice on behalf of the injured person.

c. under the death, dismemberment and loss of sight, total disability and loss of earnings coverages, give us proof of claim on forms we furnish.

d. under uninsured motor vehicle property damage coverage report the accident to us within 30 days.

### 5. Insured's Duty to Cooperate With Us

a. The insured shall cooperate with us and, when asked, assist us in:

(1) making settlements;
(2) securing and giving evidence;
(3) attending, and getting witnesses to attend, hearings and trials.

b. The insured shall not, except at his or her own cost, voluntarily:

(1) make any payment or assume any obligation to others; or
(2) incur any expense, other than for first aid to others.

# SECTION I — LIABILITY — COVERAGE A

You have this coverage if "A" appears in the "Coverages" space on the declarations page. We will:

1. pay damages which an *insured* becomes legally liable to pay because of:
   a. *bodily injury* to others, and
   b. damage to or destruction of property including loss of its use,

   caused by accident resulting from the ownership, maintenance or use of *your car*; and

2. defend any suit against an *insured* for such damages with attorneys hired and paid by us. WE WILL NOT DEFEND ANY SUIT:
   a. AFTER WE HAVE PAID OUR LIABILITY FOR THE ACCIDENT WHICH IS THE BASIS OF THE LAWSUIT; OR
   b. IF THERE IS NO COVERAGE UNDER THIS POLICY.

In addition to the limits of liability, we will pay for an *insured* any costs listed below resulting from such accident.

1. Court costs of any suit for damages that we defend.

2. Interest on damages owed by the *insured* due to a judgment and accruing:
   a. after the judgment, and until we pay, offer or deposit in court, the amount due under this coverage; or
   b. before the judgment, where owed by law, and until we pay, offer or deposit in court the amount due under this coverage, but only on that part of the judgment we pay.

3. Premiums or costs of bonds:
   a. to secure the release of an *insured's* property attached under a court order;
   b. required to appeal a decision in a suit for damages if we have not paid our limit, and liability that applies to the suit; and
   c. up to $250 for each bail bond needed because of an accident or related traffic law violation.

We have no duty to furnish or apply for any bonds. The amount of any bond we pay for shall not be more than our limit of liability.

4. Expenses incurred by an *insured*:
   a. for loss of wages or salary up to $100 per day due to time off from work if *insured* or *insured* to attend the trial of a civil suit.
   b. for first aid to others at the time of the accident.
   c. at our request.

We have the right to investigate, negotiate and settle any claim or suit.

## Coverage for the Use of Other Cars

The liability coverage extends to the use, by an *insured*, of a *newly acquired car*, a *temporary substitute car* or a *non-owned car*.

## Who is an Insured

When we refer to *your car*, a *newly acquired car* or a *temporary substitute car, insured* means:

1. *you*;
2. *your spouse*;
3. the *relatives* of the first *person* named in the declarations;
4. any other *person* while using such a *car* if its use is within the scope of consent of *you or your spouse*; and
5. any other *person* or organization liable for the use of such a *car* by one of the above *insureds*.

When we refer to a *non-owned car, insured* means:

1. the first *person* named in the declarations;
2. his or her *spouse*;
3. the *relatives*; and
4. any *person* or organization which does not own or hire the *car* but is liable for its use by one of the above *persons* if:

THERE IS NO COVERAGE FOR NON-OWNED CARS:

1. IF THE DECLARATIONS STATE THE "USE" OF YOUR CAR IS OTHER THAN "PLEASURE AND BUSINESS"; OR

2. WHILE:
   a. BEING REPAIRED, SERVICED OR USED BY ANY PERSON WHILE THAT PERSON IS WORKING IN ANY CAR BUSINESS; OR

## Trailer Coverage

The liability coverage extends to the ownership, maintenance or use, by an *insured*, of:

1. trailers designed to be pulled by a *private passenger car* or a *utility vehicle*, except those trailers in 2.a. below.

   Farm implements and farm wagons are considered trailers while pulled on public roads by a *car* we insure for liability. These trailers are not described in the declarations and no extra premium is charged.

2. trailers not designed to be pulled by a *private passenger car* or a *utility vehicle*:
   a. trailers designed to be pulled by a *private passenger car* or a *utility vehicle*:
      (1) if designed to carry *persons*; or
      (2) while used with a motor vehicle whose use is shown as "commercial" on the declarations page (trailers used only for pleasure use are covered even if not described and no extra premium paid); or
      (3) while used as premises for office, store or display purposes; or
   b. the following trailers only if they are described in the declarations page and extra premium is paid:

We refer to trailer coverage, *insured* means:

When we refer to trailer coverage, *insured* means:

1. *you*;
2. *your spouse*;
3. the *relatives* of the first *person* named in the declarations;
4. any other *person* while using *your car*, a *newly acquired car* or a *temporary substitute car*, if its use is within the scope of consent of *you or your spouse*; and

5. any other *person* or organization liable for the use of a covered trailer by one of the above *insureds*.

THERE IS NO COVERAGE WHEN A TRAILER IS USED WITH A VEHICLE THAT IS NOT COVERED UNDER THE LIABILITY COVERAGE OF THIS POLICY.

## Limits of Liability

The amount of *bodily injury* liability coverage is shown on the declarations page under "Limits of Liability — Coverage A — Bodily Injury, Each Person. Each Accident." Under "Each Person" is the amount of coverage for all damages due to *bodily injury* to one *person*. "*Bodily injury* to one *person*" includes all injury and damages to others resulting from this *bodily injury*. "Each Accident" is the total amount of coverage, subject to the amount shown under "Each Person", for all damages due to *bodily injury* to two or more *persons* in the same accident.

The amount of property damage liability coverage is shown on the declarations page under "Limits of Liability — Coverage A — Property Damage. Each Accident."

We will pay damages for which an *insured* is legally liable up to these amounts.

The limits of liability are not increased because more than one *person* or organization may be an *insured*.

A motor vehicle and attached trailer are one vehicle. Therefore, the limits are not increased.

The liability coverage shall be excess over and shall not pay again any medical expenses paid under the medical payments coverage.

## When Coverage A Does Not Apply

In addition to the limitations of Coverage in Who Is an Insured and Trailer Coverage:

1. WHILE ANY VEHICLE INSURED UNDER THIS SECTION'S:
   a. RENTED OR LEASED TO OTHERS;
   b. USED TO CARRY PERSONS FOR A CHARGE. This does not apply to the use on a share expense basis of:
      (1) a *private passenger car*; or

(2) a *utility vehicle*, if all passengers are riding in that area of the vehicle designed by the manufacturer of the vehicle for carrying passengers.

c. BEING REPAIRED, SERVICED OR USED BY ANY *PERSON* EMPLOYED OR ENGAGED IN ANY WAY IN A *CAR BUSINESS*. This does not apply to:

(1) *you* or *your spouse*;

(2) any *relative*;

(3) any resident of *your* household; or

(4) any agent, employee or partner of *you*, *your spouse*, any *relative* or such resident.

This coverage is excess for (3) and (4) above.

2. FOR ANY *BODILY INJURY* TO:

a. A FELLOW EMPLOYEE WHILE ON THE JOB AND ARISING FROM THE MAINTENANCE OR USE OF A VEHICLE BY ANOTHER EMPLOYEE OF THE *INSURED*. This does not apply to *you*.

b. ANY EMPLOYEE OF AN *INSURED* ARISING OUT OF THE EMPLOYMENT. This does not apply to household employee who is neither covered nor required to be covered under any workers' compensation insurance.

3. FOR:

a. THE UNITED STATES OF AMERICA OR ANY OF ITS AGENCIES; OR

b. ANY *PERSON* WHO IS AN EMPLOYEE OF THE UNITED STATES OF AMERICA OR OF ITS AGENCIES IF THE PROVISIONS OF THE FEDERAL TORT CLAIMS ACT APPLY.

