```
 1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
    KEVIN J. DUNNE  Bar No. 40030
 2  BRUCE D. CELEBREZZE  Bar No. 102181
    LAURA L. GOODMAN  Bar No. 142689
 3  One Market Plaza
    Steuart Tower, 8th Floor
 4  San Francisco, California 94105
    Telephone: (415) 781-7900
 5  Facsimile: (415) 781-2635
 6  Attorneys for Defendant
    STATE FARM MUTUAL AUTOMOBILE
 7  INSURANCE COMPANY
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNESHA M. GARNER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendant. | CASE NO. CV 08 1365 CW<br><br>**DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM [FED.R.CIV.P. 12(B)(6)]**<br><br>JUDGE:   Claudia Wilken<br>CTRM:    2<br>DATE:    May 22, 2008<br>TIME:    10:00 a.m. |

SF/1507823v1

CASE NO. CV 08 1365 CW
STATE FARM'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM [FED.R.CIV.P. 12(B)(6)]

# TABLE OF CONTENTS

**PAGE**

I.   INTRODUCTION ................................................................................................ 1

II.  ARGUMENT ..................................................................................................... 2

   A. State Farm's Request For Judicial Notice Is Proper And Plaintiff Offers No Authority To The Contrary ................................................................ 2

   B. State Farm Does Not Object To The Court Taking Judicial Notice Of The DMV's May 1, 2008 Letter ................................................................ 4

   C. Plaintiff's Correspondence From The DMV Shows That Actual Sales Data Had Not Been Made Available To Mitchell At The Time of Plaintiff's Loss And Is Not Scheduled To Be Made Available To Mitchell Until May 7, 2008 ................................................................ 4

   D. Plaintiff Cannot State A Claim For Relief For Breach of Contract Because She Cannot Plead Her Own Performance of The Contract, A Necessary Element of Her Breach of Contract Claim Which Is A Predicate For All Of Her Claims ................................................................ 5

   E. Plaintiff Has Not Adequately Alleged Damage or Loss ................................. 7

III. CONCLUSION ................................................................................................ 8

**FEDERAL CASES**

*Goldberg v. State Farm Fire & Cas. Co.*, No. CV01-11193 LGB,
  2002 WL 768893 (C.D.Cal. Apr. 5, 2002) ......................................................................6

*Guebara v. Allstate Ins. Co.*,
  237 F.3d 987 (9th Cir. 2001) ....................................................................................7

*Hardy v. Johns-Manville Sales Corp.*,
  681 F.2d 334 (5th Cir. 1982) ....................................................................................4

*Hein v. Capitan Grande Band of Diegueno Mission Indians*,
  201 F.3d 1256 (9th Cir. 2000) ..................................................................................3

*Hyland v. Millers Nat'l Ins. Co.*,
  91 F.2d 735 (9th Cir. 1937) .....................................................................................7

*Kashin v. Kent*,
  457 F.3d 1033 (9th Cir. 2006) ..................................................................................3

*Pina v. Henderson*,
  752 F.2d 47 (2nd Cir. 1985) .....................................................................................3

*Torrance Redevelopment Agency v. Solvent Coating Co.*,
  763 F. Supp. 1060 (C.D.Cal. 1991) .......................................................................3, 4

**STATE CASES**

*Appalachian Ins. Co. v. Rivcom Corp.*,
  130 Cal.App.3d 818, 182 Cal. Rptr. 11 (1982) ..........................................................7

*Buckland v. Threshold Enterprises, Ltd.*,
  155 Cal.App.4th 817, 66 Cal.Rptr. 3d 543 (2007) .....................................................7

*CDF Firefighters v. Maldonado*,
  158 Cal.App.4th 1226, 70 Cal.Rptr. 3d 667 (2008) ................................................6, 7

*First Nationwide Savings v. Perry*,
  11 Cal.App.4th 1657, 15 Cal.Rptr. 2d 173 (1992) .....................................................7

*Old Saucelito Land & Dry Dock Co. v. The Commercial Union Assurance Co.*,
  66 Cal.253, 5 P.223 (1884) .......................................................................................7

**STATE STATUTES**

Cal. Code Regs., Title 10, § 2695.8(c) (2006) ........................................................1, 2, 5, 7

I. INTRODUCTION

Plaintiff asks that the Court ignore the legal elements required to allege each of her claims by arguing that there is some scheme between State Farm and Mitchell International to undervalue automobile total loss claims. Her charges are based on a "feeling"[1] that her total loss vehicle was undervalued. She also submits the declaration of Ben Sanchez, an alleged appraiser, who does not even opine that plaintiff received less than (1) the actual cash value of her vehicle, or (2) the actual sales price of comparable vehicles. While he states that the projected sales price of comparable vehicles identified in the Mitchell total loss valuation report was 7.26% less than the *asking price* of those comparable vehicles, he does not state that the projected sales price was 7.26% lower (or even lower at all) than the *actual sales price* of the comparables or than the *actual cash value* of plaintiff's vehicle. Actual cash value is, after all, what State Farm promised in its insurance policy to pay plaintiff in the event of the total loss of her vehicle.

