SEDGWICK, DETERT, MORAN & ARNOLD LLP
KEVIN J. DUNNE  Bar No. 40030
BRUCE D. CELEBREZZE  Bar No. 102181
LAURA L. GOODMAN  Bar No. 142689
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Defendant
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNESHA M. GARNER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY<br><br>Defendant. | CASE NO. CV 08 1365 CW<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S OBJECTIONS TO PLAINTIFF'S EVIDENCE AND REQUEST TO STRIKE RE: (1) MOTION TO COMPEL APPRAISAL AND FOR STAY, AND (2) MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)<br><br>JUDGE: Claudia Wilken<br>CTRM: 2<br>DATE: May 22, 2008<br>TIME: 10:00 a.m. |

Defendant State Farm Mutual Automobile Insurance Company ("State Farm") objects to, and moves to strike, the following evidence submitted in opposition to (1) State Farm's Motion to Compel Contractual Appraisal And For A Stay Pending Appraisal (Docket 7), and (2) State Farm's Motion To Dismiss For Failure To State A Claim (Docket 11).

**OBJECTIONS TO EVIDENCE RE MOTION TO COMPEL APPRAISAL**

**Declaration of David Birka-White**

1. The Declaration Is Not Relevant

State Farm objects to, and moves to strike, the entirety of the Declaration of David M.

1  Birka-White, dated May 1, 2008 ("the Birka-White Declaration") (Docket 27) on the ground that
2  it is not relevant to the Court's determination of State Farm's Motion to Compel Appraisal.
3  Fed.R.Evid. 401, 402. The only two issues presented by State Farm's motion to compel
4  appraisal are "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the
5  agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys. Inc.*, 207
6  F.3d 1126, 1131 (9th Cir. 2000). Mr. Birka-White's testimony involves only his alleged
7  communications with the California DMV and does not even remotely address the issues relevant
8  to the appraisal motion.

    2.    The Declaration Contains Impermissible Hearsay

State Farm objects to, and moves to strike, the testimony contained in ¶¶ 3-7 and ¶¶ 9-13 and ¶ 15 of the Birka-White Declaration on the ground that it constitutes inadmissible hearsay. Fed.R.Evid. 801, 802. The alleged statements made during Mr. Birka-White's conversations with officials at the DMV constitute hearsay as does Mr. Birka-White's testimony about the contents of the DMV letters and plaintiff has not established that an exception applies.

    3.    The Declaration Violates The Best Evidence Rule

State Farm objects to, and moves to strike the testimony contained in ¶¶ 9-13 and ¶ 15 of the Birka-White Declaration on the ground that it is secondary evidence offered to prove the content of a writing in violation of best evidence rule. Fed.R.Evid. 1002.

    4.    The Declaration Lacks Foundation

State Farm objects to, and moves to strike, the testimony contained in ¶¶ 9-11, 14-15 of the Birka-White Declaration on the ground that Mr. Birka-White has established no foundation by showing that he has personal knowledge of the matters set forth in those paragraphs. Fed.R.Evid. 602.

**Declaration of Benjamin Sanchez, Jr.**

    1.    The Declaration Is Not Relevant

State Farm objects to, and moves to strike, the entirety of the Declaration of Benjamin Sanchez, Jr. dated May 1, 2008 ("the Sanchez Declaration") (Docket 29) on the ground that it is not relevant to the Court's determination of State Farm's Motion to Compel Appraisal.

1  Fed.R.Evid. 401, 402. The only two issues presented by State Farm's motion to compel
2  appraisal are "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the
3  agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys. Inc.*, 207
4  F.3d 1126, 1131 (9th Cir. 2000). Mr. Sanchez's testimony describes his review of the Mitchell
5  International valuation and does not address either of the issues relevant to the appraisal motion.

    2.    <u>The Declaration Contains Impermissible Hearsay</u>

State Farm objects to, and moves to strike, the testimony contained in ¶¶ 5-18 of the Sanchez Declaration on the ground that it constitutes inadmissible hearsay. Fed.R.Evid. 801, 802. The statements made by Mr. Sanchez about the contents of the Mitchell International valuation report constitutes hearsay and plaintiff has not established that an exception applies.

    3.    <u>The Declaration Violates The Best Evidence Rule</u>

State Farm objects to, and moves to strike, the testimony contained in ¶¶ 4-19 of the Sanchez Declaration on the ground that it is secondary evidence offered to prove the contents of writings (the valuation report and the appraisal provision in the State Farm policy) in violation of best evidence rule. Fed.R.Evid. 1002.

    4.    <u>The Declaration Does Not Qualify Mr. Sanchez As An "Expert"</u>

State Farm objects to, and moves to strike, the entirety of the Sanchez Declaration on the ground that Mr. Sanchez does not qualify as an expert in determining actual cash value of total loss automobiles. Fed.R.Evid. 702, 703. Although Mr. Sanchez testifies as to a long history as an automobile appraiser, he does not state what, if any, experience he has with evaluating automobile total loss claims.

    5.    <u>The Testimony Offered In The Declaration Is Not Appropriate For An Expert</u>

State Farm objects to, and moves to strike, the entirety of the Sanchez Declaration on the ground that the subject of his testimony, the contents of the Mitchell International valuation report, does not require scientific, technical, or other specialized knowledge which are the only appropriate categories for expert testimony. Fed.R.Evid. 702, 703.

    6.    <u>The Declaration Contains An Improper Assumption</u>

State Farm objects to, and moves to strike, the testimony contained in ¶¶ 19-22 of the

Sanchez Declaration on the ground that the testimony contained therein relies on the improper assumption that a third appraiser will be necessary to determine the actual cash value of plaintiff's total loss. Whether a third appraiser will be retained depends on whether the parties are able to resolve the dispute about actual cash value based on the parties' own appraisals.

## OBJECTIONS TO PLAINTIFF'S EVIDENCE RE MOTION TO DISMISS

**Declaration of David Birka-White**

1. The Declaration Is Improper On A Rule 12(b)(6) Motion

State Farm objects to the entirety of the Birka-White Declaration (Docket 23) on the ground that the Court may not consider material outside the complaint (other than matters that may be judicially noticed) when ruling on a motion made pursuant to Federal Rule of Civil Procedure 12(b)(6). Fed.R.Civ.P. 12; *Arpin v. Santa Clara Valley Transp. Agency* 261 F.3d 912, 925 (9th Cir. 2001).

2. The Declaration Contains Impermissible Hearsay

State Farm objects to, and moves to strike, the testimony contained in ¶¶ 3-7 and ¶¶ 9-13 and ¶ 15 of the Birka-White Declaration on the ground that it constitutes inadmissible hearsay. Fed.R.Evid. 801, 802. The alleged statements made during Mr. Birka-White's conversations with officials at the DMV constitute hearsay as does Mr. Birka-White's testimony about the contents of the DMV letters and plaintiff has not established that an exception applies.

3. The Declaration Violates The Best Evidence Rule

State Farm objects to, and moves to strike the testimony contained in ¶¶ 9-13 and ¶ 15 of the Birka-White Declaration on the ground that it is secondary evidence offered to prove the content of a writing in violation of best evidence rule. Fed.R.Evid. 1002.

DATED: May 8, 2008                SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: /s/ Laura L. Goodman
Laura L, Goodman
Attorneys for Defendant
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY