SEDGWICK, DETERT, MORAN & ARNOLD LLP
KEVIN J. DUNNE Bar No. 40030
BRUCE D. CELEBREZZE Bar No. 102181
LAURA L. GOODMAN Bar No. 142689
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Defendant
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ARNESHA M. GARNER, on behalf of herself and all others similarly situated,

Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

Defendant.

CASE NO. CV 08 1365 CW

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S OBJECTION TO SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE

JUDGE: Claudia Wilken
CTRM: 2
DATE: May 22, 2008
TIME: 10:00 a.m.

State Farm Mutual Automobile Insurance Company ("State Farm") responds as follows to Plaintiff's Objection to State Farm's Supplemental Request for Judicial Notice concerning certain trial court records in *Sanchez v. State Farm Mutual Automobile Ins. Co.*, Los Angeles County Superior Court, Judicial Council Coordination Proceeding No. 4249, and *Turner v. State Farm Mutual Automobile Ins. Co.*, Alameda County Superior Court Case No. RG03078358:

1. California Rule of Court 8.115 does not prohibit the Court's review of trial court records that are judicially noticeable. *Gilbert v. Master Washer & Stamping Co., Inc.*, 87 Cal.App.4th 212, 217-218, 104 Cal.Rptr.2d 461 (2001). *See People v. Hill,* 17 Cal.4th 800, 847-848, 952 P.2d 673 (1998) (taking judicial notice of unpublished decision as evidence that case at bar was not the first instance of prosecutorial misconduct); *Gerawan Farming, Inc. v. Lyons*, 24

Cal.4th 468, 483 n.3, 101 Cal.Rptr.2d 470 (2000) (taking judicial notice of tentative superior court decision as a record of a "court of this state"). In addition, while an unpublished opinion is without precedential value or binding force (which is true of any trial court decision, published or not), "the analysis in an unpublished opinion may properly be considered." *People v. McDaniels*, 21 Cal.App.4th 1560, 1566 n.2, 27 Cal.Rptr.2d 245 (1994) (*citing Cynthia D. v. Superior Court*, 5 Cal.4th 242, 254, n. 9, 19 Cal.Rptr.2d 698 (1993)).

State Farm does not now contend, nor has it ever contended, that the trial court decisions in *Turner* and *Sanchez* are binding precedent, but rather offers these records as evidence that California trial courts indeed apply California law to enforce appraisal provisions contained in automobile insurance policies in very similar automobile total loss cases.

2. State Farm has requested judicial notice of the *Sanchez* and *Turner* records to respond to plaintiff's argument that the Court should consider and follow inapposite Illinois authorities. State Farm offers the selected records from these California trial court cases to return the Court to the proper consideration of the appraisal provision under California law.

3. The submitted portions of the trial court record from *Sanchez* and *Turner* are more than adequate for the very limited purposes for which they are offered and plaintiff's objections should be overruled.

DATED: May 13, 2008

Respectfully submitted,

SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: [signature]

Kevin J. Dunne
Bruce D. Celebrezze
Laura L, Goodman
Attorneys for Defendant
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

SEDGWICK
DETERT, MORAN & ARNOLD LLP

SF/1509908v1