David M. Birka-White; (State Bar No. 85721)
dbw@birka-white.com
Stephen Oroza (State Bar No. 84681)
Thomas D. Hicks (State Bar No. 238545)
BIRKA-WHITE LAW OFFICES
744 Montgomery Street, Fourth Floor
San Francisco, CA  94111
Telephone:  (415) 616-9999
Facsimile:  (415) 616-9494

Attorneys for Plaintiff Arnesha Garner

(Additional counsel listed on signature page)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARNESHA M. GARNER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No.  CV 08 1365 CW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**<br><br>**Judge:**  Claudia Wilken<br>**Date:**<br>**Time:**<br>**Dept.:**  Courtroom 2, 4th Floor<br>           1301 Clay Street, Oakland, CA |

## INTRODUCTION

Plaintiff moves for a protective order precluding the production of two categories of documents under a subpoena issued by Defendant State Farm Mutual Automobile Insurance Company ("State Farm") to the California Department of Motor Vehicles (the "DMV").  These categories of documents exceed the scope of discovery allowed by the Court in its Order Denying Defendant's Motion To Dismiss And Granting Defendant's Motion To Compel Appraisal And Stay The Action entered on June 30, 2008 (the "Stay Order").

## STATEMENT OF FACTS

Plaintiff alleges that State Farm's adjustment and payment of total loss vehicle claims

violates a regulation issued by the Department of Insurance, 10 Cal. Code Regs. § 2695.8(b) (the "TLR" or "Total Loss Regulation"). First Amended Complaint, ¶¶ 13-15. The TLR allows adjustment of total loss claims based on either actual sales price of comparable vehicles at the time of the loss or the advertised price of such vehicles. TLR, § 2695.8(b)(2). Plaintiff alleges that State Farm violates the TLR because, *inter alia*, it adjusts and pays claims based on "projected selling prices" of allegedly comparable vehicles. The "projected sales price" is neither the actual nor the advertised price of a comparable vehicle. First Amended Complaint, ¶15.

State Farm filed a motion to dismiss the action under Rule 12(b)(6) and a motion to stay the proceedings pending a contractual appraisal of Plaintiff's vehicle under the policy. On June 30, 2008, this Court entered the Stay Order, whereunder the Court: (1) denied the motion to dismiss and set a hearing on cross-motions for summary adjudication to determine whether the TLR was in effect at the time that State Farm adjusted Plaintiff's total loss claim; (2) limited discovery to facts related to this issue; and (3) ordered that a contractual appraisal of Plaintiff's vehicle be conducted. The Court ordered:

> These proceedings are stayed except for the purpose of adjudicating the issue of whether Defendant was required to comply with the TLR at the time it conducted its valuation of Plaintiff's vehicle. That adjudication shall proceed as specified at the hearing: discovery on the issue must be completed by October 28, 2008.

*Stay Order* at 21.

State Farm's contention that the TLR is not in effect is based on the contention that the Insurance Commissioner reached a stipulation in a lawsuit filed *in 2003* that the TLR "shall not become effective until sixty (60) days after sales price data becomes available from the Department of Motor Vehicles." *Stay Order* at 7-8. State Farm asserts that the TLR is not in effect as to State Farm because, *in 2007*, the Department of Motor Vehicles did not supply State Farm's valuation company, Mitchell International, Inc. ("Mitchell") with certain data related to actual sales of vehicles in California. *Stay Order* at 8-10.

The Court was skeptical that a regulation which has been in the official reports since 2003 is not yet in effect, but allowed discovery to address this contention:

> The fact that Mitchell had not yet been able to obtain whatever

> information it had sought from the DMV does not necessarily mean that sales information had not yet "become available," as that phrase is used in the settlement agreement.
>
> . . .
>
> . . . Defendant's apparent interpretation of the term, "available" leads to a paradoxical result. Accepting Defendant's argument that it was not bound by the regulation unless Mitchell had actually received sales price information from the DMV would mean that the regulation would have a different effective date with respect to each insurer. It would also mean that an insurer could avoid complying with the regulation altogether simply by failing to request sales price information from the DMV. *While it is possible, though unlikely, that the settlement agreement contemplated such a scenario, the issue cannot be resolved on a motion to dismiss.*
>
> For these reasons, the Court will not dismiss this case on the basis that the relevant provision of the TLR was not in effect when Defendant adjusted Plaintiff's claim. *As discussed at oral argument, the Court will permit limited discovery on this issue.* At the conclusion of this discovery, Defendant may move for summary adjudication on the issue of whether it was required to comply with the regulation at the time it conducted its valuation of Plaintiff's vehicle.

