UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNESHA M. GARNER,<br><br>          Plaintiff,<br><br>    v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>          Defendant.<br>_____/ | No. C-08-1365 CW (EMC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**<br><br>**(Docket No. 49)** |

Having considered the parties' briefs and accompanying submissions, the oral argument of counsel, and all other evidence of record, the Court hereby **GRANTS** in part and **DENIES** in part Plaintiff's motion for a protective order.

At issue is whether Defendant has exceeded the permissible scope of discovery, as set forth by Judge Wilken in her order of June 30, 2008. *See* Docket No. 47. In her order, Judge Wilken allowed for limited discovery only. *See id.* (Order at 11). More specifically, she stated that the "proceedings are stayed except for the purpose adjudicating the issue of whether Defendant was required to comply with the TLR at the time it conducted its valuation of Plaintiff's vehicle. That adjudication shall proceed as specified at the hearing: discovery on the issue must be completed by October 28, 2008." *Id.* (Order at 21).

The Court agrees with Plaintiff that Defendant has exceeded the permissible scope of discovery with respect to Category No. 1 in the subpoena issued to the DMV. As the Court noted at the hearing, given Judge Wilken's order, the critical issue is whether the actual sales price was

*available* from the DMV -- not what the actual sales price *was*. While Defendant argues that documents responsive to Category No. 1 would shed some light on whether sales data has been made available, Defendant rejected the Court's suggestion that the documents from the DMV be produced with redaction of the actual sales prices. Thus, Defendant has demonstrated that its concern here is not the issue of whether and when the actual sales price was available from the DMV, but rather the need for substantive pricing information for the appraisal itself. Judge Wilken did not, in her order, authorize any discovery related to the issue of appraisal. Accordingly, the Court grants the motion for a protective order with respect to Category No. 1.

As to Category No. 13, the Court grants the motion in part and denies the motion in part. Any correspondence from the DMV to Plaintiff (or her representatives) shall be produced. However, correspondence from Plaintiff (or her representatives) to the DMV is not relevant and shall not be produced, except as to those which relate directly to the letter that Plaintiff's counsel sent to the DMV, dated May 1, 2008. *See* Docket No. 23 (Ex. 1).

This order disposes of Docket No. 49.

IT IS SO ORDERED.

Dated:  July 25, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge

2