| | |
|---|---|
| 1 | SEDGWICK, DETERT, MORAN & ARNOLD LLP |
| | KEVIN J. DUNNE  Bar No. 40030 |
| 2 | BRUCE D. CELEBREZZE  Bar No. 102181 |
| | LAURA L. GOODMAN  Bar No. 142689 |
| 3 | One Market Plaza |
| | Steuart Tower, 8th Floor |
| 4 | San Francisco, California 94105 |
| | Telephone: (415) 781-7900 |
| 5 | Facsimile: (415) 781-2635 |
| 6 | Attorneys for Defendant |
| | STATE FARM MUTUAL AUTOMOBILE |
| 7 | INSURANCE COMPANY |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNESHA M. GARNER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al.,<br><br>Defendant. | CASE NO. CV 08 1365 CW (EMC)<br><br>**STATE FARM'S NOTICE OF OBJECTION AND OBJECTION TO MAGISTRATE'S ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT (FED. R. CIV. PROC. 72; LOCAL RULE 72-2)**<br><br>JUDGE:  Hon. Claudia Wilken<br>DEPT:   Courtroom 2, 4th Floor<br>DATE:<br>TIME: |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 72 and Local Rule 72-2, on _____, 2008 at ___ a.m., or as soon thereafter as this matter may be heard in Courtroom 2 of the United States Courthouse, 1301 Clay Street, Oakland California, the Objection of State Farm Mutual Automobile Insurance Company ("State Farm") to Magistrate Judge Edward M. Chen's July 25, 2008 Order Granting in Part and Denying in Part Plaintiff Arnesha Garner's Motion for a Protective Order will come on for hearing before the Honorable

Claudia Wilken. State Farm requests a hearing on its Objection.

State Farm's Objection will be, and is, based upon this Notice of Objection and Objection, the attached Memorandum of Points and Authorities in Support, on all pleadings and records on file in this action, and on all such further oral and documentary evidence and argument as may be presented to the Court at or before the hearing on State Farm's Objection.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

The issue before the Court is whether State Farm may subpoena records from the DMV and others[1] that show the "actual sales" price of the seven comparable vehicles used in Garner's State Farm total loss evaluation, if such information is available. State Farm contends that it should be allowed to discover this data as it is relevant for the appraisers to provide the parties and the Court with a valuation based on actual sales price, as required by the Court's Order. State Farm also contends that if the DMV cannot provide the actual sales data for these seven vehicles, that is compelling relevant evidence that Title 10 of the California Code of Regulations, § 2695.8(b)(2) (the Total Loss Regulation ("TLR")) was not in effect.

### II.     BACKGROUND

In its June 30, 2008 Order, the Court granted State Farm's motion to compel appraisal and for a stay and ordered an appraisal to be completed within sixty (60) days. (Docket 47 at p. 20.) In so holding, the Court instructed that the appraisers are to provide three alternative valuations:

> In light of the uncertainty of the applicability of the TLR, the parties must direct the appraisers to provide three alternative valuations: one based on the "asking price" of comparable vehicles and conducted in accordance with the TLR; *a second based on the "actual sale price" of comparable vehicles and conducted in accordance with the TLR"*; and a third based on whatever method the appraisers would have used prior to the adoption of the TLR to determine the "actual cash value" of Plaintiff's vehicle, as that term is used in the policy."

(*Id.* at pp. 20-21 (emphasis added).)

---

[1] Although State Farm has not yet done so, it intends to subpoena documents from the dealerships who sold the comparable vehicles that reflect the actual sales price of such vehicles. Thus, this issue is not limited to the DMV subpoena.

-2-     CASE NO. CV 08 1365 CW (EMC)

