David M. Birka-White; (State Bar No. 85721)
dbw@birka-white.com
Stephen Oroza (State Bar No. 84681)
Thomas D. Hicks (State Bar No. 238545)
BIRKA-WHITE LAW OFFICES
744 Montgomery Street, Fourth Floor
San Francisco, CA 94111
Telephone: (415) 616-9999
Facsimile: (415) 616-9494

Attorneys for Plaintiff Arnesha Garner

(Additional counsel listed on signature page)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARNESHA M. GARNER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No. CV 08 1365 CW<br><br>**PLAINTIFF'S RESPONSE TO STATE FARM'S OBJECTION TO MAGISTRATE'S ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (FED. R. CIV. PROC. 72; LOCAL RULE 72-2)**<br><br>The Honorable Claudia Wilken |

Plaintiff's motion for a protective order was based solely on the assertion that the discovery sought by State Farm exceeded the scope of discovery permitted by the Court in its Order Denying Defendant's Motion To Dismiss And Granting Defendant's Motion To Compel Appraisal And Stay The Action entered on June 30, 2008 (the "Stay Order"). The order by Magistrate Judge Chen to which State Farm objects (the "Protective Order") was based solely upon his conclusion that the discovery exceeded the scope allowed by the Stay Order.

State Farm pleadings mostly address issues other than whether the challenged discovery exceeded the scope allowed by the Stay Order and are thus irrelevant to the propriety of the Protective Order. For example, State Farm argues that it should be permitted to subpoena sales

1  data (which almost certainly did not exist at the time of the loss) in aid of a contractual appraisal
2  provision.  Plaintiff believes that the lack of contemporaneous actual sales data is a common
3  occurrence and was contemplated by the draftsmen of Total Loss Regulation when it specified the
4  use of advertised prices.  Plaintiff will produce evidence on this issue when the issue is addressed
5  on its merits.  Plaintiff also believes that the use of a subpoena to obtain data is not consistent
6  with the contractual appraisal remedy invoked by State Farm.[1]

7  These issues are vitally important to this case on its merits.  Because Plaintiff's motion for
8  a protective order does not raise these issues and the propriety of the Protective Order does not
9  depend on them, these issues have not been fully briefed and the evidence relevant to these issues
10 has not been presented.  Accordingly, Plaintiff respectfully requests that the propriety of the
11 Protective Order be assessed in light of the rationale on which it was sought and granted and that
12 the determination of other issues raised by State Farm be undertaken in light of evidence and
13 argument appropriate to their importance.

Dated:  August 6, 2008                              BIRKA-WHITE LAW OFFICES


By:  _____/s/_____
        Stephen Oroza

---

[1] As the Court knows, Plaintiff believes that when State Farm chose to value the vehicle using advertised prices, it elected one of the two methods it was entitled to use under the Total Loss Regulation and the legality of its conduct must be measured by that election.  Accordingly, Plaintiff believes that the measure of damage in this case is the difference between the price calculated in accordance with the Total Loss Regulation and the price as actually calculated by State Farm.  The Court has stated, however, that Plaintiff must prove that if State Farm had used the actual sales price alternative, this alternative would have resulted in a higher value than State Farm's offer to Plaintiff.  While Plaintiff respectfully disagrees with this conclusion, Plaintiff believes that – even if this conclusion is accepted – the information which State Farm can rely on would have had to exist at the time it adjusted the loss.  Likewise, any value relied upon by its appraiser must be information available to appraisers in the ordinary course of business, *i.e.,* without the filing of litigation.

- 2 -
Plaintiff's Response To State Farm's Objection To Magistrate's Order - Case No. CV 08 1365 CW