David M. Birka-White; (State Bar No. 85721)
dbw@birka-white.com
Stephen Oroza (State Bar No. 84681)
BIRKA-WHITE LAW OFFICES
411 Hartz Avenue, Suite 200
Danville, CA 94526
Telephone: (925) 362-9999
Facsimile: (925) 362-9970

Attorneys for Plaintiff Arnesha Garner

(Additional counsel listed on signature page)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNESHA M. GARNER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No. CV 08-1365 CW<br><br>**DECLARATION OF LANCE COREN IN SUPPORT OF MOTION TO COMPEL AN EXCHANGE OF APPRAISERS' REPORTS PRIOR TO APPRAISAL HEARING**<br><br>**Judge:** Magistrate Judge Edward M. Chen<br>**Dept:** Courtroom C, 15th Floor<br>**Date:** October 15, 2008<br>**Time:** 10:30 a.m. |

I, LANCE COREN, declare:

1. I am an automobile appraiser with over thirty years of experience appraising automobiles. I hold an Expert Master Appraiser Type Designation from the International Automotive Appraisers Association (IAAA), the leading automotive appraisal association in the world, and a Master Expert Designation from the International Organization of Experts to The United Nations (ORDINEX). These expert designations are in Automotive Accident Impact Analysis and Automotive Appraisals. I am one of only six people in the world to attain these designations.

2. I also hold expert certifications for Material Damage Analysis from the Inter-Industry Conference of Auto Collision Repair (ICAR) and the National Institute for Automotive Service Excellence (ASE), an M.B.A. from Cal-Western University, a Certificate from the SAE/UCLA Traffic Institute and an expert auto appraisal registration with the United States Internal Revenue Service.

3. I am on the Advisory Board for the NADA Collector Car Appraisal Guides and the Black Book Value Guide.

4. I have testified as an expert vehicle appraisal in over fifty cases.

5. In addition, I have participated in hundreds of appraisals under insurance policies using the same three-appraiser system as is specified in State Farm policy at issue in this case.

6. In one hundred percent of the cases in which I have been involved, the parties have exchanged appraisal reports before appearing before the third appraiser.

7. I have been involved in a number of three-appraiser proceedings with Mr. Mitosinka similar to that involved in this case. Mr. Mitosinka is the only appraiser known to me who consistently resists pre-hearing exchanges of appraisal reports.

8. An appraiser cannot effectively assess or argue the merits of an appraisal which he sees for the first time at the time of the hearing. A prior exchange of reports is necessary to allow an appraiser to investigate and evaluate the information contained in the appraisal. For this reason, review of the appraisals before an appraisal hearing is essential to the appraisal process.

9. It is customary for appraisers to exchange reports at least two weeks in advance of appearing before the third appraiser.

10. I have been provided with a copy of the declaration filed by Dennis Mitosinka in connection with the instant motion. The three parties whom I contacted about Mr. Mitosinka's appraisal in that case denied that he had spoken with him. While there is great deal more I could say about this particular appraisal, I have been advised by Plaintiff's counsel that they do not intend to refute the claims made in his declaration because they do not believe they are significant in the context of the motion.

11. The foregoing facts are within my personal knowledge and, if called upon to do so,

1 I could and would testify competently thereto.
2 I declare under penalty of perjury that the forgoing is true and correct and that this
3 declaration was executed on October 8, 2008 at Los Angeles, California.

_____
Lance Coren