UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNESHA M. GARNER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendant. | CASE NO. CV 08 1365 CW (EMC)<br><br>**STIPULATED PROTECTIVE ORDER** |

1.  <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order ("Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in

-1-  CASE NO. CV 08 1365 CW (EMC)

1  Section 10, below, that this Order creates no entitlement to file confidential information under
2  seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the
3  standards that will be applied when a party seeks permission from the court to file material under
4  seal.

5  2.  DEFINITIONS

6      2.1  "Party" means any party to this action, including all of its officers, directors,
7  employees, consultants, agents, retained experts, and outside counsel (and their support staff).

8      2.2  "Material" means all items or information, regardless of the medium or manner
9  generated, stored, or maintained (including, among other things, testimony, transcripts, or
10  tangible things) that are produced or generated in disclosures or responses to discovery or in
11  response to subpoenas issued in this matter.

12      2.3  "Confidential Information" means information (regardless of how generated,
13  stored or maintained) or tangible things that qualify for protection under the standards developed
14  under F.R.Civ.P. 26(c).

15      2.4  "Highly Confidential – Outside Counsel Only" Information means extremely
16  sensitive "Confidential Information" whose disclosure to another Party or non-party would
17  create a substantial risk of serious injury that could not be avoided by less restrictive means.

18      2.5  "Receiving Party" means a Party that receives Material from a Producing Party.
19      2.6  "Producing Party" means a Party or non-party that produces Material in this
20  action.

21      2.7  "Designating Party" means a Party or non-party that designates Material as
22  "Confidential" or "Highly Confidential – Outside Counsel Only."

23      2.8  "Protected Material" means Material that is designated as "Confidential" or as
24  "Highly Confidential – Outside Counsel Only."

25      2.9  "Outside Counsel" means attorneys who are not employees of a Party but who are
26  retained to represent or advise a Party in this action.

27      2.10  "House Counsel" means attorneys who are employees of a Party.

28      2.11  "Counsel" (without qualifier) means Outside Counsel and House Counsel (as well

1  as their support staff).

2      2.12    "<u>Expert</u>" means a person with specialized knowledge or experience in a matter
3  pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert
4  witness or as a consultant in this action and who is not a past or a current employee of a Party or
5  of a competitor of a Party's and who, at the time of retention, is not anticipated to become an
6  employee of a Party or a competitor of a Party's.  This definition includes a professional jury or
7  trial consultant retained in connection with this litigation.

8      2.13   "<u>Professional Vendors</u>" means persons or entities that provide litigation support
9  services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;
10 organizing, storing, retrieving data in any form or medium; etc.) and their employees and
11 subcontractors.

12 3.    <u>SCOPE</u>

13     The protections conferred by this Order cover not only Protected Material (as defined
14 above), but also any information copied or extracted therefrom, as well as all copies, excerpts,
15 summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or
16 Counsel to or in court or in other settings that might reveal Protected Material.

17 4.    <u>DURATION</u>

18     Even after the termination of this litigation, the confidentiality obligations imposed by
19 this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court
20 order otherwise directs.

21 5.    <u>DESIGNATING PROTECTED MATERIAL</u>

22     5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party
23 or non-party that designates Material for protection under this Order must take care to limit any
24 such designation to specific material that qualifies under the appropriate standards.  A
25 Designating Party must take care to designate for protection only those parts of Material that
26 qualify – so that other portions of the Material, for which protection is not warranted are not
27 swept unjustifiably within the ambit of this Order.
28     Mass, indiscriminate, or routinized designations are prohibited.  If it comes to a Party's

1  or a non-party's attention that Material that it designated for protection does not qualify for
2  protection at all, or does not qualify for the level of protection initially asserted, that Party or
3  non-party must promptly notify all other parties that it is withdrawing the mistaken designation.
4      5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order
5  (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,
6  Material that qualifies for protection under this Order must be clearly so designated before the
7  Material is disclosed or produced.  Designation in conformity of this Order requires:
8          (a)    Information in Documentary Form (apart from transcripts of depositions
9  or other pretrial or trial proceedings):  The Producing Party shall affix the legend
10 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" at the top
11 of each page that contains protected material.  If only a portion or portions of the material on a
12 page qualifies for protection, the Producing Party also must clearly identify the protected
13 portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each
14 portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY
15 CONFIDENTIAL – OUTSIDE COUNSEL ONLY."  After the inspecting Party has identified
16 the Material it wants copied and produced, the Producing Party must determine which Material,
17 or portions thereof, qualify for protection under this Order, then, before producing the specified
18 Material, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or
19 "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY") at the top of each page that
20 contains Protected Material.  If only a portion or portions of the material on a page qualifies for
21 protection, the Producing Party also must clearly identify the protection portion(s), and must
22 specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or
23 "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY").
24         (b)    Testimony given in deposition or in other pretrial or trial proceedings:
25 The Party or non-party offering or sponsoring the testimony shall identify on the record, before
26 the close of the deposition, hearing, or other proceeding, all protected testimony, and further
27 specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – OUTSIDE
28 COUNSEL ONLY."  When it is impractical to identify separately each portion of testimony that

