UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ARNESHA M. GARNER,

        Plaintiff,

    v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

        Defendant.
_____/

No. C-08-1365 CW (EMC)

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**

**(Docket No. 97)**

Having considered the parties' briefs and accompanying submissions, the oral argument of counsel, and all other evidence of record, the Court hereby **DENIES** Plaintiff's motion to compel.

### I.    DISCUSSION

A.   <u>Documents in State Farm's Possession, Custody, or Control</u>

Ms. Garner contends that documents held by third parties Audatex and Mitchell are within the legal control of State Farm and therefore must be produced by State Farm. Ms. Garner, however, has offered no evidence which establishes that State Farm has either (1) the legal right to obtain documents from Audatex or Mitchell on demand (other than those documents specifically prepared for State Farm) or (2) the practical ability to obtain documents from either third party upon demand. *See Klesch & Co. v. Liberty Media Corp.*, 217 F.R.D. 517, 519 (D. Colo. 2003). For example, Ms. Garner has not offered any evidence that, pursuant to a contract or retainer agreement with State Farm, Audatex or Mitchell gave State Farm the right to obtain all documents from Audatex or Mitchell's files.

1    Accordingly, Ms. Garner's motion to compel documents held by Audatex and Mitchell is
2 denied.

B.  Documents in State Farm's Counsel's Possession

State Farm has represented that it has produced or withheld on the basis of privilege (as indicated in a privilege log) all responsive documents related to the PIFC litigation. In addition, State Farm has represented that, since the enactment of the regulation at issue in 2006, it has not been involved in any litigation in California regarding the regulation. Based on these representations, which State Farm has stated it would memorialize in a declaration submitted under penalty of perjury, the motion to compel document in State Farm's counsel's possession is also denied. The Court further notes that State Farm's counsel represented to the Court that it has either produced or included in a privilege log all responsive documents, even if they involve counsel. It is difficult to imagine that if other former counsel were involved, these names would not appear in any document within the direct possession of State Farm which were already produced or identified. Plaintiffs have not provided any evidence that documents from any former counsel are missing from the production.

State Farm shall provide a declaration to Ms. Garner within a week of the date of this order.

C.  Definition of Audatex, CCC, and Mitchell

Although this issue was not specifically raised in Ms. Garner's motion, the Court addresses it in the interest of moving the litigation forward. The Court notes, however, that had the parties engaged in a good faith meet and confer, this issue need not have been brought to the Court for judicial resolution. Both parties share responsibility for having failed to meet and confer adequately.

Because State Farm has represented that it has produced not only documents involving these parties, but also their agents or employees, the issue is moot. Accordingly, the Court denies the motion to compel with respect to the definition of Audatex, CCC, and Mitchell.

D.  State Farm's Request for Sanctions

State Farm's request for sanctions is denied. While all of the issues above should have been resolved through meet-and-confer discussions, neither party is blameless for the inadequacies of the discussions. The parties are forewarned that they risk being sanctioned should they fail to meet and

confer in good faith and comprehensively in the future. The parties are also forewarned that written meet-and-confer exchanges are not sufficient. There must be either an in-person meet and confer or a meet and confer by telephone, and, given that the parties are all represented by local counsel, the meet and confer should be in person rather than by telephone, absent a showing of good cause.

## II.   CONCLUSION

For the foregoing reasons, the motion to compel is denied.

This order disposes of Docket No. 97.

IT IS SO ORDERED.

Dated:  December 19, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge