**United States District Court**
For the Northern District of California

1

2

3

4

5                           UNITED STATES DISTRICT COURT

6                         NORTHERN DISTRICT OF CALIFORNIA

7

8    ARNESHA M. GARNER,                        No. C-08-1365 CW (EMC)

9              Plaintiff,

10        v.                                   **ORDER RE JOINT LETTER OF JULY**
                                               **27, 2009 AND LETTERS OF**
                                               **SEPTEMBER 30, OCTOBER 1, AND**
11   STATE FARM MUTUAL AUTOMOBILE              **OCTOBER 2, 2009**
     INSURANCE COMPANY,
12                                             **(Docket Nos. 85, 203, 205, 212)**
               Defendant.
13
     _____/
14

15

16        At issue before the Court is whether State Farm should be compelled to provide substantive

17   responses to interrogatories propounded by Ms. Garner.  The interrogatories concern the

18   methodology used by State Farm/Mitchell to value the putative class members' total loss vehicles.

19   State Farm's position is that, instead of providing substantive responses, it may simply make

20   reference to documents produced; alternatively, State Farm argues that the information can be

21   gleaned from depositions that have already taken place or that will be taking place.

22        A hearing was held on the parties' discovery dispute on October 5, 2009.  At the hearing, the

23   Court granted Ms. Garner's request for relief and ordered State Farm to provide substantive

24   responses to the interrogatories.

25        As to State Farm's first argument, it has failed to show that Rule 33(d) is applicable to the

26   situation at hand. *See* Fed. R. Civ. P. 33(d) (allowing a party to refer to documents in an

27   interrogatory response where the answer to the interrogatory may be determined by examining the

28   party's business records and where the burden of deriving the answer will be substantially the same

**United States District Court**

For the Northern District of California

1  for either party).  Rule 33(d) was not intended to cover situations where the full and proper response

2  to the interrogatory requires analysis, which State Farm itself characterizes as complex.  As for State

3  Farm's second argument, regardless of what J.D. Power may testify to in a deposition, Ms. Garner is

4  entitled to ask State Farm for its position.  The bottom line is that interrogatories have a function

5  separate from either document production or depositions, and the information sought here -- a

6  methodology and/or calculation -- is precisely that kind of information that is properly discoverable

7  by means of interrogatory, especially where as here the subject of the interrogatories at issue is

8  central to the case.  Simply put, Ms. Garner is entitled to know State Farm's position on key issues.

9         State Farm shall have three weeks to provide substantive interrogatory responses.

10        This order disposes of Docket Nos. 85, 203, 205, and 212.

11

12        IT IS SO ORDERED.

13

14  Dated:  October 6, 2009

15                                         _____

16                                         EDWARD M. CHEN
                                           United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28