UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNESHA M. GARNER, | No. C-08-1365 CW (EMC) |
| Plaintiff, | **CORRECTED ORDER RE JOINT LETTER OF JULY 27, 2009 AND LETTERS OF SEPTEMBER 30, OCTOBER 1, AND OCTOBER 2, 2009** |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | **(Docket Nos. 185, 203, 205, 212)** |
| Defendant. | Corrections made are in green highlight |

_____/

At issue before the Court is whether State Farm should be compelled to provide substantive responses to interrogatories propounded by Ms. Garner. The interrogatories concern the methodology used by State Farm/Mitchell to value the putative class members' total loss vehicles. State Farm's position is that, instead of providing substantive responses, it may simply make reference to documents produced; alternatively, State Farm argues that the information can be gleaned from depositions that have already taken place or that will be taking place.

A hearing was held on the parties' discovery dispute on October 5, 2009. At the hearing, the Court granted Ms. Garner's request for relief and ordered State Farm to provide substantive responses to the interrogatories.

As to State Farm's first argument, it has failed to show that Rule 33(d) is applicable to the situation at hand. *See* Fed. R. Civ. P. 33(d) (allowing a party to refer to documents in an interrogatory response where the answer to the interrogatory may be determined by examining the party's business records and where the burden of deriving the answer will be substantially the same

for either party). Rule 33(d) was not intended to cover situations where the full and proper response to the interrogatory requires analysis, which State Farm itself characterizes as complex. As for State Farm's second argument, regardless of what J.D. Power may testify to in a deposition, Ms. Garner is entitled to ask State Farm for its position. The bottom line is that interrogatories have a function separate from either document production or depositions, and the information sought here -- a methodology and/or calculation -- is precisely that kind of information that is properly discoverable by means of interrogatory, especially where as here the subject of the interrogatories at issue is central to the case. Simply put, Ms. Garner is entitled to know State Farm's position on key issues.

State Farm shall have three weeks to provide substantive interrogatory responses.

This order disposes of Docket Nos. 185, 203, 205, and 212.

IT IS SO ORDERED.

Dated: October 6, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge

2