IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ARNESHA M. GARNER, on behalf of herself and all others similarly situated,

    Plaintiff,

  v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al.,

    Defendants.
                                     /

No. C 08-01365 CW

ORDER ON PROPOSED ATTORNEYS' FEES AND REVISIONS TO NOTICE TO CLASS MEMBERS

On December 30, 2009, the parties filed motions for preliminary approval of the proposed class action settlement in this case. The Court has granted the parties' motions. This Order addresses the parties' proposal concerning Class Counsel's attorneys' fees and the Court's revisions to the parties' proposed notice to class members. The Settlement Agreement indicates the Class Counsel intends to seek attorneys' fees in an amount not to exceed thirty percent of the Gross Settlement Fund. The Court notes that twenty-five percent is the benchmark award for attorneys' fees, although this amount may be adjusted if necessary. See Staton v. Boeing Co., 327 F.3d 938, 968 (9th Cir. 2003); Nobles v. MBNA Corp., 2009 WL 1854965, at *3 (N.D. Cal.). If Plaintiff's attorneys intend to seek fees in excess of this amount, they should submit their "lodestar" numbers and provide further justification.

With regard to the proposed notice, the Court suggests that

the parties make the following revisions:

1.  On page one, the heading states that this is a notice for "State Farm California Policyholders Who Received a Vehicle Total Loss Payment from State Farm in 2007 or 2008." On page three, the answer to Question One states that class members received this notice because they "may have made a vehicle total loss claim with State Farm in 2007 or 2008 . . . ." These statements do not account for the certain "people who reside in or near San Diego and who received a vehicle total loss payment from State Farm between August 2006 and March 12, 2007," who are discussed in Question Four. The parties should revise the heading on page one and the answer to Question One to be consistent with the answer to Question Four.

2.  On page two, the parties should delete the asterisks following "Postmarked" and preceding "by" under the "Deadline" column. In the alternative, the parties could include a footnote explaining the asterisks.

3.  On page six, the answer to Question Fourteen provides the date of the Fairness Hearing. Although the Court has scheduled the hearing for April 15, 2010 at 2:00 p.m., this date could change. The parties should add the following sentence to the answer to Question Fourteen: "This date is subject to change. Class members should check the Court's calendar, located on the Court's website at www.cand.uscourts.gov, to confirm the date of the Fairness Hearing."

4.  On page seven, the parties shall delete "Court" between

1  "District" and "Judge," so that the line reads: "United
2  States District Judge."
3     IT IS SO ORDERED.

Dated: January 15, 2010

CLAUDIA WILKEN
United States District Judge