Robert J. Nelson (State Bar No. 132797)
Michael W. Sobol (State Bar No. 194857)
Roger Heller (State Bar No. 215348)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Telephone:     (415) 956-1000
Facsimile:      (415) 956-1008

David M. Birka-White; (State Bar No. 85721)
dbw@birka-white.com
BIRKA-WHITE LAW OFFICES
411 Hartz Avenue, Suite 200
Danville, CA  94526
Telephone:  (925) 362-9999
Facsimile:  (925) 362-9970

*Class Counsel*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNESHA M. GARNER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No.  CV 08 1365 CW<br><br>**ORDER GRANTING MOTION FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES** |

1    These matters come before the Court upon Class Counsel's Motion for Award of
2 Attorneys' Fees and Reimbursement of Expenses, filed on March 11, 2010.  Upon consideration
3 of the papers and arguments presented, the Court ORDERS as follows:
4    *Attorneys' Fees*
5    Class Counsel seek an award of $4,500,000 in attorneys' fees, or 30 percent of the
6 $15,000,000 non-reversionary, common Settlement fund created pursuant to the parties'
7 Settlement Agreement.
8    The Court finds that it is appropriate and fair to calculate Class Counsel's fee in
9 this case as a percentage of the common Settlement fund that their efforts helped to create.  *See,*
10 *e.g., Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043,
11 1047 (9th Cir. 2002); *Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th
12 Cir. 1990).
13    In the Ninth Circuit, 25 percent is the "benchmark" for determining the appropriate
14 fee award under the percentage of the fund method.  *See, e.g., Staton v. Boeing Co.*, 327 F.3d 938,
15 968 (9th Cir. 2003); *Vizcaino*, 290 F.3d at 1048.  That said, Ninth Circuit courts have consistently
16 recognized that a case by case analysis is required, and that a higher percentage fee award may be
17 justified by the circumstances of a case.  *See, e.g., Vizcaino*, 290 F.3d at 1048; *Knight v. Red*
18 *Door Salons, Inc.*, 2009 WL 248367, at *6 (N.D. Cal. Feb. 2, 2009).
19    A fee award of 30 percent is within the "usual range" of fee awards that Ninth
20 Circuit courts award in common fund cases.  *Vizcaino*, 290 F.3d at 1047; *see also In re Mego Fin.*
21 *Corp. Sec. Litig.*, 213 F.3d 454, 457, 460 (9th Cir. 2000); *In re Pacific Sec. Enterprises Litig.*, 47
22 F.3d 373, 379 (9th Cir. 1995); *Linney v. Cellular Alaska P'ship*, 1997 WL 450064, at * 7 (N.D.
23 Cal. Jul. 18, 1997), *aff'd*, 151 F.3d 1234 (9th Cir. 1998); *In re Activision Sec. Litig.*, 723 F.Supp.
24 1373, 1375 (N.D. Cal. 1989); *Knight*, 2009 WL 248367, at *7; *In re Heritage Bond Litig.*, 2005
25 WL 1594403, at *19 (C.D. Cal. Jun. 10, 2005).
26    The factors that Courts consider in determining whether a higher percentage fee
27 award is appropriate include: (1) the results achieved; (2) whether there are benefits to the class
28 beyond the immediate generation of a cash fund; (3) the risks of litigation; (4) the skill required of

counsel and quality of the work performed; (5) the contingent nature of the fee and the foregoing by counsel of other work; and (6) the reactions of the class. *See Vizcaino*, 290 F.3d at 1048-1050; *Knight*, 2009 WL 248367, at *5-7; *Chamberlan v. Ford Motor Co.*, 2005 WL 6154898, at *2-3 (N.D. Cal. Oct. 7, 2005). Applying these factors to the instant case, the Court finds that a 30 percent attorneys' fee award is justified in this case.

First, Class Counsel achieved outstanding monetary results for the Class members, particularly given the uncertainty regarding how damages would be measured in this case, even had Plaintiffs prevailed at trial. *See, e.g., In re Omnivision Techs., Inc.*, 559 F.Supp.2d 1036, 1046-47 (N.D. Cal. 2008).