4. FOR ANY DAMAGES TO PROPERTY OWNED BY, RENTED TO, IN THE CHARGE OF OR TRANSPORTED BY AN *INSURED*, INCLUDING BUT NOT LIMITED TO A:

a. residence; or

b. private garage

damaged by a *car* we insure.

5. FOR ANY OBLIGATION OF AN *INSURED* UNDER ANY WORKERS' COMPENSATION OR DISABILITY OR SIMILAR LAW.

6. FOR LIABILITY ASSUMED BY THE *INSURED* UNDER ANY CONTRACT OR AGREEMENT.

7. FOR *BODILY INJURY* TO ANY *INSURED*.

**Other Liability Coverage Available From Other Sources**

1. Policies Issued by Us to You, Your Spouse, or Any Relative

If There Is Other Liability Coverage

If two or more vehicle liability policies issued by us to *you*, *your spouse*, or any *relative* apply to the same accident, the total limits of liability under all such policies shall not exceed that of the policy with the highest limit of liability.

2. Other Liability Coverage Available From Other Sources

Subject to item 1, if other vehicle liability coverage applies, we are liable only for our share of the damages. Our share is the percent that the limit of liability of this policy bears to the total of all vehicle liability coverage applicable to the accident.

**Temporary Substitute Car, Non-Owned Car, Trailer**

Subject to items 1 and 2, if a *temporary substitute car*, a *non-owned car* or a trailer designed for use with a *private passenger car* or *utility vehicle*:

a. has other vehicle liability coverage on it;

b. is self-insured under any motor vehicle financial responsibility law, a motor carrier law, or any similar law,

then this coverage is excess over such insurance or self-insurance.

**Newly Acquired Car**

THIS COVERAGE DOES NOT APPLY IF THERE IS OTHER VEHICLE LIABILITY COVERAGE ON A *NEWLY ACQUIRED CAR*.

**Motor Vehicle Compulsory Insurance Law or Financial Responsibility Law**

1. Out-of-State Coverage

If an *insured* under the liability coverage is in another state or Canada and, as a nonresident,

8

becomes subject to its motor vehicle compulsory insurance, financial responsibility or similar law:

a. the policy will be interpreted to give the coverage required by the law; and

b. the coverage so given replaces any coverage in this policy to the extent required by the law for the *insured*'s operation, maintenance or use of a *car* insured under this policy.

2. Financial Responsibility Law

When certified under any law as proof of future financial responsibility, and while required by law, this policy will comply with such law to the extent the law requires. The *insured* agrees to repay us for any payment we would not have made under the terms of this policy except for this agreement.

Any coverage so extended shall be reduced to the extent other coverage applies to the accident. In no event shall a *person* collect more than once.

**SECTION II — MEDICAL PAYMENTS — COVERAGE C**

*You* have this coverage if "C" appears in the "Coverages" space on the declarations page.

**Medical Expenses**

We will pay reasonable medical expenses incurred, for *bodily injury* caused by accident, for services furnished within three years of the date of the accident. These expenses are for necessary medical, surgical, X-ray, dental, ambulance, hospital, professional nursing and funeral services, eyeglasses, hearing aids and prosthetic devices.

**REASONABLE MEDICAL EXPENSES DO NOT INCLUDE EXPENSES:**

1. FOR TREATMENT, SERVICES, PRODUCTS OR PROCEDURES THAT ARE:

a. EXPERIMENTAL IN NATURE, FOR RESEARCH OR NOT PRIMARILY DESIGNED TO SERVE A MEDICAL PURPOSE; OR

b. NOT COMMONLY AND CUSTOMARILY RECOGNIZED THROUGHOUT THE MEDICAL PROFESSION AND WITHIN THE UNITED STATES AS APPROPRIATE FOR THE TREATMENT OF THE *BODILY INJURY*; OR

2. INCURRED FOR:

a. THE USE OF THERMOGRAPHY OR OTHER RELATED PROCEDURES OF A SIMILAR NATURE; OR

b. THE PURCHASE OR RENTAL OF EQUIPMENT NOT PRIMARILY DESIGNED TO SERVE A MEDICAL PURPOSE.

Expenses are reasonable only if they are consistent with the usual fees charged by the majority of similar medical providers in the geographical area in which the expenses were incurred for the specific medical service.

Services are necessary only if the services are rendered by a medical provider within the legally authorized scope of the provider's practice and are essential in achieving maximum medical improvement for the *bodily injury* sustained in the accident.

We have the right to make or obtain a utilization review of the medical expenses and services to determine if they are reasonable and necessary for the *bodily injury* sustained.

The *bodily injury* must be discovered and treated within one year of the date of the accident.

**Persons for Whom Medical Expenses Are Payable**

We will pay medical expenses for *bodily injury* sustained by:

1. a. the first *person* named in the declarations;

9

b. his or her *spouse*, and
c. their *relatives*.

These *persons* have to sustain the *bodily injury*:

a. while they operate or *occupy* a vehicle covered under the liability section; or
b. through being struck as a *pedestrian* by a motor vehicle or trailer.

A *pedestrian* means a *person* not an occupant of a motor vehicle or trailer.

2. any other *person* while *occupying*:
a. a vehicle covered under the liability coverage, except a *non-owned car*. Such vehicle has to be used by a *person* who is insured under the liability coverage; or
b. *your car* or *your relatives'* *non-owned car*. The *bodily injury* has to result from such *car's* operation or *occupancy* by the first *person* named in the declarations, his of her *spouse* or their *relatives*.

**Deciding Amount**

The amount due under this coverage shall be decided by agreement between the *person* making claim and us. If there is no agreement, the amount due shall be decided by arbitration upon written request of the *person* making claim or us. Each party shall select a competent and impartial arbitrator. These two shall select a third one. If unable to agree on the third one within 30 days, either party may request a judge of a court of record in the county in which the arbitration is pending to select a third one. The written decision of any two arbitrators shall be binding on us, the *person* making claim, any assignee of the *person* making claim, *any person* or organization with whom the *person* making claim expressly or impliedly contracts for the rendition of medical services. The arbitrators' decision shall be limited to whether or not the medical expenses were reasonable and necessary and the amount due being equal to the expenses and necessary medical payments coverage only. The arbitrators shall not award punitive damages or other non-compensatory damages.

The cost of the arbitrator and any expert witness shall be paid by the party who hired them. The cost of the third arbitrator and other expenses of arbitration shall be shared equally by both parties.

The arbitration shall take place in the county in which the *person* making claim resides unless the

parties agree to another place. State court rules governing procedure and admission of evidence shall be used.

**Payment of Medical Expenses**

We may pay the injured *person* or any *person* or organization performing the services.

**Limit of Liability**

The amount of coverage for medical expenses, including funeral services, is shown on the declarations page under "Limit of Liability — Coverage C — Each Person." If the amount shown on the declarations page is $3,000 per *person*.

A motor vehicle and attached trailer are one vehicle as respects medical payments coverage.

**If There Are Other Medical Payments Coverages**

1. **Non-Duplication**
No *person* for whom medical expenses are payable under this coverage shall recover more than once for the same medical expense under this or similar vehicle insurance.

2. **Policies Issued by Us to You, Your Spouse or Relatives**
If two or more policies issued by us to *you*, *your spouse* or *your relatives* provide vehicle medical payments coverage and apply to the same *bodily injury* sustained:
a. while *occupying* a *non-owned car*, a *temporary substitute car*, or
b. as a *pedestrian*

this coverage is excess.