To survive a motion to dismiss, plaintiff must allege the legal elements required for each cause of action she pleads. Plaintiff cannot maintain her claims – all of which are based on an alleged violation of California Code of Regulations § 2695.8(B)(2) – without showing that State Farm was required to comply with that regulation at the time of her loss. She cannot defeat the fact that State Farm was not required to comply with that regulation at the time of her loss.[2]

The settlement agreement concerning the revised regulations, entered into by the former California Insurance Commissioner, provides that Section 2695.8(B)(2) "shall not become effective until sixty (60) days after sales price data becomes available from the Department of Motor Vehicles." (Docket 12, RJN, ¶ 3, Ex. 3 at 2:1-11.) Plaintiff does not argue, as she knows the evidence is to the contrary, that the DMV made actual sales data available to State Farm or Mitchell at or prior to the time of her loss. Instead, plaintiff (1) improperly objects to State Farm's request for judicial notice of official correspondence from the DMV which states unequivocally that the DMV had not made "actual sales" data of comparable vehicles available

---

[1] Docket 28, ¶ 9.
[2] Even if the regulation were effective as to State Farm, which it was not, plaintiff's claims are fatally defective because she cannot allege her performance of the contract or damage (that she was not paid the actual cash value of her total loss).

-1-    CASE NO. CV 08 1365 CW
STATE FARM'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR
FAILURE TO STATE A CLAIM [FED.R.CIV.P. 12(B)(6)]

SF/1507823v1

to Mitchell as of the date of plaintiff's loss, and (2) submits a new letter from the DMV which shows unequivocally that the DMV *has still not* made the "actual sales" data available to Mitchell. Because, as a matter of law, State Farm was not yet required to comply with section 2695.8(B)(2) at the time of plaintiff's automobile total loss, and because all of plaintiff's claims are premised upon State Farm's alleged failure to comply with 2695.8(B)(2), State Farm's motion to dismiss plaintiff's complaint for failure to state a claim should be granted.

Plaintiff disingenuously argues that the "appraisability" of the actual cash value of her vehicle pursuant to the appraisal provision in the State Farm policy is an issue that cannot be decided on a Rule 12(b)(6) motion. Plaintiff ignores that there are only two facts necessary to determination of this issue: (1) the policy contains an appraisal provision, and (2) plaintiff alleges that State Farm undervalued her total loss vehicle. Plaintiff's own complaint alleges that State Farm undervalued her loss vehicle and the State Farm policy referenced throughout plaintiff's complaint contains an appraisal clause specifying a process for determining actual cash value. Because plaintiff is required to comply with the appraisal process prior to bringing an action against State Farm, the Court should grant State Farm's motion to dismiss.

Additionally, plaintiff is unable to plead or prove that she has suffered the damage or loss requisite to each of her causes of action because she has not gone through an appraisal, which is the proper procedure for determining the actual cash value of her total loss vehicle. This is an additional ground upon which the Court should grant State Farm's motion.

## II.  ARGUMENT

### A. State Farm's Request For Judicial Notice Is Proper And Plaintiff Offers No Authority To The Contrary

State Farm has asked the Court to take judicial notice of two matters. First, State Farm requests that the Court take judicial notice of the settlement agreement entered into between the Personal Insurance Federation of California and former Insurance Commissioner John Garamendi providing that section 2695.8(B)(2) will not become effective until 60 days after the DMV makes actual sales data available to insurers. (Docket 12, RJN, ¶3, Ex. 3.) Plaintiff does not object to State Farm's request for judicial notice of this matter.