*Stay Order* at 10-11 (emphasis added.)

On June 30, 2008, State Farm served a subpoena on the California Department of Motor Vehicles (the "DMV") demanding that the DMV produce thirteen (13) categories of documents. Plaintiff believes that two such categories – numbered 1 and 13 on the attachment to the subpoena describing the documents (the "Contested Documents") – exceed the stay order and the limitations imposed by the Court on discovery. The categories request:

> 1. All DOCUMENTS referring to, reflecting, containing or otherwise showing the actual sales price, date of sale, and location of sale for the following vehicles:
>
>    a) 2005 Ford Escape Limited, VIN No. 1FMYU04145KA83868
>    b) 2005 Ford Escape Limited, VIN No. lFMCU04125KClO515
>    c) 2005 Ford Escape Limited, VIN No. lFMCU04115KA23265
>    d) 2005 Ford Escape Limited, VIN No. lFMYU04185KB62377
>    e) 2005 Ford Escape Limited, VIN No. lFMCU04125KB623 19
>    f) 2005 Ford Escape Limited, VIN No. 1FMCU04115KB95411
>    g) 2005 Ford Escape Limited, VIN No. lFMYU04155KE23948
>
> If any or all of these vehicles have been sold on more than one occasion, please provide the actual sales price, date of sale, and location of sale for each such sale.
>
> 13.   All DOCUMENTS referring to, reflecting, or containing

any communications between the DMV and Arnesha Garner and/or her attorneys David Birka-White, Stephen Oroza, Thomas Hicks, Jeffrey Cereghino, Steven R. Weinmann, the Birka-White Law Offices and/or Berding & Weil, LLP from January 1, 2003 to the present.

*Declaration of Stephen Oroza In Support Of Motion To Quash Subpoena Or For Protective Order* ("Oroza Declaration"), Ex. 1.  The vehicles described in Category 1 are the vehicles which State Farm used in adjusting Plaintiff's claim.  *Id.* at ¶4.

Plaintiff's counsel received notice of the subpoena on July 2, 2008, immediately prior to the July 4 holiday.  On the first day after the July 4 weekend, Plaintiff requested that counsel for State Farm meet and confer concerning the Contested Documents.  Counsel met and conferred by telephone on that day.  Counsel for State Farm stated that the documents in Category 1 were relevant to whether the TLR was in effect at the time Plaintiff's claim was adjusted and that such documents were also relevant to the appraisal of Plaintiff's vehicle.  Counsel for State Farm stated that the documents in Category 13 were relevant to show "bias" by the DMV and that this "bias" was relevant to whether the TLR was in effect at the time that Plaintiff's loss was adjusted.  Counsel for Plaintiffs made substantially the same arguments detailed below and the parties were unable to reach agreement concerning the entitlement of State Farm to the Contested Documents.  *Id.* at ¶5.

## ARGUMENT

I. **THE CONTESTED DOCUMENTS ARE OUTSIDE THE SCOPE OF DISCOVERY PERMITTED BY THE STAY ORDER AND SHOULD NOT BE PRODUCED.**

Rule 26(c) of the Federal Rules of Civil Procedure provides, in pertinent part:

> (c) Protective Orders.
>
> (1) In General. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

    (A) forbidding the disclosure or discovery;

    . . .

    (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

*Federal Rules of Civil Procedure, Rule 26 (c).*

  Since subpoenas are a form of discovery governed by relevant discovery limitations, a party may seek a protective order to enforce limitations on discovery imposed by applicable rules or a court order.  *Marvin Lumber and Cedar Company, et al. v. PPG Industries, Inc., et al.*, 177 F.R.D. 443, 445 (D.Minn. 1997); *Methode Electronics, Inc. v. Infineon Technologies Corp.*, 2002 WL 33831643 (N.D.Cal. 2002).  Accordingly, Plaintiff may seek a protective order to enforce the Court's stay of the proceedings and limits on discovery.