STATE FARM'S OBJECTION TO MAGISTRATE JUDGE CHEN'S ORDER RE MOTION FOR PROTECTIVE ORDER ON DMV SUBPOENA

1  The Court denied State Farm's accompanying motion to dismiss, but ordered that the
2  parties could conduct discovery on issues relating to the question of whether the TLR was
3  effective at the time State Farm adjusted plaintiff's total loss claim.  (Docket 47, p. 11.)  The
4  Court also ordered that, after the appraisal, State Farm could make a motion to dismiss or for
5  summary judgment on the ground that plaintiff has suffered no damage.  (*Id.* at 21.)
6  On June 30, 2008, State Farm had the California Department of Motor Vehicles
7  ("DMV") served with a subpoena for the production of documents.  (Docket 64, Exh. A )  The
8  subpoena asked for, among other documents, all documents "referring to, reflecting, containing
9  or otherwise showing the actual sales price, date of sale, and location of sale" for the comparable
10 vehicles contained in State Farm's valuation of plaintiff's total loss automobile.  (*Id.*)
11 On July 9, 2008, plaintiff filed a motion for protective order, asking the court to preclude
12 State Farm's discovery of the actual sales data on the ground that it was outside of the scope of
13 the Court's order of limited discovery.   (Docket 52.)  On July11, 2008, the Court referred
14 discovery matters in this case to Magistrate Judge Edward M. Chen.  After a hearing on July 23,
15 2008, Magistrate Judge Chen granted plaintiff's motion and held that State Farm could not
16 obtain documents from the DMV showing the actual sales data for Garner's comparable vehicles
17 because it was beyond the scope of this Court's envisaged discovery. (Docket 68.)

18                **III.    ARGUMENT**

19 State Farm believes that plaintiff's motion for a protective order seeking to preclude State
20 Farm from discovering actual sales price data from the DMV, if available, is improper and
21 should have been denied.  The Court has ordered that the appraisers provide three alternative
22 valuations for Garner's total loss vehicle, including a valuation based on the actual sales price of
23 comparable vehicles. (Docket 47.)   While the parties may try to obtain this information through
24 informal avenues, they should be allowed to subpoena this information from the DMV, if
25 available, and also from the dealerships that sold the comparable vehicles.  It makes no sense to
26 order the appraisers to provide a valuation based on actual sales price and yet to preclude the
27 parties from obtaining actual sales data needed for that valuation.
28

In addition, the information sought by State Farm is relevant to the issue of whether the DMV can make available the "actual sales" data on vehicles sold in California as would be required by the TLR if it were in effect.  State Farm has a good faith belief, based in part upon recent correspondence from the DMV to State Farm's vendor, Mitchell International, that the DMV does not collect and cannot provide actual sales price information.  Mitchell recently sent a letter to the DMV asking: "if there is any way for the DMV to provide Mitchell (or any other vendor) with the actual sales price for a particular vehicle in lieu of" price ranges based on Vehicle License Fee (VLF) class codes.  (Docket 64, Exh. A, Correspondence dated June 12, 2008.)  The DMV responded, stating that: "*Purchase price (or sale price) information from a dealership transaction is not captured during the vehicle registration process*.  Instead the VLF [Vehicle Licensing Fee] class code is used for tax liability purposes pursuant to Revenue and Taxation Code §§ 10751-10753. . . .  Unfortunately, the department cannot offer any vehicle sale data in lieu of the ranges."  (Docket 64, Exh. B, Correspondence dated July 3, 2008.)

While State Farm assumes that the DMV will provide documents responsive to the other categories contained in the subpoena, obtaining sales price information on the seven vehicles used in Garner's total loss evaluation will provide the parties with *specific* information regarding *specific* vehicles that can be compared against dealer sales price transaction data and other data to determine whether the DMV has the actual sales number.  All of this is highly relevant to the issue of whether the TLR has become effective against State Farm – an issue about which the Court agreed to allow the parties to conduct discovery.

State Farm should be allowed to discover what information, if any, the DMV has concerning the sales of these seven vehicles so it can ascertain (1) what data the DMV can or has made available, and (2) whether this data is "actual sales" data or something else.  State Farm therefore respectfully requests that the Court sustain its objection to the order of Magistrate Judge Chen granting plaintiff's motion for a protective order on subpoena issued by State Farm to the DMV to the extent that it prohibits State Farm from obtaining information from the DMV or others containing sales data for the seven vehicles used in Garner's evaluation.

### III. CONCLUSION

For the foregoing reasons, State Farm requests that the Court sustain its objection to Magistrate Judge Chen's July 25, 2008 Order granting in part Garner's motion for a protective order.

DATED: July 31, 2008          Respectfully submitted,

SEDGWICK, DETERT, MORAN & ARNOLD LLP


By: s/Laura L. Goodman
    Kevin J. Dunne
    Bruce D. Celebrezze
    Laura L Goodman
    Attorneys for Defendant
    STATE FARM MUTUAL AUTOMOBILE
    INSURANCE COMPANY