1   is entitled to protection, and when it appears that substantial portions of the testimony may

2   qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may

3   invoke on the record (before the deposition or proceeding is concluded) a right to have up to 10

4   days from receipt of the deposition transcript to identify the specific portions of the testimony as

5   to which protection is sought and to specify the level of protection being asserted

6   ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY").  Only

7   those portions of the testimony that are appropriately designated for protection within the 10

8   days shall be covered by the provisions of this Order.

9   　　　Transcript pages containing Protected Material must be separately bound by the court

10  reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

11  "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," as instructed by the Party or

12  non-party offering or sponsoring the witness or presenting the testimony.

13  　　　　　(c)　　Information produced in some form other than documentary, and for any

14  other tangible items:  The Producing Party shall affix in a prominent place on the exterior of the

15  container or containers in which the information or item is stored the legend "CONFIDENTIAL"

16  or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY."  If only portions of the

17  information or item warrant protection, the Producing Party, to the extent practicable, shall

18  identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as

19  "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY."

20  　　　5.3　　Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

21  designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

22  – OUTSIDE COUNSEL ONLY" does not, standing alone, waive the Designating Party's right to

23  secure protection under this Order for such material.  If Material is appropriately designated as

24  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" after the

25  Material was initially produced, the Receiving Party, on timely notification of the designation,

26  must make reasonable efforts to assure that the Material is treated in accordance with the

27  provisions of this Order.

28  6.　　CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly, including voice-to voice contact, with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated Material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis of the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3     Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation after considering  the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged Material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating party in the meet and confer dialogue.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only

1  to the categories of persons and under the conditions described in this Order.  When the litigation
2  has been terminated, a Receiving Party must comply with the provisions of section 11, below
3  (FINAL DISPOSITION).  Protected Material must be stored and maintained by a Receiving
4  Party at a location and in a secure manner that ensures that access is limited to the persons
5  authorized under this Order.

6       7.2     <u>Disclosure of "CONFIDENTIAL" Material</u>.  Unless otherwise ordered by the
7  court or permitted in writing by the Designating Party, a Receiving Party may disclose Material
8  designated "CONFIDENTIAL" only to:

9       (a)     the Receiving Party's Outside Counsel of record in this action, as well as
10  employees of said Counsel to whom it is reasonably necessary to disclose the information for
11  this litigation and who have signed the "Agreement toe Be Bound by Protective Order" attached
12  hereto as Exhibit A;

13       (b)     the officers, directors, and employees (including House Counsel) of the
14  Receiving Party to whom disclosure is reasonably necessary for this litigation and who have
15  signed the "Agreement to Be Bound by Protective Order" attached hereto as Exhibit A;

16       (c)     Experts (as defined in this Order) of the Receiving Party to whom
17  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be
18  Bound by Protective Order" attached hereto as Exhibit A;

19       (d)     the Court and its personnel;

20       (e)     court reporters, their staffs, and professional vendors to whom disclosure
21  is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by
22  Protective Order" attached hereto as Exhibit A;

23       (f)     during their deposition, witnesses in the action to whom disclosure is
24  reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"
25  attached hereto as Exhibit A.  Pages of transcribed deposition testimony or exhibits to
26  depositions that reveal Protected Material must be separately bound by the court reporter and
27  may not be disclosed to anyone except as permitted under this Order.

28       (g)     the author of the document or the original source of the Material.