Second, Class Counsel achieved important benefits beyond the creation of the Settlement fund, as State Farm has agreed that it will not use the "projected sold" and "age of ad" adjustments in valuing total loss vehicles in the future in California. This certainly will benefit Class members and other current and future insureds for the foreseeable future. *See Staton*, 327 F.3d at 974 (where class counsel achieve significant benefits that are not accounted for in the dollar value of the common settlement fund, the court "should consider the value of [such] relief as a 'relevant circumstance' in determining what percentage of the common fund class counsel should receive as attorneys' fees") (citing *Vizcaino*, 290 F.3d at 1049); *Linney*, 1997 WL 450064, at * 7.

Third, prosecuting this case required an extraordinary commitment of time, resources, and energy from Class Counsel, and the relief achieved simply would not have been possible but for the commitment and skill of Class Counsel. This case was wholly without precedent, raised numerous novel and complex issues of both law and fact, and required a considerable effort from Class Counsel simply to be in a position to file suit, let alone to litigate this case successfully. Additionally, Class Counsel displayed great skill in overcoming the numerous formidable challenges raised by State Farm. The skill and effort displayed by Class Counsel here further justifies a 30 percent fee award. *See Vizcaino*, 290 F.3d at 1048.

Fourth, Class Counsel prosecuted this case on a purely contingent basis, agreeing to advance all necessary expenses, knowing that they would only receive a fee if there were a

- 2 -     ORDER GRANTING MOTION FOR AWARD OF
ATTORNEYS' FEES AND EXPENSES
CASE NO. CV 08 1365 CW

recovery. Courts have long recognized that the public interest is served by rewarding attorneys who assume representation on a contingent basis with an enhanced fee to compensate them for the risk that they might be paid nothing at all for their work. *See In re Washington Public Power Supply System Sec. Litig.*, 19 F.3d 1291, 1299 (9th Cir. 1994); *Vizcaino*, 290 F.3d at 1050; *In re Omnivision*, 559 F.Supp.2d at 1047. Moreover, Class Counsel had to turn down opportunities to work on other cases in order to devote the appropriate amount of time, resources, and energy necessary to handle this complex and demanding matter, further supporting the requested fee award here. *See Vizcaino*, 290 F.3d at 1050; *In re Heritage Bond*, 2005 WL 1594389, at * 14.

Fifth, a single objection out of a sizeable class, after notice, further demonstrates the reasonableness and fairness of Class Counsels' request. *See In re Heritage Bond*, 2005 WL 1594389, at *15-16.

Finally, a lodestar-multiplier "cross-check" further supports the reasonableness of a 30 percent fee award here. Class Counsel effectively seek a multiplier of less than 2. This is well within the range of multipliers applied in common fund cases, and such a multiplier is justified under the circumstances of this case. *See Vizcaino*, 290 F.3d at 1051; *Kerr v. Screen Extras Guild, Inc*., 526 F.2d 67, 69 (9th Cir. 1975).

*Litigation Expenses*

Class Counsel seek reimbursement of $317,903.90 for litigation expenses they incurred in prosecuting this case. The Court finds that such expenses were reasonable and that the reimbursement of such expenses is appropriate.

//
//
//
//
//
//
//
//

Therefore, the Court hereby GRANTS Class Counsel's Motion for Award or Attorneys' Fees and Reimbursement of Expenses, and ORDERS as follows:

Class Counsel is awarded a total of $4,500,000 in attorneys' fees. Class Counsel is further awarded a total of $317,903.90 as reimbursement for their litigation expenses. Such awards shall be paid from the Gross Settlement Fund created pursuant to the parties' Settlement Agreement. Class Counsel shall distribute such awards among the counsel assisting in this case.

IT IS SO ORDERED.

Dated: April 22, 2010

Hon. Claudia Wilken
United States District Judge