3. Subject to items 1 and 2 above:
a. If a *temporary substitute car*, a *non-owned car* or a trailer has less other vehicle medical payments coverage on it, or
b. If other vehicle medical payments coverage applies to *bodily injury* sustained by a *pedestrian*

When Someone May Be Legally Liable For the Bodily Injury

If the *person* to or for whom we make payment recovers proceeds from any party liable for the *bodily injury*, that *person* shall hold in trust for us the extent of the recovery, and reimburse us to the extent of our payment:

**What Is Not Covered**
THERE IS NO COVERAGE:

1. WHILE A *NON-OWNED CAR* IS USED:
a. BY ANY *PERSON* EMPLOYED OR ENGAGED IN ANY WAY IN A *CAR BUSINESS*; OR
b. IN ANY OTHER BUSINESS OR JOB. This does not apply when the first *person* named in the declarations, his or her *spouse* or any *relative* is operating or *occupying* a private passenger car.

2. WHILE *OCCUPYING* OR THROUGH BEING STRUCK BY ANY MOTOR VEHICLE OR TRAILER:
a. DESIGNED MAINLY FOR USE OFF PUBLIC ROADS WHILE OFF PUBLIC ROADS; OR
b. LOCATED FOR USE AS A RESIDENCE OR PREMISES; OR
c. THAT RUNS ON RAILS OR CRAWLER-TREADS.

3. FOR *BODILY INJURY* DUE TO WAR OF ANY KIND.

4. FOR MEDICAL EXPENSES FOR *BODILY INJURY*:
a. SUSTAINED WHILE *OCCUPYING* OR THROUGH VEHICLE BEING STRUCK BY ANY VEHICLE OWNED BY OR LEASED TO ANY *RELATIVE*, *SPOUSE* OR *YOU* WHICH IS NOT INSURED UNDER THIS COVERAGE; OR
b. TO THE EXTENT WORKERS' COMPENSATION BENEFITS ARE REQUIRED TO BE PAYABLE; OR
c. SUSTAINED BY ANY *PERSON*, other than the first *person* named in the declarations, his or her *spouse* or their *relatives*, WHILE *OCCUPYING* A VEHICLE:
(1) RENTED OR LEASED TO OTHERS; OR
(2) USED TO CARRY *PERSONS* FOR A CHARGE. This does not apply to a private passenger car used on a share expense basis.

**SECTION III — UNINSURED MOTOR VEHICLE — COVERAGE U AND UNINSURED MOTOR VEHICLE PROPERTY DAMAGE — COVERAGE U1**

**UNINSURED MOTOR VEHICLE — COVERAGE U**

You have this coverage if "U" appears in the "Coverages" space on the declarations page.

We will pay damages for *bodily injury* an *insured* is legally entitled to collect from the owner or driver of an *uninsured motor vehicle*. The *bodily injury* must be sustained by an *insured* and caused by accident arising out of the operation, maintenance or use of an *uninsured motor vehicle*.

IF THE DAMAGES ARE CAUSED BY AN *UN-DERINSURED MOTOR VEHICLE*, THERE IS NO COVERAGE UNTIL:

1. THE LIMITS OF LIABILITY OF ALL *BODILY INJURY* LIABILITY BONDS AND POLICIES THAT APPLY HAVE BEEN USED UP BY PAYMENT OF JUDGMENTS OR SETTLEMENTS TO OTHER *PERSONS*; OR

2. SUCH LIMITS OF LIABILITY OR REMAINING PART OF THEM HAVE BEEN OFFERED TO THE *INSURED* IN WRITING

**Uninsured Motor Vehicle** under coverage U — means:

1. a land motor vehicle, the ownership, maintenance or use of which is:
   a. not insured or bonded for bodily injury liability at the time of the accident; but
   b. insured or bonded for bodily injury liability at the time of the accident, but
      (1) the limits of liability are less than required by the financial responsibility act of the state where **your** car is mainly garaged; or
      (2) the insuring company:
         (a) denies coverage;
         (b) refuses to admit coverage except conditionally or with reservation; or
         (c) is or becomes insolvent within one year of the accident; or
2. an **underinsured motor vehicle** as defined;
3. a "hit-and-run" land motor vehicle whose owner or driver remains unknown and which strikes:
   a. the **insured**; or
   b. the vehicle the **insured** is occupying and causes **bodily injury** to the **insured**.

An **uninsured motor vehicle** under coverage U does not include a land motor vehicle:
1. insured under the liability coverage of this policy;
2. owned or operated by **you**, **your spouse**, any **relative** or any resident of **your** household;
3. owned or operated by a self-insurer under any motor vehicle financial responsibility law, a motor carrier law or similar law;
4. owned by any government or any of its political subdivisions or agencies;
5. that is any equipment or vehicle designed or modified for use primarily off public roads, except while actually upon public roads; or
6. while located for use as premises.

**Underinsured Motor Vehicle** — means a land motor vehicle, the ownership, maintenance or use of which is:

1. insured or bonded for bodily injury liability at the time of the accident; but
2. the limits of liability are less than the limits of liability of this coverage.

**Who is an Insured Under Coverage U**

This is:
1. the first **person** named in the declarations;
2. his or her **spouse**;
3. their **relatives**; and
4. any other **person** while occupying:
   a. **your car**, a temporary substitute car, a newly acquired car or a trailer attached to such a car. Such vehicle has to be used within the scope of the consent of **you** or **your spouse**; or
   b. a car not owned by or leased to **you**, **your spouse** or any **relative**. If the car is a temporary substitute car for **your car** which is out of normal use. The car has to be driven by the first **person** named in the declarations or that **person's spouse** and within the scope of the owner's consent.
5. any **person** entitled to recover damages because of **bodily injury** to an **insured** under 1 through 4 above.

**Deciding Fault and Amount Under Coverage U**

Two questions must be decided by agreement between the **insured** and us:
1. Is the **insured** legally entitled to collect damages from the owner or driver of the **uninsured motor vehicle**; and
2. If so, in what amount?

If there is no agreement, upon written request of the **insured**, these questions shall be decided by arbitration as provided by section 11580.2 of the California Insurance Code. The **insured's** written request shall be sent to us by certified mail, return receipt requested. The arbitration judgment may be filed in a court having jurisdiction. Both parties will share the cost of arbitration equally. Attorney fees and fees for medical and other expert witnesses are not considered costs of arbitration.

We are not bound by any judgment against any **person** or organization obtained without our written consent.

**Payment of Any Amount Due Under Coverage U**

We will pay any amount due:
1. to the **insured**;
2. to a parent or guardian if the **insured** is a minor or an incompetent **person**;
3. to the surviving **spouse**; or
4. at our option, to a **person** authorized by law to receive such payment.

**Limits of Liability Under Coverage U**

1. The amount of coverage is shown on the declarations page under "Limits of Liability — U — Each Person, Each Accident." Under "Each Person" is the amount of coverage for **bodily injury** to one **person**. "Bodily injury to one person" includes all injury resulting from this **bodily injury**. Under "Each Accident" is the total amount of coverage, subject to the amount shown under "Each Person", for all damages due to **bodily injury** to two or more **persons** in the same accident.

2. Any amount payable under this coverage shall be reduced by any amount paid or payable to or for the **insured**:
   a. for **bodily injury** under the liability coverage; or
   b. under any workers' compensation, disability benefits, or similar law.

Any payment made to a **person** under this coverage shall reduce any amount that **person** is entitled to recover under the bodily injury liability coverage.

3. The uninsured motor vehicle coverage shall be excess over and shall not pay again any medical expenses paid under the medical payments coverage.

4. The limits of liability are not increased because:
   a. more than one vehicle is insured under this policy; or
   b. more than one **person** is insured at the time of the accident.

coverage shall be reduced by any amount paid or payable to or for the **insured** or for any **person** or organization who is or may be held legally liable for the **bodily injury**.