-2-    CASE NO. CV 08 1365 CW
STATE FARM'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM [FED.R.CIV.P. 12(B)(6)]

Second, State Farm requests that the Court take judicial notice of official correspondence from Tuan Quan of the DMV to Mitchell International, State Farm's total loss vendor, dated November 7, 2007 which states that the DMV has been working with Mitchell for the past year to make sold vehicle data available to Mitchell and that, as of November 7, 2007, it had not yet made such data available to Mitchell. (Docket 12, RJN, ¶4, Ex. 4.) While plaintiff "objects" to this request in her opposition brief (she did not file an opposition to the Request for Judicial Notice), plaintiff does not contend that the letter is not authentic, that it contains untrue material, or for that matter that it has any indicia of unreliability.

Indeed, plaintiff does not even attempt to dispute the Ninth Circuit authority cited by State Farm for the proposition that a court may take judicial notice of official correspondence from a public agency. *See Kashin v. Kent*, 457 F.3d 1033, 1040 (9th Cir. 2006) (proper to take judicial notice of a letter of reprimand employee received from his employer, the Department of State, arising from the employee's traffic accident while stationed in Russia); *Hein v. Capitan Grande Band of Diegueno Mission Indians*, 201 F.3d 1256, 1259 n.4 (9th Cir. 2000) (proper to take judicial notice of letter from Gaming Commission to counsel for Indian tribe stating that the Commission could not act without a definitive determination by the Secretary of the Interior); *Torrance Redevelopment Agency v. Solvent Coating Co.*, 763 F.Supp. 1060, 1066 (C.D.Cal. 1991) (proper to take judicial notice of two letters written by public agency in determining whether complaint fails to state a claim for relief).

Plaintiff relies on *Pina v. Henderson*, 752 F.2d 47 (2nd Cir. 1985), in opposing State Farm's request for judicial notice. *Pina* was a criminal case involving a habeas corpus petition by a defendant to overturn a conviction for stealing a car. The defendant argued that his due process rights were violated because the prosecution failed to disclose a written report prepared by a police officer that contained exculpatory statements. The police officer's report was never submitted to the court. Nonetheless, the court relied on "New York City practice" to conclude that not only had the police officer prepared a report, but that the report contained exculpatory statements. The Second Circuit reversed, finding that the "existence and content of [the police officer's] report are not matters beyond dispute. Whether the report was even prepared is not a

proper subject of judicial notice." *Id.* at 50. *Pina* is inapposite where, as here, there is no dispute as to the existence and contents of the DMV November 7, 2007 letter.[3]

B. **State Farm Does Not Object To The Court Taking Judicial Notice Of The DMV's May 1, 2008 Letter**

Plaintiff attaches to the declaration of her counsel (which declaration State Farm requests be stricken on this Rule 12(b)(6) motion), a letter from the DMV obtained by plaintiff's counsel on May 1, 2008. Plaintiff does not request in its Request for Judicial Notice of the legislative hearings on the revised regulations that the Court take judicial notice of the letter plaintiff's counsel obtained from the DMV. For purposes of this motion, however, State Farm does not object to the Court taking judicial notice of the official correspondence plaintiff received from the DMV on or about May 1, 2008.

C. **Plaintiff's Correspondence From The DMV Shows That Actual Sales Data Had Not Been Made Available To Mitchell At The Time of Plaintiff's Loss And Is Not Scheduled To Be Made Available To Mitchell Until May 7, 2008**

Plaintiff's assertion that the May 1, 2008 letter from the DMV shows that the facts set forth in the November 7, 2007 letter are in "reasonable dispute" lacks any credence. Plaintiff tries to make much of the fact that CCC – one of the three automobile total loss vendors in the State of California – was able to obtain sales data from the DMV. It is undisputed, however, that the two other vendors, including Mitchell International, do not have actual sales data from the DMV. (Docket 23, Declaration of David Birka-White, Ex. 1.) Thus, plaintiff takes the untenable position that CCC's monopoly on DMV sales data demonstrates that the information was available to all. Indeed, the DMV's May 1, 2008 letter establishes that Mitchell has been unsuccessful in obtaining the "sold" data from the DMV since its first request for the information in February 2006 – long prior to plaintiff's total loss and prior to the time that the regulation was enacted. *Id.* According to the DMV, Mitchell is to receive its first production data file *on May 7, 2008. Id.*

---

[3] Contrary to plaintiff's argument, a request for judicial notice of a document dispenses with the need for separate authentication of the document. *Hardy v. Johns-Manville Sales Corp.*, 681 F.2d 334 (5th Cir. 1982).