  A. <u>The Documents In Category 13 Are Outside The Scope Of Permitted Discovery</u>

  Plainly, the documents described Category 13 of the subpoena – documents relating to communications between the DMV and Plaintiff's counsel – have no conceivable relevance to the question of whether sales price data from the DMV had "become available," as that phrase was used in the stipulation, by 2007.

  The argument that this information is necessary to determine whether the DMV is "biased" against State Farm is clearly in bad faith.  The DMV was not a party to the stipulation in question and cannot either know or testify what the stipulation meant.  Accordingly, its inexplicable alleged bias against State Farm is irrelevant.  Likewise, the contention that the DMV's "bias" against State Farm would impel it to lie about whether it had made information available to State Farm is ludicrous.  In its motion to dismiss, *State Farm relied on a letter from the DMV* stating that it had not supplied sale data to Mitchell *as conclusive evidence* that the TLR is not in effect.  *See Stay Order* at 8-9.

  DMV's alleged bias against State Farm is not relevant in determining the limited issue on which the Court permitted discovery.  Moreover, State Farm obviously does not even actually believe that the DMV is biased against it.  State Farm's hope – vain, it must be added – that there is something in the communications between Plaintiff's counsel and the DMV which Plaintiff

1  wishes to hide is not a reason for violating the Stay Order.

2        B.      <u>The Documents In Category 1 Are Outside The Scope Of Permitted Discovery</u>

3        Likewise the documents in Category 1 are irrelevant to the question of whether the sales

4  data from the DMV had "become available" by 2007.  As the Stay Order makes clear, the issue

5  on which the Court allowed "limited discovery" is whether the term "becomes available" as used

6  in the stipulation requires that each insurer actually have the data from the DMV described in the

7  stipulation.  The current availability or unavailability of sales data for the particular vehicles

8  whose advertised price was "adjusted" to value Plaintiff's vehicle is irrelevant to this issue.

9  Further, because the TLR specifies how claims must be *adjusted*, in order to be useful in

10 complying with the TLR, the sales data must have been available *at the time the claim was*

11 *adjusted*.  Its current availability is irrelevant.

12       Again, State Farm purports to seek information based on its alleged relevance to the single

13 issue on which the Court allowed "limited discovery," when what it actually wants is information

14 allegedly relevant to the contractual appraisal of the vehicle, an issue on which the Court did *not*

15 allow discovery.[1]  State Farm asserts that information relating to actual sales – if any – of the

16 listed vehicles is relevant to the contractual appraisal ordered by the Court.  The Court, however,

17 did not allow discovery related to the appraisal of the vehicle.  If State Farm wishes to have the

18 Stay Order amended for this purpose, it should make a request to the Court for an amendment of

19 the order to permit such discovery.

20       Plaintiff believes, however, that it would be inappropriate to allow discovery in support of

21 a contractual appraisal provision which the Court held is a pre-condition to suit.  *Stay Order* at 13,

22 20. Outside the context of litigation, State Farm could not subpoena records in aid of this

23 contractual appraisal.  Moreover, it is antithetical to the purposes of a contractual appraisal –

24 allegedly allowing inexpensive and informal adjudications of value issues – to permit formal

25 discovery such as a subpoena.

26       In any event, however, the Court did not permit discovery on this issue and, if State Farm

---

[1] While the information requested is not actually relevant to this issue, discussion of this question is beyond the scope of this motion.  No discovery has in fact been allowed on this issue at all.

believes that the Court should reconsider this decision, it should make an appropriate request to the Court on which Plaintiff may be heard. It cannot simply decide to ignore the Stay Order, which is what it has done.

### **CONCLUSION**

For the reasons stated, Plaintiff requests that discovery of the documents in Categories 1 and 13 not be permitted and that State Farm be required immediately to advise the DMV not to produce such documents.

Dated: July 9, 2008                                        BIRKA-WHITE LAW OFFICES

By: _____/s/_____
      Stephen Oroza

Jeffrey B. Cereghino (State Bar No. 99480)
Steven R. Weinmann (State Bar No. 190956)
BERDING & WEIL, LLP
3240 Stone Valley Road West
Alamo, California 94507
Telephone: (925) 838-2090
Facsimile: (925) 820-5592

Counsel for Plaintiff Arnesha Garner