1       7.3      <u>Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY"</u>

2 <u>Material</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating

3 Party, a Receiving Party may disclose Material designated "HIGHLY CONFIDENTIAL –

4 OUTSIDE COUNSEL ONLY" only to:

5       (a)      the Receiving Party's Outside Counsel of record in this action, as well as

6 employees of said Counsel to whom it is reasonably necessary to disclose the information for

7 this litigation and who have signed the "Agreement to Be Bound by Protective Order" attached

8 hereto as Exhibit A;

9       (b)      House Counsel of a Receiving Party (1) who has no involvement in

10 competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation,

11 and (3) who has signed the "Agreement to Be Bound by Protective Order" attached hereto as

12 Exhibit A;

13       (c)      Experts (as defined in this Order) (1) to whom disclosure is reasonably

14 necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective

15 Order attached hereto as Exhibit A;

16       (d)      the Court and its personnel;

17       (e)      court reporters, their staffs, and professional vendors to whom disclosure

18 is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

19 Protective Order" attached hereto as Exhibit A; and

20       (f)      the author of the Material or the original source of the information.

21 8.      <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER</u>

22       <u>LITIGATION</u>

23 If a Receiving Party is served with a subpoena or an order issued in other litigation that

24 would compel disclosure of any information or items designated in this action as

25 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," the

26 Receiving Party must so notify the Designating Party, in writing (by fax, if possible)

27 immediately and in no event more than three court days after receiving the subpoena or order.

28 Such notification must include a copy of the subpoena or court order.

1  The Receiving Party also must immediately inform in writing the Party who caused the
2  subpoena or order to issue in the other litigation that some or all the material covered by the
3  subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must
4  deliver a copy of this Order promptly to the Party in the other action that caused the subpoena or
5  order to issue.

6  The purpose of imposing these duties is to alert the interested parties to the existence of
7  this Order and to afford the Designating Party in this case an opportunity to try to protect its
8  confidentiality interests in the court from which the subpoena or order issued.  The Designating
9  Party shall bear the burdens and the expenses of seeking protection in that court of its Protected
10 Material – and nothing in these provisions should be construed as authorizing or encouraging a
11 receiving Party in this action to disobey a lawful directive from another court.

12 9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

13 If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
14 Material to any person or in any circumstance no authorized under this Order, the Receiving
15 Party must immediately (a) notify in writing the Designating Party of the unauthorized
16 disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the
17 person or persons to whom unauthorized disclosures were made of all the terms of this Order,
18 and (d) request such person or persons to execute the "Agreement to Be Bound by Protective
19 Order" attached hereto as Exhibit A.

20 10.   FILING PROTECTED MATERIAL

21 Without written permission from the Designating Party or a court order secured after
22 appropriate notice to all interested person, a Party may not file in the public record in this action
23 any Protected Material.  A Party that seeks to file under seal any Protected Material must comply
24 with Civil Local Rule 79-5.

25 11.   FINAL DISPOSITION

26 Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days
27 after the final termination of this action, each Receiving Party must return all Protected Material
28 to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies,

abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, discovery, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12.     MISCELLANEOUS

     12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

     12.2    Right to Assert Other Objections.  By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

| | | |
|---|---|---|
| 1 | DATED: September 18, 2008 | BIRKA-WHITE LAW OFFICES |
| 2 | | /s/ |
| 3 | | By: _____ |
| 4 | | David M. Birka-White<br>Attorneys for Plaintiff<br>ARNESHA GARNER |
| 6 | DATED: September 18, 2008 | BERDING & WEIL, LLP |
| 7 | | /s/ |
| 8 | | By: _____ |
| 9 | | Jeffrey B. Cereghino<br>Attorneys for Plaintiff<br>ARNESHA GARNER |
| 11 | DATED: September 18, 2008 | SEDGWICK, DETERT, MORAN & ARNOLD LLP |
| 13 | | /s/ |
| 14 | | By: _____ |
| 15 | | Kevin J. Dunne<br>Bruce D. Celebrezze<br>Laura L Goodman<br>Attorneys for Defendant<br>STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY |

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:__10/14/08_____   _____
HON. CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I., _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order ("Order") that was issued by the United States District Court for the Northern District of California on _____[date] in the case of *Arnesha M. Garner v. State Farm Mutual Automobile Insurance Company,* United States District Court, Northern District of California Case No. CV 08-1365 CW (EMC).  I agree to comply with and to be bound by all the terms of this Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions to his Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Date:_____

City and State where sworn and signed:_____

Printed name: _____

Signature:_____