7. If the damages are caused by an **underinsured motor vehicle**, the most we pay will be the lesser of:
   a. the limits of liability of this coverage reduced by the amount paid to the **insured** by or for any **person** or organization who is or may be held legally liable for the **bodily injury**; or
   b. the limits of the **insured's** damages for **bodily injury** reduced by the amount paid to the **insured** by or for any **person** or organization who is or may be held legally liable for the **bodily injury**.

**When Coverage U Does Not Apply**

THERE IS NO COVERAGE:
1. FOR ANY **INSURED** WHO, WITHOUT OUR WRITTEN CONSENT, SETTLES WITH ANY **PERSON** OR ORGANIZATION WHO MAY BE LIABLE FOR **BODILY INJURY** AND THEREBY IMPAIRS OUR RIGHT TO RECOVER OUR PAYMENTS. This does not apply to a settlement for damages resulting from **bodily injury** caused by an **underinsured motor vehicle**.

2. FOR **BODILY INJURY** TO AN **INSURED**:
   a. WHILE OCCUPYING A MOTOR VEHICLE:
      (1) OWNED BY **YOU**, **YOUR SPOUSE** OR ANY **RELATIVE**; OR
      (2) LEASED TO **YOU**, **YOUR SPOUSE** OR ANY **RELATIVE** UNDER A WRITTEN CONTRACT FOR SIX MONTHS OR LONGER.
      This does not apply if the motor vehicle is described on this policy; or
   b. THROUGH BEING STRUCK BY A MOTOR VEHICLE OWNED BY OR LEASED TO **YOU**, **YOUR SPOUSE** OR ANY **RELATIVE**.

**If There Is Other Uninsured Motor Vehicle Coverage**

1. If uninsured motor vehicle coverage for *bodily injury* is available to *an insured* from us or any other insurer, the total limit of liability available from all policies provided by all insurers shall not exceed the limit of liability of the single policy providing the highest limit of liability. This is the most that will be paid regardless of the number of policies involved, *persons* covered, claims made, vehicles insured, premiums paid or vehicles involved in the accident.

   Subject to item 1 above, any coverage applicable under this policy shall apply:

   a. on a primary basis if the *insured* sustains *bodily injury* while *occupying your car*, or while not *occupying* a motor vehicle or trailer.

   b. on an excess basis if the *insured* sustains *bodily injury* while *occupying* a vehicle not owned by or leased to *you*, *your spouse*, or any *relative*.

2. Subject to items 1 and 2 above, if this policy and one or more other policies provide coverage for *bodily injury*:

   a. on a primary basis, we are liable only for our share. Our share is that percent of the damages payable on a primary basis that the limit of liability of this policy bears to the total of all applicable uninsured motor vehicle coverage provided on a primary basis.

   The total damages payable from all policies that apply on a primary basis shall not exceed the limit of liability of the single policy providing the highest limit of liability on a primary basis.

   b. on an excess basis. Our share is that percent of the damages payable on an excess basis that the limit of liability of this policy bears to the total of all applicable uninsured motor vehicle coverage provided on an excess basis.

   The total damages payable from all policies that apply on an excess basis shall not exceed the amount by which the limit of liability of the single policy providing the highest limit of liability on an excess basis exceeds the total of all applicable uninsured motor vehicle coverage provided on a primary basis.

3. TO THE EXTENT IT BENEFITS:

   a. ANY WORKERS' COMPENSATION OR DISABILITY BENEFITS INSURANCE COMPANY.

   b. A SELF-INSURER UNDER ANY WORKERS' COMPENSATION OR DISABILITY BENEFITS OR SIMILAR LAW.

4. ANY GOVERNMENTAL BODY OR AGENCY.

   FOR *BODILY INJURY* TO THE *INSURED* WHILE *OCCUPYING* A MOTOR VEHICLE OWNED BY THE *INSURED* OR THAT *INSURED* LEASED TO THAT *INSURED* FOR PUBLIC OR LIVERY PURPOSES.

4. THIS COVERAGE DOES NOT APPLY IF THERE IS OTHER UNINSURED MOTOR VEHICLE COVERAGE ON A *NEWLY ACQUIRED CAR.*

**UNINSURED MOTOR VEHICLE PROPERTY DAMAGE COVERAGE UI**

You have this coverage if "UI" appears in the "Coverages" space on the declarations page.

The amount of coverage applicable to *your car* is shown in the provision titled "Limits of Liability and Settlement of Loss".

We will pay damages for *property damage you* are legally entitled to collect from the owner or driver of an *uninsured motor vehicle*. The *property damage* must be caused by accident arising out of the operation, maintenance or use of an *uninsured motor vehicle*.

*Property Damage* — means damage to *your car* or a *newly acquired car* and the ownership, maintenance or use of which is:

1. not insured or bonded for property damage liability at the time of the accident; or

2. insured or bonded for property damage liability at the time of the accident, but the limit of liability for *property damage* is less than required by the financial responsibility act of the state where *your car* is mainly garaged; or

*Uninsured motor vehicle* under coverage UI means:

A land motor vehicle, which strikes *your car* or a *newly acquired car. Uninsured motor vehicle* under coverage UI DOES NOT INCLUDE LOSS OF USE OF SUCH VEHICLE.

THERE IS NO COVERAGE IF:

1. THE OWNER OR DRIVER OF THE UNINSURED MOTOR VEHICLE IS NOT IDENTIFIED OR

2. THE UNINSURED MOTOR VEHICLE IS NOT IDENTIFIED BY ITS LICENSE NUMBER.

An *uninsured motor vehicle* under coverage UI does not include a land motor vehicle:

1. insured under the liability coverage of this policy;

2. furnished for the regular use of *you*, *your spouse* or any *relative*;

3. owned or operated by a self-insurer under any motor vehicle financial responsibility law, a motor vehicle carrier law or any similar law;

4. owned by any government or any of its political subdivisions or agencies;

5. that:
   a. operates on crawler-treads or rails, or
   b. is a farm-type tractor or equipment designed for use principally off public roads; or

6. while located for use as premises.

**Deciding Fault and Amount Under Coverage UI**

Two questions must be decided by agreement between *you* and us:

1. Are *you* legally entitled to collect for *property damage* from the owner or driver of the *uninsured motor vehicle*; and

2. If so, in what amount?

If there is no agreement, upon written request of *you* or us, these questions must be decided by arbitration as provided under section 11580.2 of California Insurance Code. The arbitration judgment may be filed in any court having jurisdiction. Both parties will share the cost of arbitration equally. Attorney fees and fees for expert witnesses are not considered costs of arbitration obtained without our written consent.

(1) denies coverage;

(2) refuses to admit coverage except conditionally or with reservation;

(3) is or becomes insolvent.

**Payment of Any Amount Due Under Coverage UI**

We will pay any amount due:

1. to *you*, or

2. at our option, to a *person* authorized by law to receive such payment.

**Limits of Liability and Settlement of Loss Under Coverage UI**

1. The most we will pay is:

   a. the amount of the deductible if *you* carry coverage C on *your car*, or

   b. 20% of the first $250 of the loss which is not payable under coverage GG on *your car*, or

   c. the amount of the deductible and 20% of the deductible if *you* carry coverage GG on *your car*. If *you* carry coverage GG on *your car*, or

   d. $3500 if *you* do not carry collision coverage on *your car*. Subject to the limit of liability we have the right to settle with *you* for the *property damage* in one of the following ways:

   (1) pay up to the actual cash value;

   (2) pay to repair or replace the property or part with like kind and quality. If the repair or replacement results in better than like kind and quality, *you* must pay for the amount of the betterment; or

   (3) take the property at an agreed value; but it cannot be abandoned to us.