SF/1507823v1

-4-    CASE NO. CV 08 1365 CW
STATE FARM'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM [FED.R.CIV.P. 12(B)(6)]

As set forth in State Farm's moving papers, the settlement agreement reached in the litigation entitled *Personal Insurance Federation of California, et al. v. John Garamendi*, does not require State Farm to use the "asking price" of comparable vehicles until such time – which has still not occurred – that the "actual sales" data is available from the DMV, but instead provides that:

> the language to be adopted in section 2695.8(B)(2), requiring insurers to determine the cost of a comparable vehicle using either the ask price or the actual sales price of that vehicle, *shall not become effective* until (60) days after sales price data becomes available from the Department of Motor Vehicles.[4]

(RJN, ¶ 3, Ex. 3, at 2:1-8, emphasis added.) Plaintiff speculates, without any evidence or authority, that there is a question of fact because Mitchell "might have" obtained the actual sales data earlier. Not only is this argument unsupported by the record of judicial notice, but the language of the settlement agreement itself refers to when the sales price data *becomes* available, not when it "might have" become available.

In short, the official correspondence from the California DMV undisputedly shows that the DMV had not made "actual sales" data available to Mitchell or State Farm as of November 2007 and still had not made the information available as of May 1, 2008, when the DMV wrote its second letter. Because the "actual sales" data was not available to State Farm or Mitchell at the time of plaintiff's loss, section 2695.8(B)(2) had not yet become effective under the settlement agreement in the *Personal Insurance Federation of California v. Garamendi* litigation and State Farm cannot be held to have been obligated to comply with a regulation not yet in force as to it.

D. <u>Plaintiff Cannot State A Claim For Relief For Breach of Contract Because She Cannot Plead Her Own Performance of The Contract, A Necessary Element of Her Breach of Contract Claim Which Is A Predicate For All Of Her Claims</u>

State Farm does not repeat here its argument regarding the enforceability of appraisal

---

[4] Plaintiff's claim that there is no evidence in the record that State Farm was subject to the terms of the settlement agreement in the *Personal Insurance Federation of California v. Garamendi* litigation is unjustified. Not only was State Farm a founding member of the Personal Insurance Federation of California, but the settlement agreement *by its terms* governs the *revised regulations* as they apply to all automobile insurers in the State of California. (Docket 12, RJN, ¶ 3, Ex. 3.)

clauses in insurance policies under the Federal Arbitration Act and California law, the scope of appraisal, and its rebuttal to plaintiff's allegations that the appraisal process is unconscionable and has been waived by State Farm. Instead, State Farm incorporates the law and argument made in its separate reply brief on its motion to compel appraisal, filed contemporaneously with this brief, as if fully set forth herein.

The issue before the Court here on this motion – as contrasted with the related motion to compel appraisal – is not whether appraisal should be compelled, but whether plaintiff's failure to comply with the appraisal procedure means that she cannot plead or prove her compliance with the contract between plaintiff and State Farm. Plaintiff acknowledges that her claims all arise from allegations that State Farm breached its contract with plaintiff by undervaluing her total loss vehicle. (Docket 1, ¶¶ 9, 43, 53, 57.) Plaintiff further admits that she has not complied with the policy's appraisal provision. (See Docket 22, Plaintiff's Opp. to Mot. to Dismiss, p. 7:10-27.) Plaintiff cannot dispute that the policy provides that she has "no right of action against [State Farm] . . . until all the terms of the policy have been met[.]" (Docket 8, Bianco Decl., Ex. A at p. 23.) While reciting a litany of excuses as to why there should be no appraisal, plaintiff fails to address State Farm's fundamental argument that, to prove breach of contract and bad faith, plaintiff must be able to allege either her performance or her excuse for non-performance of the contract. See *CDF Firefighters v. Maldonado*, 158 Cal.App.4th 1226, 1239, 70 Cal.Rptr.3d 667 (2008).