   This is the amount of coverage for all *property damage* as the result of one accident.

2. Any amount payable under this coverage shall be reduced by any amount paid or payable to or for the *insured*:

   a. by or for a *person* or organization who is or may be held legally liable for the *property damage*; or

   b. under any policy of vehicle liability insurance.

3. The limits of liability are not increased because:

   a. more than one vehicle is insured under this policy; or

   b. more than one *person* is insured at the time of the accident.

**When Coverage UI Does Not Apply**

THERE IS NO COVERAGE IF *YOU* SETTLE WITHOUT OUR WRITTEN CONSENT WITH ANY *PERSON* OR ORGANIZATION WHO MAY BE LIABLE FOR THE *PROPERTY DAMAGE* AND THEREBY IMPAIR OUR RIGHT TO RECOVER OUR PAYMENTS.

## SECTION IV — PHYSICAL DAMAGE COVERAGES

*Loss* — means, when used in this section, each direct and accidental loss of or damage to:

1. *your car;*
2. its equipment which is common to the use of *your car* as a vehicle;
3. clothes and baggage insured; and
4. a detachable living quarters attached or removed from *your car* for storage. Detachable living quarters includes its body and items securely fixed in place as a permanent part of the body. *You* must have told us about the living quarters before the *loss* and we have any extra premium needed.

*Loss* does not include any reduction in the value of any vehicle or detachable living quarters after it has been repaired, as compared to its value before it was damaged.

**COMPREHENSIVE — COVERAGE D.** *You* have this coverage if "D" appears in the "Coverages" space on the declarations page. If a deductible amount is shown in the declarations page, it applies, the amount is shown by the number beside "D".

1. **Loss to Your Car.** We will pay for *loss* to *your car* EXCEPT *LOSS* CAUSED BY *COLLISION* but only for the amount of each such *loss* over the deductible amount, if any. If we offer to pay for the repair of damaged windshield glass instead of the replacement of the windshield and *you* agree to have such repair made, we will pay the full cost of repairing the windshield glass regardless of *your* deductible.

Breakage of glass, or *loss* due to hitting or being hit by a bird or an animal is payable under this coverage.

**If There Is Other Uninsured Motor Vehicle Property Damage Coverage**

If other uninsured motor vehicle property damage coverage applies to property damage covered by this coverage, our share is the liability only for our share. Our share is that percent of the damages that the limit of liability of this coverage bears to the total of all such coverage that applies to the accident.

2. We will repay *you* for transportation costs incurred if *your car* is stolen. We will pay up to $25 per day beginning when *you* tell us of the theft and ending when we offer to pay for the *loss*.

If the daily incurred transportation costs are payable under both Coverage and Car Rental and Travel Expenses Coverage, we will pay only under Coverage and Car Rental and Travel Expenses Coverage. If payments have been made under Car Rental and Travel Expenses Coverage and such payments have either exhausted the total amount payable under Car Rental Expense or reduced the total amount payable under Car Rental Expense to less than $25, then we will pay under Comprehensive Coverage.

**COLLISION — COVERAGE E.** *You* have this coverage if "E" appears in the "Coverages" space on the declarations page.

We will pay 80% of the first $250 and 100% over that amount of *loss* to *your car* caused by *collision*. If we offer to pay for the repair of damaged windshield glass instead and *you* agree to have such repair made, we will pay the full cost of repairing the windshield glass regardless of *your* deductible. If the *collision* coverage is with another motor insured by us is with another motor.

**COLLISION — COVERAGE G.** *You* have this coverage if "G" appears in the "Coverages" space on the declarations page. The deductible amount is shown by the number beside "G".

We will pay for *loss* to *your car* caused by *collision* but only for the amount of each such *loss* in excess of the deductible amount.

---

of the deductible amount. If we offer to pay for the repair of damaged windshield glass instead of the replacement of the windshield and *you* agree to have such repair made, we will pay the full cost of repairing the windshield glass regardless of *your* deductible. If the *collision* is with another motor vehicle insured with us, we do not pay *your* deductible. If it is $500 or less we do not pay it.

*Loss* caused by *collision* does not include *loss* due to:

1. missiles or falling objects;
2. windstorm or hail;
3. earthquake, water or flood;
4. theft or larceny;
5. malicious mischief or vandalism; or
6. riot or civil commotion.

*Collision* — means *your car* upset or it was hit by a vehicle or other object.

**Clothes and Luggage — Comprehensive and Collision**

We will pay for *loss* to clothes and luggage owned by the first *person* named in the declarations, his or her *spouse*, and their *relatives*. These items have to be in or on *your car*. *Your car* has to be covered under this policy for.

We will pay up to $200 for *loss* to clothes and luggage in excess of any deductible amount shown for comprehensive or collision. $200 is the most we will pay in any one occurrence even though more than one *person* has a *loss*. This coverage is excess over any other coverage.

2. Collision, and the *loss* caused by *collision*.

We will pay to:

a. repair the damaged property or part; or

b. replace the property or part.

**Limit of Liability — Comprehensive and Collision Coverages**

The limit of our liability for *loss* to property or any part of it is the lower of:

1. the actual cash value; or
2. the cost of repair or replacement. The cost of repair or replacement does not include an adjustment for betterment. The cost of any new property actually used in the repair or replacement shall be paid by the company only to the extent such property after it has been repaired, as compared to its value before it was damaged.

Actual cash value is determined by the market value, age and condition at the time the *loss* occurred. Any deductible amount that applies is then subtracted.

The cost of repair or replacement is based upon one of the following:

1. the cost of repair or replacement agreed upon by *you* and us;
2. a competitive bid approved by us; or
3. an estimate written based upon the prevailing competitive price. The prevailing competitive price means prices charged by a majority of the repair facilities in the area where the *car* is to be repaired as determined by a survey made by us. If *you* ask, we will identify some facilities that will perform the repairs at the prevailing competitive price. We will include in the estimate parts sufficient to restore the vehicle to its pre-loss condition. *You* agree with us that we may include in the estimate parts furnished by the vehicle's manufacturer or parts from other sources including non-original equipment manufacturers.

Any deductible amount that applies is then subtracted.

**Settlement of Loss — Comprehensive and Collision Coverages**

We have the right to settle a *loss* with *you* or the owner of the property in one of the following ways:

1. pay the agreed upon actual cash value of the property at the time of the *loss* in exchange for the damaged property. If the actual cash value is in dispute, either party may demand an appraisal as described below. If the owner keeps the damaged property, we will deduct the amount. The damaged property cannot be abandoned to us.
2. replace the property or part.
3. return the stolen property and pay for any damage due to the theft.

Appraisal under item 1 above shall be conducted according to the following procedure. Each party shall select an appraiser. These two shall select a third appraiser. The written decision of any two appraisers shall be binding. The cost of the appraiser shall be paid by the party who hired him or her. The cost of the third appraiser and other appraisal expenses.

shall be shared equally by both parties. We do not waive any of our rights by agreeing to an appraisal. If you give us your consent, we may move the damaged property, at our expense, to reduce storage costs during the appraisal process. If you do not give us your consent, we will pay only the storage costs which would have resulted if we had moved the damaged property.

The Statement of Loss provision for comprehensive and collision coverages incorporates the Limit of Liability provision of those coverages.

If we can pay the loss under either comprehensive or collision, we will pay under the coverage where you collect the most.

When there is loss to your car, clothes and luggage in the same occurrence, any deductible will be applied first to the loss to your car. You pay only one deductible.

EMERGENCY ROAD SERVICE – COVERAGE H. You have this coverage if "H" appears in the "Coverages" space on the declarations page.

We will pay the fair cost you incur for your car for:

1. mechanical labor up to one hour at the place of its breakdown;

2. towing to the nearest place where the necessary repairs can be made during regular business hours if it will not run;

3. towing it out if it is stuck on or immediately next to a public highway;

4. delivery of gas, oil, battery or tire. WE DO NOT PAY THE COST OF THE GAS, OIL, BATTERY OR TIRE;

5. locksmith services, up to one hour, to open your car if your key is lost, stolen or locked inside your car. We will pay only the cost of labor.

18
9805A

ending when:

it has been repaired or replaced, or

1. we offer to pay for the loss, or

2. you incur 30 days rent,

whichever comes first.

CAR RENTAL AND TRAVEL EXPENSES – COVERAGE RI. You have this coverage if "RI" appears in the "Coverages" space on the declarations page.

1. Car Rental Expense.

a. If:

(1) a dollar amount is shown under "Limits of Liability – Car Rental Expense, Each Day" on the declarations page, we will pay the daily rental charge up to that dollar amount; or

(2) a percentage amount is shown under "Limits of Liability – Car Rental Expense, Each Day" on the declarations page, we will pay that percentage of the daily rental charge.

When you rent a car from a car rental agency or car business, "Daily rental charge" means the daily rental charge for your car plus charges for mileage and related taxes.

If you choose not to rent a car, we will pay you $10 for each complete 24 hour period that your car is not drivable. You must report to us the period of time that your car was not drivable.

b. We will pay only if your car is not drivable because of a loss which would be payable under coverage D, F or G.

Payment will be made for a period that:

(1) starts:

(a) when your car is not drivable due to the loss; or

(b) if your car is drivable, when you leave it at the shop for agreed repairs; and

(2) ends:

(a) when your car has been repaired or replaced; or

(b) when we offer to pay for the loss, if your car is repairable but you choose to delay repairs;

(c) five days after we offer to pay for the loss if:

(i) your car was stolen and not recovered; or

(ii) we declare that your car is a total loss;

whichever comes first.

If the incurred daily rental charge is payable under both Comprehensive Coverage and Car Rental and Travel Expenses Coverage, we will pay only under the one coverage where you collect the most.

2. Travel Expenses. If your car is a loss which occurs more than 50 miles from home and would be payable under coverage D, F or G, we will pay your expenses incurred by you, your spouse and any relative for:

a. commercial transportation fares to continue to your destination or home;

b. extra meals and lodging needed when the loss to your car causes a delay en route. The expenses must be incurred between the time of the loss and your arrival at your destination or by the end of the fifth day, whichever occurs first; and

c. meals, lodging and commercial transportation fares incurred by you or a person you choose to drive your car from the place of repair to your destination or home.

3. Rental Car – Repayment of Deductible Amount Coverage. We will pay the expense of any deductible amount you are required to pay the owner under comprehensive or collision coverage in effect on a substitute car rented from a car rental agency or car business.

Total Amount of Expenses Payable – Coverage RI

1. The most we will pay for Car Rental Expense incurred in any one occurrence is shown on the declarations page under "Limits of Liability – Car Rental Expense, Each Occurrence".

2. The most we will pay for Travel Expenses incurred by all persons in any one occurrence is $400.

3. The most we will pay for Rental Car – Repayment of Deductible Amount Expense incurred in any one occurrence is $400.

Trailer Coverage

1. Owned Trailer
Your trailer is covered:

a. when it is described on the declarations page of the policy; and

b. for the coverages shown as applying to it.

2. Non-Owned Trailer or Detachable Living Quarters

Any physical damage coverage in force on your car applies to a non-owned:

a. trailer, if it is designed for use with a private passenger car; or

b. detachable living quarters unit

used by the first person named in the declarations, his or her spouse or their relatives.

A non-owned trailer or detachable living quarters unit is up to $2500.

The most we will pay under the comprehensive and collision coverage to such non-owned trailer or unit is $2500.

Coverage for the Use of Other Cars

The coverages in this section apply to your car or collision coverage extend to a loss to a newly acquired car, a temporary substitute car or a non-owned car. These coverages extend to a non-owned car while it is driven by or in the custody of an insured.

1. Owned Car

The most we will pay for Car Rental Expense incurred in any one occurrence is shown on the declarations page under "Limits of Liability – Car Rental Expense, Each Occurrence".

2. Non-Owned Car

a. is not owned by or registered in the name of:

(1) you, your spouse, any relative;

(2) any other person residing in the same household as you, your spouse or any relative; or

(3) an employer of you, your spouse or any relative; and

b. has not been used or rented by or in the possession of you, your spouse or any relative during any part of the 21 or more consecutive days. If you are insured by one or more other car policies issued by us, the 21 day limit is increased by an additional 21 days for each such additional policy.

19
9805A

**Insured** – as used in this provision means:

1. the first person named in the declarations;
2. his or her spouse; or
3. their relatives.

**When the Physical Damage Coverages Do Not Apply**

THERE IS NO COVERAGE FOR:

1. A NON-OWNED CAR:
   a. IF THE DECLARATIONS STATE THE "USE" OF YOUR CAR IS BUSINESS OTHER THAN "PLEASURE AND BUSINESS";
   b. USED TO CARRY PERSONS FOR A CHARGE. This does not apply to the use on a share expense basis.
   c. WHILE USED IN ANY OTHER BUSINESS OR OCCUPATION. This does not apply to a private passenger car driven or occupied by the first person named in the declarations, his or her spouse or their relatives.

2. ANY VEHICLE WHILE:
   a. RENTED OR LEASED TO OTHERS; OR
   b. USED TO CARRY PERSONS FOR A CHARGE. This does not apply to

3. LOSS TO ANY VEHICLE DUE TO:
   a. WAR OF ANY KIND.
   b. TAKING BY ANY GOVERNMENTAL AUTHORITY.
   c. AND LIMITED TO WEAR AND TEAR, FREEZING, MECHANICAL OR ELECTRICAL BREAKDOWN OR FAILURE. This does not apply when the loss is the result of a theft covered by this policy. Nor does it apply to emergency road service; or

d. CONVERSION, EMBEZZLEMENT OR SECRETION BY ANY PERSON IN POSSESSION OF YOUR CAR UNDER A BAILMENT LEASE, CONDITIONAL SALE, PURCHASE AGREEMENT, MORTGAGE OR OTHER SECURITY AGREEMENT.

4. TIRES unless:
   a. stolen, or damaged by fire or vandalism; or
   b. other loss covered by this section happens at the same time.

5. TAPES OR DISCS FOR RECORDING OR REPRODUCING SOUND.

6. ANY LASER OR RADAR DETECTOR.

7. YOUR CAR WHILE SUBJECT TO ANY LIEN, LEASE OR SALES AGREEMENT NOT SHOWN IN THE DECLARATIONS.

**If There Is Other Coverage**

1. Coverage Available From Other Sources
   Policies Issued by Us to You, Your Spouse or Any Relative
   If two or more vehicle policies issued by us to you, your spouse or any relative apply to the same loss or occurrence; we will pay under the policy with the highest limit.

2. Coverage Available From Other Sources
   Subject to item 1, if other coverage applies to the loss of expenses, we will pay only our share. Our share is that percent the limit of liability of this policy bears to the total of all coverage that applies.

3. Temporary Substitute Car, Non-Owned Car or Trailer
   Subject to items 1 and 2, if a temporary substitute car or non-owned car or trailer designed for use with a private passenger car has other coverage on it, then this coverage is excess.

4. Newly Acquired Car
   THIS INSURANCE DOES NOT APPLY IF THERE IS SIMILAR COVERAGE ON A NEWLY ACQUIRED CAR.

**No Benefit to Bailee**
These coverages shall not benefit any carrier or other bailee for hire liable for loss.

**SECTION V – DEATH, DISMEMBERMENT AND LOSS OF SIGHT – COVERAGE S, TOTAL DISABILITY – COVERAGE T AND LOSS OF EARNINGS – COVERAGE Z**

**DEATH, DISMEMBERMENT AND LOSS OF SIGHT – COVERAGE S**

Payment of Any Amount Due

If "S" is shown in the "Coverages" space on the declarations page each insured has the coverage.

We will pay the amount shown in the schedule that applies for death, or loss, caused by accident. The insured must be struck by a land motor vehicle or trailer. The death or loss must be the direct result of the accident and not due to any other cause. The death or loss must occur within 90 days of the accident.

Insured – means a person listed under "Persons Insured – Coverage S" on the declarations page.

Loss – means the loss of:
1. the foot or hand, cut off through or above the ankle or wrist; or
2. the whole thumb or finger, or
3. all sight.

**The Most We Pay**

The most we will pay because of the death, or loss sustained by the insured, except as provided below, is shown under "Amount" next to his or her name on the declarations page.

The amount shown in the schedule for death or loss is doubled for an insured who, at the time of the accident, is using the vehicle's complete restraint system as recommended by the vehicle's manufacturer.

If the insured dies as a result of this accident, any payment made or due for loss reduces the amount of the death payment.

**SCHEDULE**

If amount under $ in the declarations is:

| | $5,000 | $10,000 |
|---|---|---|
| Death | $5,000 | $10,000 |

Loss of:

| | | |
|---|---|---|
| both hands; feet; sight of eyes; one hand & one foot; or one hand and one foot & sight of one eye: | 5,000 | 10,000 |
| one foot or one hand; sight of one eye or one foot; or thumb & finger on one hand; or | 2,500 | 5,000 |
| three fingers | 1,500 | 3,000 |
| any two fingers | 1,000 | 2,000 |

**DEATH**

We will pay any amount due:
1. to the insured;
2. to a parent or guardian if the insured is a minor or an incompetent person;
3. to the surviving spouse; or
4. at our option, to any person or organization authorized by law to receive such payment.

Any payment made is to the extent a complete discharge of our obligations. We and our insureds are not responsible for the way the money is used.

**Autopsy**
We have the right to have an autopsy made where it is not forbidden by law.

**TOTAL DISABILITY – COVERAGE T**

If "T" is shown in the "Coverages" space on the declarations page each insured has the coverage.

We will pay the insured weekly indemnity because of his or her continuous total disability. The total disability must:
1. result directly and independently of all other causes from bodily injury caused by accident, while occupying or through being, struck by a land motor vehicle or trailer;
2. start within 20 days from the date of the accident; and
3. be for seven or more consecutive days.

Insured – means a person shown under "Persons Insured – Coverage T" on the declarations page.

Total Disability – under coverage T means:
1. during the first year from the start of the insured's disability, the insured is continuously unable to work in his or her occupation; and
2. after the first year, the insured is continuously unable to work in a gainful occupation for which he or she is reasonably fitted by education, training or experience.

**Weekly Indemnity** — means the amount we pay for each week the *insured* sustains *total disability*. It is the lower of:

1. the amount shown on the declarations page for the *insured*; or
2. two-thirds of the *insured's* average weekly earnings on the date of the accident. Average weekly earnings is the *insured's* total earnings for the 52 weeks just prior to the date of the accident, divided by 52.

**Limits of Liability**

The maximum number of weeks for which we will pay *weekly indemnity* is 260 weeks of continuous *total disability* due to one accident.

**Payment of Any Amount Due**

Subject to proof of continued *total disability*, when we ask for it, *weekly indemnity* is payable to an *insured* every four weeks.

**Death During Total Disability**

The time limitation for death under coverage S, when an *insured* under both coverages S and T sustains death during a period of continuous *total disability*, is extended to one year from the date of the accident.

**If There is Other Coverage**

If an *insured* is also an *insured* under Total Disability—Coverage Z of another policy issued by us, then the amount payable under this coverage is reduced to the extent of any amount paid under the other policy. We will return premium paid for such duplication of benefits.

**LOSS OF EARNINGS – COVERAGE Z**

If "Z" is shown in the "Coverages" space on the declarations page each *insured* has the coverage.

We will pay the *insured* 85% of his or her loss of *weekly earnings*. The loss has to be due to continuous *total disability* that is:

1. the direct result of *bodily injury* caused by accident; and
2. sustained while *occupying* or through being struck by a land motor vehicle or trailer.

**When Total Disability Applies**

The *insured's total disability* must be for a period of at least 30 consecutive days starting within 20 days after the accident. We will not pay for the first seven days of the 30 day period.

Payments owed will be paid every two weeks. Proof of continued *total disability* must be given to us when we ask for it.

**Limits of Liability**

We will pay up to $250 for each full work week of *total disability* and pro rata for less than a week. Subject to the limit per week, we will pay up to $15,000 total for all loss of earnings due to any one accident.

*Insured* – means a *person* shown under "Persons Insured – Coverage Z" on the declarations page.

*Total Disability* – under coverage Z means the *insured*, while living, is not able to do the usual work for which he or she is reasonably fitted by education, training or experience.

*Weekly Earnings* – means all earnings for the the *insured's* services before any deductions. When *weekly earnings* cannot be determined on a weekly basis an average will be used. The average is the *insured's* total earnings for the 52 weeks just prior to the accident divided by 52.

**When Coverages S, T and Z Do Not Apply**

THESE COVERAGES DO NOT APPLY TO:

1. AN *INSURED* WHILE ON THE JOB, OPERATING, *OCCUPYING*, LOADING OR UNLOADING:
   a. AN EMERGENCY VEHICLE; OR
   b. A VEHICLE USED IN THE *IN-SURED'S* BUSINESS OR JOB.

   But 1.b. does not apply if the vehicle is:
   (1) a *private passenger car* or school bus;
   (2) the pickup or van *you*, with a Gross Vehicle Weight of 10,000 pounds or less, which will not used for delivery.

2. AN *INSURED* WHILE:
   a. ON THE JOB IN ANY CAR BUSI-NESS; OR
   b. *OCCUPYING* ANY:
      (1) VEHICLE WHILE BEING USED IN A RACE; OR
      (2) MILITARY VEHICLE.

3. AN *INSURED* WHILE *OCCUPYING* OR THROUGH BEING STRUCK BY A MOTOR VEHICLE OR TRAILER:
   a. WHICH RUNS ON RAILS OR CRAWLER-TREADS;
   b. DESIGNED FOR USE MAINLY OFF PUBLIC ROADS WHILE OFF PUBLIC ROADS; OR
   c. LOCATED FOR USE AS PREMISES.

4. THE DEATH OF, LOSS TO, OR TOTAL DISABILITY OF AN *INSURED* DUE TO:
   a. DISEASE, except pus forming infection due to *bodily injury* received in the accident; or
   b. SUICIDE OR ATTEMPTED SUICIDE WHILE SANE OR INSANE; OR
   c. WAR OF ANY KIND.

# CONDITIONS

## 1. Policy Changes

a. Policy Terms. The terms of this policy may be changed or waived only by:
   (1) an endorsement issued by us; or
   (2) the revision of this policy form to give broader coverage without an extra charge. If any coverage *you* carry is changed to give broader coverage, we will give *you* the broader coverage without the issuance of a new policy as of the date we make the change effective.

b. Change of Interest. No change of interest in this policy is effective unless the consent is sent in writing. However, if *you* die, we will protect as named *insured*, except under death, dismemberment and loss of sight, total disability and loss of earnings coverages:
   (1) *your surviving spouse*;
   (2) any *person* with proper custody of *your car*, a newly *acquired car* or a *temporary substitute car* until a legal representative is qualified, and then the legal representative while acting within the scope of his or her duties.

c. Consent of Beneficiary. Consent of the beneficiary under death, dismemberment and loss of sight coverage is not needed to cancel or change the policy.

d. Joint and Individual Interests. When there are two or more named *insureds*, each acts for all to cancel or change the policy.

## 2. Suit Against Us

There is no right of action against us:

a. until all the terms of this policy have been met; and

b. under the liability coverage, until the amount of damages an *insured* is legally liable to pay has been finally determined by:
   (1) judgment after actual trial, and appeal if any; or
   (2) agreement between the *insured*, the claimant and us.

If a judgment is secured against the *insured* or his or her estate based on a *bodily injury*, death or property damage covered by this policy, a suit may be brought against us under this policy by a judgment creditor.

Bankruptcy or insolvency of the *insured* or of his or her estate shall not relieve us of our obligations.

c. under uninsured motor vehicle, medical payments, any physical damage, death, disablement and loss of sight, total disability and loss of earnings coverages, until 30 days after we get the *insured's* notice of accident or loss.

d. under uninsured motor vehicle coverage unless within one year from the date of the accident:
   (1) suit for *bodily injury* has been filed in the proper court against the uninsured motorist; or
   (2) an agreement as to the amount due under this coverage has been made; or

(3) the **insured** or his or her representative has formally started arbitration proceedings by making a written request, sent to us by certified mail, return receipt requested.

If a suit has been filed against the uninsured motorist, written notice of the suit must be given to us within a reasonable time after the **insured** knew or should have known of the suit, but we may not require that this notice be given earlier than one year from the date the accrual of the cause of action on which the **insured** is based.

This provision does not limit right of action resulting from **bodily injury** caused by an **underinsured motor vehicle**.

**3. Our Right to Recover Our Payments**

a. Death, dismemberment and loss of sight, total disability and loss of earnings coverage payments are non recoverable by us.

b. Under uninsured motor vehicle coverage, if the damages are caused by an **uninsured motor vehicle**, other than an **underinsured motor vehicle**:
(1) we are subrogated to the proceeds of any settlement from any party liable for the **bodily injury**.
(2) if the **person** to or for whom payment has been made recovered from any party at fault, he or she shall:
  (a) keep these rights in trust for us;
  (b) execute any legal papers we need; and
  (c) when we ask, take action through our representative to recover our payments.

(2) If the **insured** has not been fully compensated for the **bodily injury** by the party at fault, and we make payment for the **bodily injury**, the **insured** shall:
  (a) keep these rights in trust for us;
  (b) execute any legal papers we need; and
  (c) when we ask, take action through our representative to recover the amount of the payment.

c. We are to be repaid our payments, cost and fees of collection of any such recovery.

d. Under uninsured motor vehicle property damage coverage:
(1) we are subrogated to the extent of our payments to recover from any party liable for the **property damage**.
(2) if **you** or the **person** to or for whom payment has been made are not fully covered from the party at fault, he or site shall:
  (a) keep these rights in trust for us;
  (b) execute any legal papers we need; and
  (c) when we ask, take action through our representative to cover our payments.

We are to be repaid our payments, costs and fees of collection out of any recovery.

e. Under all other coverages, and except as provided for within the medical payments coverage, the right of recovery of any party we pay passes to us. Such party shall:
(1) not hurt our rights to recover; and
(2) help us get our money back.

**4. Cancellation**

**How You May Cancel. You** may cancel **your** policy by notifying us in writing of the date to cancel, which must be later than the date **you** mail the notice. We may confirm these requirements by confirming the date and time of cancellation to **you** in writing.

**How and When We May Cancel. We** may cancel **your** policy by written notice, mailed to **your** last known address. The notice shall give the date cancellation is effective.

If we mail or deliver a notice of cancellation to **you** during the first 59 days following the policy effective date, the cancellation notice will be mailed or delivered to **you** at least 10 days before the cancellation effective date.

After the policy has been in force for more than 59 days, any notice of cancellation will be mailed or delivered to **you** at least:
a. 10 days before the cancellation effective date if the cancellation is because **you** did not pay the premium; or
b. 20 days before the cancellation effective date if the cancellation is because of any other reason as allowed by statute.

The mailing of the notice shall be sufficient proof of notice.

a. If after mailing or delivering a notice of cancellation, we mail to **you** within 59 days of the policy effective date, we will not cancel **your** policy before the end of the current policy period unless:
b. **you** fail to pay the premium when due; or
c. **you, your spouse**, any **relative** or any other **person** who usually drives **your car** has had his or her driver's license under:
(1) suspension, if such suspension is not removed prior to the date cancellation becomes effective and is based on a reason other than a failure to make a filing required by the California Insurance or Vehicle Codes, if a request for such a filing was made by an insured; or
(2) revocation, for any reason other than an insured's failure to make a filing required by the California Insurance Code, during the policy period or, if the policy is a renewal, during the policy period immediately preceding its effective date.

**Return of Unearned Premium. If you** cancel, premium may be earned on a short rate basis. If we cancel, premium will be earned on a pro-rata basis. The policy is a renewal, during the time we cancel **your** policy, unearned premium may be returned or credited during the policy period. Delay in the return of unearned premium does not affect the cancellation.

**5. Renewal**

Unless we mail or deliver to **you** a notice of cancellation or a notice of our intention not to renew the policy we agree to renew the policy for the next policy period upon **your** payment of the renewal premium when due. It is agreed that the renewal premium will be based upon the rates in effect, the coverages carried,

applicable limits of liability, deductibles and other elements that affect the premium that apply at the time of renewal.

Other elements that may affect **your** premium include, but are not limited to:
a. **your car** and its use;
b. drivers of **your car** and their ages and marital status;
c. eligibility for discounts or other premium credits;
d. applicability of a surcharge based either on accident history, or on other factors.

A notice of our intention to not renew will be mailed or delivered to **your** last known address at least 30 days before the end of the current policy period. The mailing of it shall be sufficient proof of notice.

**6. Premium**

The premium for this policy may vary based upon the purchase of other insurance from one of the State Farm affiliated companies.

The premium for this policy is based on information we have about **you**, the drivers of **your car**, and other sources. If the information is incorrect or incomplete, or changes during the policy period, **you** must inform State Farm of any changes regarding the following:
a. drivers who regularly drive **your car**, including newly licensed family members;
b. the **persons** who regularly drive **your car**, or its use, including annual mileage;
c. **your** marital status; or
d. the location where **your car** is principally garaged.

**You** agree that if this information or any other information used to determine the premium is incorrect, incomplete, or changes during the policy period, we may decrease or increase the premium during the policy period based upon the corrected, completed or changed information. Any increase in premium is decreased during the policy period, State Farm will refund or credit to **you** any decrease in premium, and **you** will pay for any increase in premium.

**7. Concealment or Fraud**

There is no coverage under this policy if **you** or any other **person** insured under this policy has made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim under this policy.

## MUTUAL CONDITIONS

1. **Membership.** While this policy is in force, the first insured named in the declarations is entitled to vote at all meetings of members and to receive dividends the Board of Directors in its discretion may declare in accordance with reasonable classifications and groupings of policyholders established by such Board.

2. **No Contingent Liability.** This policy is nonassessable.

3. **Annual Meeting.** The annual meeting of the members of the company shall be held at its home office at Bloomington, Illinois, on the second Monday of June at the hour of 10:00 A.M., unless the Board of Directors shall elect to change the time and place of such meeting, in which case, but not otherwise, due notice shall be mailed each member at the address disclosed in this policy at least 10 days prior thereto.

In Witness Whereof, the State Farm Mutual Automobile Insurance Company has caused this policy to be signed by its President and Secretary at Bloomington, Illinois.

_signature_

SECRETARY

_signature_

PRESIDENT

26
9805A

27
9805A