The question before the Court is the very issue that was considered and decided by the court in *Goldberg v. State Farm Fire & Cas. Co.*, No. CV01-11193 LGB, 2002 WL 768893 (C.D.Cal. Apr. 5, 2002). In *Goldberg*, the district court dismissed an insured's claims because the insured failed to exhaust the appraisal provision contained in the State Farm policy. The *Goldberg* court concluded that plaintiff's failure to demand an appraisal precluded his breach of contract and other claims. *Id.* at * 3. Plaintiff tepidly tries to dismiss *Goldberg* by arguing that, since it involved a policy of fire insurance issued pursuant to Insurance Code § 2071, the appraisal clause in *Goldberg* was mandated by statute. That is a distinction without any difference here. The dispute in *Goldberg*, just as the dispute between plaintiff and State Farm,

arises out of the insurance contract entered into between the parties. The contract in *Goldberg*, as here, contained an appraisal provision which provided a methodology for resolution in the event that the insurer and insured could not agree on actual cash value. There is no reason whatsoever for this Court not to enforce the contractual appraisal provision. Plaintiff also ignores that an appraisal procedure is expressly sanctioned by section 2965.8(c) of the Fair Claim Settlement Practices Regulations to resolve insurer/insured disputes regarding the actual cash value of total loss automobiles. Cal. Code Regs., tit. 10, § 2695.8(c) (2006).

In 1982, nearly a quarter of a century ago, it was noted that "California courts have enforced appraisal clauses in fire insurance polices for almost 100 years." *Appalachian Ins. Co. v. Rivcom Corp.*, 130 Cal.App.3d 818, 824, 182 Cal.Rptr. 11 (1982), citing *Old Saucelito Land & Dry Dock Co. v. The Commercial Union Assurance Co.*, 66 Cal. 253, 5 P.223 (1884). As the California Supreme Court held nearly 125 years ago, a plaintiff cannot maintain a cause of action against its insurer alleging a dispute concerning the amount of loss, without first availing itself of the policy's appraisal process. *Old Saucelito*, 66 Cal. at 258-259. *See Hyland v. Millers Nat'l Ins. Co.*, 91 F.2d 735, 738 (9th Cir. 1937) (holding that an insured must comply with an appraisal clause contained in an insurance policy or there can be no recovery.) This Court should follow *Goldberg*, *Old Saucelito*, and *Hyland* and dismiss plaintiff's claims based on an alleged breach of contract by State Farm, on the ground that plaintiff, as a matter of law, has not pleaded and cannot plead and prove her own performance of the contract because she has not complied with the appraisal provision, and the policy requires compliance as a predicate to suit.

E.   Plaintiff Has Not Adequately Alleged Damage or Loss

Plaintiff overlooks another crucial point in her opposition papers. Each of the claims alleged by plaintiff requires that she plead and prove damage or other loss. *See CDF Firefighters v. Maldonado, supra*, 158 Cal.App.4th at 1239 (claim for breach of contract requires damages); *Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 992 (9th Cir. 2001) (damages is an element of claim for bad faith); *Buckland v. Threshold Enterprises, Ltd.*, 155 Cal.App.4th 817, 66 Cal.Rptr.3d 543 (2007) (claim for violation of § 17200 requires loss of money or property eligible for restitution); *First Nationwide Savings v. Perry*, 11 Cal.App.4th 1657, 1663, 15 Cal.Rptr.2d 173 (1992) (claim

for unjust enrichment requires showing that defendant retained something it has no right to.) Plaintiff's wholesale failure to address the fact that she cannot plead damage is telling. Plaintiff's inability to properly allege that she has suffered damage as a result of State Farm's alleged non-compliance with an allegedly effective regulation is fatal to her claims. This Court should grant State Farm's motion to dismiss.

### III.   CONCLUSION

All of plaintiff's claims are predicated on State Farm's alleged violation of California Code of Regulations § 2695.8(B)(2), which was not in effect as to State Farm at the time of plaintiff's loss. Accordingly, plaintiff fails to state a claim under which relief can be granted. In addition, plaintiff cannot properly plead her own performance of the insurance contract between her and State Farm because she did not comply with appraisal procedure and because the policy provides that compliance with its provisions is a condition precedent to an action on the policy. Finally, plaintiff has not adequately alleged she has suffered damage or loss, an essential element of each of her claims. For all of these reasons, State Farm requests that the Court grant its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

DATED: May 8, 2008

Respectfully submitted,

SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: /s/ Laura L. Goodman
Kevin J. Dunne
Bruce D. Celebrezze
Laura L. Goodman
Attorneys for Defendant
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY